**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY JEAN BROWN,<br><br>Plaintiff,<br><br>v.<br><br>CBS BROADCASTING INC., ET AL,<br><br>Defendants. | Case No. 25-cv-12209<br><br>Judge Martha M. Pacold |

## ORDER

For the reasons explained below, plaintiff Kimberly Jean Brown's motion for PACER access and waiver of transcript fees, [168], and amendment to plaintiff's motion for PACER access and waiver of transcript fees, [169], are denied. Plaintiff may order the transcripts but must pay the cost. The Clerk is directed to forward a copy of this order to the Seventh Circuit in connection with appellate case no. 26-3055.

## STATEMENT

Plaintiff's motions, [168], [169], address both PACER access and waiver of transcript fees.

As to PACER or CM/ECF access: Plaintiff originally requested an order restoring plaintiff's PACER / CM/ECF electronic access, [168], but then withdrew that request, stating that plaintiff had successfully regained access to PACER, [169]. Thus, any request for PACER or CM/ECF access has been withdrawn. In any event, any such request would not be properly presented in this case and must be addressed to the Executive Committee in Case No. 1:26-cv-01674, *In re: Kimberly J. Brown*.

As to waiver of transcript fees:

28 U.S.C. § 753(f) provides, as relevant: "Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is **not frivolous (but presents a substantial question)**." 28 U.S.C. § 753(f) (emphasis added). The court declines to make such a certification, as plaintiff's appeal is frivolous.

Plaintiff's docketing statement lists numerous issues that she is raising on appeal, but each of these arguments is frivolous; none articulates a nonfrivolous, colorable issue meriting review. [171] at 3-5.

As the court explained in denying plaintiff's postjudgment motion: Plaintiff "continues to frivolously argue she should have been allowed to attend court hearings telephonically or at least be given time to find counsel. [166]. The court has already rejected those arguments multiple times. *See, e.g.*, [136], [147], [152], [159], [161]. It even warned plaintiff that 'filing a further repetitive motion will lead to sanctions.' [152]. Instead of complying, plaintiff continued to ask for the same relief. [159]. Eventually, plaintiff's continued noncompliance led to dismissal, even though she had been given multiple chances to attend. [161]." [167].

Plaintiff's refusal to attend hearings in person, repeated frivolous filings, and failure to support her request for remote appearances with any evidence (other than mere assertions) required the court to devote considerable and inordinate time and attention to what should have been routine scheduling matters. *See, e.g.*, [136], [144], [147], [152], [159], [161]; *see also* [167]. Plaintiff's litigation conduct prevented the orderly and efficient disposition of this case, needlessly imposed costs on the numerous defendants in this case (both counseled and pro se), and unnecessarily drained judicial resources. *Cf. Channell v. Citicorp Nat. Servs., Inc.*, 89 F.3d 379, 386 (7th Cir. 1996); *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir. 1987).

Plaintiff's requests for waiver of transcript fees, [168], [169], are denied. Plaintiff may order the transcripts but must pay the cost. The Clerk is directed to forward a copy of this order to the Seventh Circuit in connection with appellate case no. 26-3055.

Dated: November 6, 2026 /s/ Martha M. Pacold

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ ANGEL MARTINEZ
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
November 9, 2026