**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| Defendants-Appellees. | ) | |

**APPELLANT'S EMERGENCY MOTION FOR EXTENSION OF TIME / STAY PENDING DISPOSITION OF DISTRICT COURT MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, MOTION FOR CERTIFICATION AND TRANSCRIPTS AT GOVERNMENT EXPENSE UNDER 28 U.S.C. § 753(f)**

NOW COMES Appellant Kimberly Jean Brown, proceeding pro se, and respectfully moves this Court for an extension of time (or a stay of appellate deadlines) to file the Transcript Information Sheet until fourteen (14) days following the District Court's ruling on Appellant's pending Motion for Reconsideration of the order denying transcript fees. In the alternative, pursuant to 28 U.S.C. § 753(f), Appellant respectfully petitions a Circuit Judge of this Court to certify that the appeal is not frivolous, presents substantial questions, and order that the transcripts of the July 23, 2026, and August 6, 2026 hearings be furnished at government expense. In support of this motion, Appellant states as follows:

## I. PROCEDURAL POSTURE & PENDING DISTRICT COURT MATTERS

**A. Procedural Posture:** Appellant is proceeding pro se and in forma pauperis on appeal from a final judgment of the Northern District of Illinois dismissing her action with prejudice under Fed. R. Civ. P. 41(b) and assessing monetary appearance sanctions.

**B. Current Transcript Deadline:** On October 20, 2026, this Court granted in part Appellant's motion for an extension of time, extending the deadline to file the Transcript Information Sheet to November 13, 2026 (Doc. 9).

**C. District Court Order [Dkt. 176]:** On November 6, 2026, District Judge Martha M. Pacold filed (entered November 8, 2026) an order denying Appellant's motion for transcripts at government expense under 28 U.S.C. § 753(f), concluding that the appeal is frivolous because the court had previously rejected Appellant's requests for remote appearances and time to retain counsel.

**D. Pending Motion for Reconsideration:** On November 9, 2026, Appellant timely submitted to the pro se electronic dropbox for the District Court ***Plaintiff's Motion For Reconsideration Of Order Denying Transcript Fee Waiver [Dkt. 176]***, establishing that the appeal raises substantial constitutional due process and Rule 41(b) issues. (Exhibit A). That motion remains pending before District Judge Pacold.

## II. GROUNDS FOR EXTENSION / STAY PENDING RECONSIDERATION

Appellant cannot complete the Seventh Circuit Transcript Information Sheet (Form F) while the financial arrangements remain unsettled. Form F requires a certification that financial arrangements with the court reporter have been made, which depends entirely on whether transcript fees are waived at public expense.

Because this Court previously denied Appellant's motion for CM/ECF electronic filing privileges (Doc. 10), Appellant is forced to file by paper mail or hand delivery. Repeatedly filing successive paper motions for extensions every two weeks while awaiting the resolution of transcript motions imposes an unsustainable burden on an indigent litigant.

Good cause exists to stay appellate deadlines or extend the Transcript Information Sheet deadline until fourteen (14) days after the District Court rules on the pending motion for reconsideration.

**III. ALTERNATIVE REQUEST UNDER 28 U.S.C. § 753(f) DIRECTED TO A CIRCUIT JUDGE**

In the alternative, should this Court determine not to await the District Court's reconsideration ruling, Appellant moves this Court and an individual Circuit Judge directly under 28 U.S.C. § 753(f) for certification and an order providing the transcripts at government expense.

A) **Statutory Authority:** 28 U.S.C. § 753(f) explicitly provides that fees for transcripts furnished to an indigent appellant shall be paid by the United States "if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)". Where a district judge declines to certify an appeal under § 753(f), a circuit judge has independent authority to issue the certification and order transcripts produced at public expense.

B) ***The Appeal Presents Substantial Questions and Is Not Frivolous:***

1) **Terminal Sanction in a Compressed 14-Day Window:** Between July 23, 2026, and August 6, 2026 *(a span of only 14 days)*, the District Court escalated warnings to a terminal dismissal with prejudice under Rule 41(b). During this precise 14-day period, Appellant was actively attempting to participate: she filed motions seeking accommodations for severe agoraphobia and communication impairments (Dkt. 135, 138), clarification regarding an administrative breakdown in conveying an accommodation ruling (Dkt. 145, 147), limited recruitment of counsel (Dkt. 151), a 90-day stay to retain private counsel (Dkt. 156). Moreover, Appellant was actively engaged in the case as demonstrated by her filing a substantive 12-page response brief opposing a motion to dismiss (Dkt. 160) the day before the imposition of the terminal sanction. **Whether imposing the terminal sanction of dismissal under Rule 41(b) under these circumstances constitutes an abuse of discretion presents a substantial question.**

2) **Sanctions for a Single Absence Violate Due Process:** Dismissal with prejudice and the assessment of $4,463 in defense appearance costs were imposed after Appellant was physically unable to appear at one single status conference (August 6, 2026). Imposing case-terminating and heavy financial sanctions against an indigent, pro se litigant acting in good faith without considering progressive sanctions (see Schilling v. Walworth Cnty. Park & Plan. Comm'n, 805 F.2d 272, 275 (7th Cir. 1986)) raises substantial constitutional questions under the Due Process Clause of the Fifth Amendment.

3) **Transcripts Are Essential to Resolve Disputed Factual Findings:**

   a) In terminating the case and denying postjudgment relief, the District Court found that Appellant had "twice declined" or refused to appear (Dkt. 161, 167). The official transcript of the July 23, 2026 hearing is indispensable because it will prove that Appellant did not decline the hearing, but dialed in and participated telephonically.

   b) Furthermore, because Appellant was physically absent on August 6, 2026, and prohibited from attending telephonically, the August 6 transcript is required to ascertain the "further reasons for dismissal ... stated on the record" (Dkt. 161). Without these transcripts, neither Appellant nor this Court can meaningfully review whether the District Court's factual predicates were clearly erroneous or an abuse of discretion.

**WHEREFORE,** Appellant Kimberly Jean Brown respectfully requests that this Court:

- GRANT this Motion and extend the deadline to file the Transcript Information Sheet (or stay appellate deadlines) until fourteen (14) days following the District Court's ruling on Appellant's pending Motion for Reconsideration; **OR, IN THE ALTERNATIVE,**

- CERTIFY pursuant to 28 U.S.C. § 753(f) that this appeal is not frivolous and presents substantial questions, and ORDER that the transcripts of the July 23, 2026, and August 6, 2026 proceedings be prepared and furnished at government expense;
- GRANT such further relief as this Court deems just and proper.

Dated: November 9, 2026

Respectfully submitted,

/s/ Kimberly Jean Brown
Kimberly Jean Brown, J.D.
Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
Phone: (773) 673-0324
Email: Kim@PrivacyGladiators.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 11, 2026, I submitted for filing the original of the foregoing *Appellant's Emergency Motion For Extension Of Time / Stay Pending Disposition Of District Court Motion For Reconsideration, Or In The Alternative, Motion For Certification And Transcripts At Government Expense Under 28 U.S.C. § 753(f)* with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by emailing the original to ca07_pro_se_filings@ca7.uscourts.gov.

I further certify that all counsel of record for Appellees are registered CM/ECF users and that service will be accomplished upon them by the Court's CM/ECF system pursuant to Fed. R. App. P. 25(c)(2) upon docketing by the Clerk. Additionally, counsel of record are copied on the email transmission to the Clerk.

/s/ Kimberly Jean Brown
Kimberly Jean Brown
Appellant, Pro Se

**APPENDIX**

**Exhibit A:** Plaintiff's Motion For Reconsideration Of Order Denying Transcript Fee Waiver [Dkt. 178 without Appendix

EXHIBIT A

FILED
11/09/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Case No: 1:25-CV-12209

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-12209 |
| | ) | |
| v. | ) | Judge Martha M. Pacold |
| | ) | |
| CBS BROADCASTING INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING TRANSCRIPT FEE WAIVER [DKT. 176]**

NOW COMES Plaintiff Kimberly Jean Brown, proceeding pro se, and respectfully moves this Court to reconsider its November 6, 2026 Order (Dkt. 176) denying Plaintiff's motion for transcripts at government expense under 28 U.S.C. § 753(f). In support of this Motion, Plaintiff states as follows:

## I. PROCEDURAL POSTURE

A) On October 2, 2026, Plaintiff moved for hearing transcripts at government expense (Dkt. 168/169) for the July 23, 2026, and August 6, 2026 proceedings in connection with Seventh Circuit Appeal No. 26-3055.

B) On November 6, 2026, the Court filed an Order (entered November 8, 2026) denying the motion (Dkt. 176). The Court declined to make the statutory certification under 28 U.S.C. § 753(f), concluding that Plaintiff's appeal is frivolous because the Court previously rejected Plaintiff's arguments regarding telephonic attendance and time to retain counsel, and dismissed the case for noncompliance and failure to appear in person.

C) Plaintiff respectfully submits this motion for reconsideration because the record establishes that Plaintiff's appeal presents substantial, non-frivolous constitutional and procedural questions under the Fifth Amendment's Due Process Clause and Federal Rule of Civil Procedure 41(b).

D) Plaintiff is contemporaneously filing into Appeal No. 26-3055, Appellant's Emergency Motion For Extension Of Time / Stay Pending Disposition Of District Court Motion For Reconsideration, Or In The Alternative, Motion For Certification And Transcripts At Government Expense Under 28 U.S.C. § 753(F). (Exhibit A).

**II. LEGAL STANDARD UNDER 28 U.S.C. § 753(f)**

Under 28 U.S.C. § 753(f), fees for transcripts furnished to persons permitted to appeal in forma pauperis shall be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

An appeal is not frivolous under § 753(f) if it presents a colorable, reasonably debatable legal or factual issue; it does not require a demonstration that the appellant will ultimately prevail on the merits. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Coppedge v. United States, 369 U.S. 438, 445 (1962).

**III. GROUNDS FOR RECONSIDERATION**

**A. The Core Dispositive Rulings Occurred in an Abbreviated 14-Day Window During Active Accommodation and Counsel Requests**

In declining to certify the appeal, the Court's November 6, 2026 Order cited a long sequence of orders ([136], [147], [152], [159], [161]) as evidence of "repeated frivolous filings" and continued defiance.

However, the docket reveals that this entire sequence took place in a compressed 14-day window between July 23, 2026 and August 6, 2026, during which Plaintiff was actively

endeavoring to solve an acute physical attendance barrier caused by severe agoraphobia and communication disability:

1) July 20, 2026 (Dkt. 135): Plaintiff moved to reschedule the initial status hearing while her formal accommodation request was pending with Court Services.
2) July 22, 2026 (Dkt. 136, 144): The Court denied a continuance and represented that Plaintiff's accommodations request had been resolved.
3) July 23, 2026 (Dkt. 147): The Court held the July 23rd status conference and noted Plaintiff joined by phone. The Court formally acknowledged an administrative breakdown: "it has come to the court's attention that while it resolved plaintiff's request for accommodations well in advance of yesterday's hearing, that information was not conveyed to plaintiff by the staff responsible for conveying that information. The court recognizes, and apologizes for, this miscommunication."
4) July 30, 2026 (Dkt. 151): Plaintiff promptly sought an alternative remedy—limited recruitment of counsel under 28 U.S.C. § 1915(e)(1) solely to appear in person, or remote access.
5) August 3, 2026 (Dkt. 152): The Court denied that motion, warned of cost sanctions and dismissal, and reasoned that Plaintiff was competent to litigate in person because she had successfully drafted written briefs.
6) August 4, 2026 (Dkt. 156/157): Rather than defying the Court, Plaintiff filed a sworn declaration and moved for a narrow 90-day stay so she could attempt to retain private counsel to appear in her stead.
7) August 5, 2026 (Dkt. 159): The Court denied the 90-day stay. Later, that same day, Plaintiff filed a 12-page response in opposition to a pending motion to dismiss (Dkt. 160).

8) August 6, 2026 (Dkt. 161/162): Exactly 14 days after the July 23 miscommunication order, the Court entered final judgment dismissing the case with prejudice and imposing $4,463 in appearance fees.

Whether compressing an escalating series of orders into a 14-day window—while a pro se litigant was actively seeking accommodations and time to retain counsel, and while contemporaneously filing substantive briefs—justifies the death penalty of dismissal under Rule 41(b) is a substantial, colorable appellate issue.

**B. Constitutional Due Process Prohibits Terminal and Monetary Sanctions for Missing a Single Hearing Under Good-Faith Disability Constraints**

Imposing the terminal sanction of dismissal with prejudice and assessing $4,463.00 in defense attorney appearance costs under Rule 41(b) for one single missed status conference violates fundamental principles of procedural due process.

Under Seventh Circuit law, dismissal with prejudice is a draconian sanction reserved strictly for a clear record of contumacious conduct or delay. Kasalo v. Harris & Harris, Ltd., 656 F.3d 557, 561 (7th Cir. 2011); Schilling v. Walworth Cnty. Park & Plan. Comm'n, 805 F.2d 272, 275 (7th Cir. 1986). An indigent litigant's good-faith physical inability to travel to the courthouse from her residence due to agoraphobia is not contumacious abandonment.

To impose punitive fee-shifting of thousands of dollars and dismiss an action with prejudice after one physical absence—while denying an interactive disability process and foreclosing even a brief 90-day stay to obtain retained counsel (see Potashnick v. Port City Constr. Co., 609 F.2d 1101, 1118 (5th Cir. 1980))—raises a substantial constitutional question under the Due Process Clause of the Fifth Amendment.

**C. Transcripts Are Required to Prove Plaintiff Actually Participated on July 23 and Rebut the Court's Factual Finding**

The Court’s terminating order [161] and postjudgment order [167] expressly stated that Plaintiff "**has now twice declined to attend an in-person hearing**" and had **"multiple chances to attend"**.

The July 23, 2026 transcript is indispensable to the appeal because it provides the verbatim proof that Plaintiff did not abandon or decline the hearing, but dialed into the telephonic bridge line and actively attempted to participate in good faith.

An appeal challenging a dismissal predicated on a clearly erroneous finding that the plaintiff "declined" to attend two hearings presents a substantial question. Denying the transcript deprives Plaintiff of the primary evidence necessary to demonstrate this factual error to the Seventh Circuit under Fed. R. App. P. 10.

**D. Lack of Notice and Due Process Regarding the August 6, 2026 Proceedings**

Because Plaintiff was physically unable to appear in person on August 6, 2026, and was previously admonished not to use the phone bridge line, Plaintiff was entirely excluded from the August 6 status conference. The Minute Entry [161] following the August 6 status conference specifically notes: **"Further reasons for dismissal were stated on the record."**

Without the August 6 transcript, Plaintiff has no record of what oral representations were made by the defense counsel present, what colloquy took place, or what findings the Court made from the bench. Due process guarantees an indigent appellant the right to inspect the verbatim record containing the "further reasons" that terminated her case.

**WHEREFORE,** Plaintiff Kimberly Jean Brown respectfully requests that this Court:

- Reconsider its November 6, 2026 Order (Dkt. 176);
- Certify that Appeal No. 26-3055 is not frivolous and presents substantial constitutional and procedural questions under 28 U.S.C. § 753(f);
- Direct that the transcripts of the July 23, 2026, and August 6, 2026 hearings be furnished at government expense; and
- Grant such further relief as this Court deems just and proper.

Dated: November 9, 2026

Respectfully submitted,

/s/ Kimberly Jean Brown
Kimberly Jean Brown, J.D.
Plaintiff, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
Phone: (773) 673-0324
Email: Kim@PrivacyGladiators.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2026, I submitted the foregoing **Plaintiff's Motion For Reconsideration Of Order Denying Transcript Fee Waiver [Dkt. 176]** to pro se electronic dropbox for the Clerk of Court for the Northern District of Illinois. I certify that all counsel of record for Defendants are registered CM/ECF users and that service will be accomplished electronically via the Court's CM/ECF system upon docketing.

/s/ Kimberly Jean Brown
Kimberly Jean Brown
Plaintiff, Pro Se

**APPENDIX**

**Exhibit A:** Appellant's Emergency Motion For Extension Of Time / Stay Pending Disposition Of District Court Motion For Reconsideration, Or In The Alternative, Motion For Certification And Transcripts At Government Expense Under 28 U.S.C. § 753(F)