**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | **Appellate Case No. 26-3055** |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**APPELLANT'S SUPPLEMENTAL APPENDIX B**

**VOLUME 1 OF 2**

(Pursuant to Federal Rule of Appellate Procedure 30 and Circuit Rule 30)

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

## TABLE OF CONTENTS / INDEX OF SUPPLEMENTAL APPENDIX B


| Tab No. | Docket No. | Date Filed / Entered | Description | Appendix Page |
|---|---|---|---|---|
| 1 | Dkt.110 | 07/01/2026 | Instanter Motion to Compel Compliance with Order Directing Service by the U.S. Marshals Service | SB-0004 |
| 2 | Dkt.111 | 07/01/2026 | Instanter Motion to Correct Docketing and Process Alterations (Instanter Motion to Direct the Clerk to File Submission as Originally Submitted) | SB-0011 |
| 3 | Dkt.123 | 07/08/2026 | Progress Report on Status of Service | SB-0043 |
| 4 | Dkt.135 | 07/20/2026 | Plaintiff's Opposed Motion to Reschedule Joint Status Hearing | SB-0052 |
| 5 | Dkt.136 | 07/22/2026 | Minute Order Denying Motion to Reschedule Hearing | SB-0055 |
| 6 | Dkt.138 | 07/22/2026 | Plaintiff's Motion for Telephonic Access to July 23, 2026 Status Hearing | SB-0057 |
| 7 | Dkt.140 | 07/22/2026 | Order Granting Discovery Stay for All Parties | SB-0060 |
| 8 | Dkt.143/144 | 07/22/2026 | Minute Orders Denying Plaintiff's Motion for Telephonic Access | SB-0065 |
| 9 | Dkt.145 | 07/22/2026 | Plaintiff's Motion for Clarification and Reconsideration of Order Denying Telephonic Access | SB-0067 |
| 10 | Dkt.147 | 07/23/2026 | Minute Order Acknowledging Staff Miscommunication Regarding Accommodation Determination | SB-0071 |
| 11 | Dkt.148 | 07/27/2026 | Minute Order Denying Motion for Reconsideration [145] | SB-0073 |
| 12 | Dkt.151 | 07/30/2026 | Plaintiff's Emergency Motion for Limited Recruitment of Counsel or Remote Appearance | SB-0075 |
| 13 | Dkt.152 | 08/03/2026 | Minute Order Denying Motion for Recruited Counsel / Remote Appearance | SB-0084 |

| | | | | |
|---|---|---|---|---|
| 14 | Dkt.153 | 07/31/2026 | Plaintiff's Motion to Reconsider or Narrow July 22, 2026 Order Staying Discovery | SB-0087 |
| 15 | Dkt.156/157 | 08/04/2026 | Plaintiff's Emergency Motion to Stay Proceedings for 90 Days to Allow Retention of Counsel and Supporting Declaration | SB-0105 |
| 16 | Dkt.158 | 08/05/2026 | Minute Order Denying Plaintiff's Motion for Reconsideration of Discovery Stay | SB-0117 |
| 17 | Dkt.159 | 08/05/2026 | Minute Order Denying Emergency Motion to Stay Proceedings | SB-0119 |
| 18 | Dkt.164 (164-1 to 164-4) | 08/14/2026 | Defendants' Joint Submission of Costs and Accompanying Declarations ($4,463.00) | SB-0121 |
| 19 | Dkt.165 | 08/19/2026 | Minute Entry Order Foreclosing Reduction of Appearance Fees | SB-0135 |
| 20 | Dkt.166 | 09/01/2026 | Plaintiff's Motion under Rule 59(e) / Rule 60(b) and Declaration | SB-0137 |
| 21 | Dkt. 168/169 | 10/02/2026 | Plaintiff's Motion to Waive Transcript Fees / Amendment | SB-0232 |
| 22 | Dkt.176 | 11/06/2026 | Memorandum Order Denying Transcript Fee Waiver under 28 U.S.C. § 753(f) | SB-0239 |
| 23 | Dkt.178 | 11/06/2026 | Plaintiff's Motion for Reconsideration of Order Denying Transcript Fee Waiver [Dkt.176] | SB-0242 |
| 24 | 7th Cir. Doc. 7 | 10/20/2026 | Appellant's Emergency Motion for Extension of Time to File Transcript Information Sheet | SB-0254 |
| 25 | 7th Cir. Doc. 8 | 10/20/2026 | Appellant's Motion for Permission to File Electronically | SB-0259 |
| 26 | 7th Cir. Doc. 9 | 10/20/2026 | Seventh Circuit Order Extending Transcript Sheet Deadline to November 13, 2026 | SB-0263 |
| 27 | 7th Cir. Doc. 10 | 10/22/2026 | Seventh Circuit Order Denying Electronic Filing Privileges | SB-0265 |

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**SUPPLEMENTAL APPENDIX B — TAB 1**

**DOCKET NO. 110**
FILED: JULY 1, 2026

PLAINTIFF'S INSTANTER MOTION TO COMPEL COMPLIANCE WITH ORDER DIRECTING SERVICE BY THE UNITED STATES MARSHALS SERVICE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
CASE NO. 1:25-CV-12209

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

BC

FILED
7/1/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MAM

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown,<br>Plaintiff, | \| | Case No. 1:25-cv-12209 |
| | \| | Judge Martha M. Pacold,<br>Presiding |
| v. | \| | |
| CBS Broadcasting Inc., et al.,<br>Defendants. | \| | Magistrate Judge Heather K.<br>McShain |

PLAINTIFF'S INSTANTER MOTION TO COMPEL COMPLIANCE WITH THE COURT'S ORDER DIRECTING SERVICE BY THE UNITED STATES MARSHALS SERVICE

Plaintiff Kimberly J. Brown respectfully moves for an Order directing the United States Marshals Service to promptly complete service of process on the remaining unserved defendants in accordance with the Court's prior Order authorizing service by the United States Marshals Service.

**I. Background**

1. Plaintiff was granted leave to proceed in forma pauperis ECF No. 29.

2. Pursuant to Federal Rule of Civil Procedure 4(c)(3), the Court directed the United States Marshals Service to effect service of process on Plaintiff's behalf. ECF No. 47.

3. Plaintiff timely completed and submitted all documents requested by the Clerk's Office and the United States Marshals Service necessary to accomplish service.

4. Despite the Court's Order, service has not been completed as to certain defendants. The following defendants have not been served:

1) Lila Goldston

2) Michael Greeby

3) Brian Lamb

4) Dorothy Tucker

5) Tony Wilkins

6) Erika Williams

7) Standing Oaks Venture Partners

5. Plaintiff has made repeated efforts to determine the status of service and to provide any additional information required. However, the United States Marshals Service has not responded to Plaintiff's numerous voicemails.

6. The failure to complete service has prevented this action from proceeding against all defendants and has unnecessarily delayed the litigation.

**II. Legal Standard**

Federal Rule of Civil Procedure 4(c)(3) provides that, when a plaintiff is authorized to proceed in forma pauperis, the Court must order that service be made by the United States Marshals Service or another person specially appointed by the Court.

Once such an order has been entered, an indigent plaintiff is generally entitled to rely upon the Marshals Service to complete service after providing the information reasonably necessary to identify the defendants.

**III. Argument**

Plaintiff has fulfilled all obligations required of her to facilitate service. To the extent service has not been completed, the delay is not attributable to Plaintiff.

Continued failure to execute the Court's Order deprives Plaintiff of the ability to prosecute her claims against the remaining defendants and unnecessarily delays resolution of this matter.

Accordingly, Plaintiff respectfully requests that the Court direct the United States Marshals Service to:

1. Immediately execute service upon each remaining unserved defendant;
2. Specify any additional information, if any, required to complete service; and,
3. File prompt returns of service or non-service explaining any unsuccessful attempts.

In addition, Plaintiff respectfully requests that the Court extend the deadline for service under Federal Rule of Civil Procedure 4(m) until the United States Marshals Service completes service.

**IV. Conclusion**

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order compelling compliance with its prior Order directing service by the United States Marshals Service and granting such other relief as justice requires.

Respectfully submitted,

Dated: July 1, 2026

Respectfully submitted,

By: /s/ Kimberly Jean Brown

Kimberly Jean Brown, JD
Plaintiff pro se
1026 E 46th St, Unit 2E, Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com

**CERTIFICATE OF SERVICE**

I certify that on July 1, 2026, I caused a true and correct copy of the foregoing to be uploaded to the Northern District of Illinois electronic dropbox for pro se litigants, which will serve all counsel of record via the Court's CM/ECF system once the submission is accepted and filed.

/s/ *Kimberly Jean Brown*
Kimberly Jean Brown

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown,<br>Plaintiff, | \| | Case No. 1:25-cv-12209 |
| | \| | Judge Martha M. Pacold, Presiding |
| v. | \| | |
| CBS Broadcasting Inc., et al.,<br>Defendants. | \| | Magistrate Judge Heather K. McShain |

PROPOSED ORDER

This matter having come before the Court on Plaintiff's Instanter Motion to Compel Compliance with the Court's Order Directing Service by the United States Marshals Service, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED:

1. The Motion is GRANTED.

2. The United States Marshall Service shall promptly complete service of process on all defendants for whom service remains outstanding pursuant to the Court's Order under Federal Rule of Civil Procedure 4(c)(3).

3. Within seven (7) days of the entry of this Order, the United States Marshals Service shall file either:

a. Executed returns of service for each remaining defendant;

b. Unexecuted returns identifying the efforts undertaken and the reasons service could not be completed; or

c. A status report identifying any additional information reasonably necessary to effect service.

4. The Court finds that Plaintiff has diligently complied with her obligations regarding service and that any delay in completing service by the United States Marshals Service shall not be attributed to Plaintiff.

5. To the extent necessary, the deadline for service under Federal Rule of Civil Procedure 4(m) is extended until the United States Marshals Service completes service in accordance with this Order.

6. Plaintiff shall promptly cooperate with any reasonable request for additional information necessary to facilitate service.

IT IS SO ORDERED.

Dated: ______________________

____________________________________________________________

Honorable Judge Heather K. McShain

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**SUPPLEMENTAL APPENDIX B — TAB 2**

**DOCKET NO. 111**
FILED: JULY 1, 2026

PLAINTIFF'S INSTANTER MOTION TO DIRECT THE CLERK OF THE COURT TO FILE PLAINTIFF'S SUBMISSION AS ORIGINALLY SUBMITTED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
CASE NO. 1:25-CV-12209

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

BC

FILED
7/1/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MAM

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kimberly Jean Brown,<br>Plaintiff, | \| | Case No. 1:25-cv-12209 |
| v. | \| | Judge Martha M. Pacold,<br>Presiding |
| CBS Broadcasting Inc., et al.,<br>Defendants. | \| | Magistrate Judge Heather K.<br>McShain |

**PLAINTIFF'S INSTANTER MOTION TO DIRECT THE CLERK TO FILE PLAINTIFF'S SUBMISSION AS ORIGINALLY SUBMITTED**

Plaintiff Kimberly Jean Brown respectfully moves the Court for an Order directing the Clerk to correct the docket by replacing the currently docketed version of Plaintiff's Opposition to CBS Broadcasting Inc.'s Motion to Dismiss with the documents exactly as Plaintiff submitted them. In support, Plaintiff states as follows:

## I. Background

A. On June 29, 2026, Plaintiff submitted through the Court's Pro Se Electronic Dropbox her Opposition to CBS Broadcasting Inc.'s Motion to Dismiss together with five separately prepared exhibits. Ex. 1 (screenshot of submission.)

B. Plaintiff intentionally submitted each exhibit as a separate PDF so that the Court and the parties could easily identify, navigate, and cite the supporting materials.

C. Rather than docketing the documents in the form submitted, the Clerk's Office merged the Response and all exhibits into a single seventy-four-page PDF, which was docketed as ECF No. 106.

D. Merging the exhibits into the principal filing substantially reduced their usability by eliminating the separate exhibit organization Plaintiff intentionally created, making it significantly more difficult for the Court and the parties to locate cited exhibits and supporting materials.

## II. The Docketed Filing Differs From Plaintiff's Submission

A. After reviewing ECF No. 106, Plaintiff compared:

1. the original PDF documents uploaded through the Pro Se Dropbox;
2. the Clerk's "Received" copy returned to Plaintiff by email before docketing; and,
3. the version ultimately docketed as ECF No. 106.

B. That comparison demonstrates that the three versions are not identical.

C. Plaintiff has presently identified differences affecting page 3 of Exhibit B, as originally submitted, which corresponds to page 52 of the merged filing. Specifically:

1. the original submitted exhibit contains a digital authentication timestamp (Ex. 2 at 3; Ex. 4 at Image 1);
2. the "Received" version returned by the Clerk contains a modified authentication stamp that no longer displays the date and time (Ex. 3 at 52, Ex. 4 at Image 3); and

3. the version ultimately docketed as ECF No. 106 omits the authentication timestamp entirely (ECF No. 106. No. 106 at 52; Ex. 4 at Image 2).

D. Thus, the docketed filing is not an exact reproduction of the documents Plaintiff submitted through the Pro Se Dropbox.

E. Plaintiff continues to review the filing to determine whether additional differences exist.

F. Although the differences identified thus far concern only a limited portion of the filing, the Court and the parties are entitled to rely upon the accuracy of the Court's docket. Plaintiff therefore seeks correction of the filing so that the docket accurately reflects the documents she submitted.

## III. Recent Filing Irregularities

A. The filing issue described herein occurred within days of other docketing irregularities affecting Plaintiff's submissions.

B. On June 29, 2026, Plaintiff discovered that an exhibit she submitted for this case had instead been docketed in Case No. 25-cv-5629 as doc. 83, requiring Plaintiff to prepare and file an instanter motion to correct the error. Ex. 5.

C. Plaintiff discussed the pro se submission docketing process with the Clerk's Office and was instructed that if she wished exhibits to be included as attachments to the principal filing, she should upload the principal document and exhibits separately within a single Pro Se Dropbox

submission. Plaintiff was also advised that if she submitted a single document in which the exhibits were merged with the principle filing, the exhibits would be filed with the principle filing, not included as separate attachments.

D. Plaintiff followed the Clerk's instructions when filing the June 29 instanter motion. Plaintiff submitted the exhibits and instanter motion as separate files in her Pro Se Dropbox submission. Ex. 6.

E. Nevertheless, rather than docketing the exhibits as attachments to the June 29 instanter motion, the Clerk docketed the motion and exhibits as separate docket entries. ECF No. 107, 108, 109.

F. Thus, within less than one week, Plaintiff has experienced three separate docketing issues affecting filings submitted through the Pro Se Dropbox:

1. an exhibit filed to the wrong case;
2. exhibits merged into the principal filing and that merged document containing at least one page that differs from Plaintiff's submission;
3. exhibits docketed as separate entries rather than attachments to the principal filing.

G. Plaintiff does not contend these events were intentional. However, repeated docketing irregularities create unnecessary motion practice, consume judicial resources, and interfere with maintaining an accurate record.

## IV. Court Intervention Is Necessary

A. Plaintiff proceeds without CM/ECF filing privileges and must rely entirely upon the Clerk's Office to accurately docket documents submitted through the Pro Se Dropbox.

B. Unlike registered CM/ECF users, Plaintiff cannot correct or replace an inaccurately docketed filing herself.

C. Consequently, Plaintiff has no practical means of ensuring the accuracy of the docket except through Court intervention.

D. Federal courts possess inherent authority to supervise and correct their own records to ensure that the docket accurately reflects the proceedings before the Court.

## V. Relief Requested

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Direct the Clerk to remove ECF No. 106;

2. Direct the Clerk to replace ECF No. 106 with the original PDF documents exactly as Plaintiff submitted them, preserving each exhibit as a separate attachment to the principal filing;

3. Alternatively, grant Plaintiff leave to re-submit the documents if the original Plaintiff submitted are no longer available;

4. Direct that the corrected filing relate back to the original filing date;

5. Direct the Clerk to preserve all files related to Plaintiff's submission, and the Clerk's merging and docketing the submission;

6. Request that the Clerk provide Plaintiff with written instructions describing the proper procedure for submitting exhibits through the Pro Se Dropbox so that they are docketed as attachments to the principal filing and docketed to the correct case; and

7. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Kimberly Jean Brown
Kimberly Jean Brown, JD
Plaintiff, Pro Se
1026 E. 46th St., Unit 2E
Chicago, Illinois 60653
773-673-0324
Kim@PrivacyGladiators.com

**EXHIBITS**

Ex. 1 – Screenshots of submission of CBS Response & exhibits to Pro Se Dropbox
Ex. 2 – True and exact copy of Ex. B in CBS Response uploaded to Pro Se Dropbox
Ex. 3 – True and exact copy of email and attachment (pp. 1, 52 only) from Clerk's Office which contained merged CBS response and exhibits. Received, but not filed
Ex. 4 – Images showing the alteration on p.52 of ECF No. 106 / p.3 of Ex. B
Ex. 5 - Instanter motion filed June 29, 2026
Ex. 6 – True and exact copy of email, without attachment, from Clerk's Office regarding submission of June 29, 2026 instanter motion
Ex. 7 – Proposed order

**CERTIFICATE OF SERVICE**

I certify that on July 1, 2026, I caused a true and correct copy of the foregoing Instanter Motion to be uploaded to the United States District Court for the Northern District of Illinois Pro Se Electronic Dropbox for filing and service on counsel of record through the Court's CM/ECF system upon acceptance by the Clerk.

Respectfully submitted,
/s/ Kimberly Jean Brown

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown,<br>Plaintiff, | \| | Case No. 1:25-cv-12209 |
| v. | \| | Judge Martha M. Pacold,<br>Presiding |
| CBS Broadcasting Inc., et al.,<br>Defendants. | \| | Magistrate Judge Heather K.<br>McShain |

# Ex. 1

to Plaintiff's Motion To Direct The Clerk To Correct The Docket And Replace An Improperly Merged And Altered Filing

## Screenshots of Plaintiff's submission of CBS response & exhibits to Pro Se Dropbox

Kimberly Jean Brown, JD
Plaintiff, pro se
1026 E. 46th St., Unit 2E
Chicago, Illinois 60653
773-673-0324
Kim@PrivacyGladiators.com

# Exhibit 1

to Plaintiff's Motion To Direct The Clerk To Correct

Image 1
Files uploaded to Pro Se Dropbox -
CBS Response and exhibits




Image 2
Confirmation



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown,<br>Plaintiff, | \| | Case No. 1:25-cv-12209 |
| | \| | Judge Martha M. Pacold,<br>Presiding |
| v. | \| | |
| CBS Broadcasting Inc., et al.,<br>Defendants. | \| | Magistrate Judge Heather K.<br>McShain |

# Ex. 2

to Plaintiff's Motion To Direct The Clerk To Correct The Docket And Replace An Improperly Merged And Altered Filing

## True and exact copy of Ex. B in CBS Response uploaded to Pro Se Dropbox

Kimberly Jean Brown, JD
Plaintiff, pro se
1026 E. 46th St., Unit 2E
Chicago, Illinois 60653
773-673-0324
Kim@PrivacyGladiators.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown,<br>Plaintiff, | \| | Case No. 1:25-cv-12209 |
| | \| | Judge Martha M. Pacold,<br>Presiding |
| v. | \| | |
| CBS Broadcasting Inc., et al.,<br>Defendants. | \| | Magistrate Judge Heather K.<br>McShain |

# EXHIBIT B

## for Opposition to CBS MTD

## Holiday Inn Matter Attorney's Maryland Disbarment

Kimberly Jean Brown, JD
Plaintiff, pro se
1026 E. 46th St., Unit 2E
Chicago, Illinois 60653
773-673-0324
Kim@PrivacyGladiators.com

| | | |
|---|---|---|
| | * | IN THE |
| ATTORNEY GRIEVANCE COMMISSION OF MARYLAND | * | SUPREME COURT |
| | * | OF MARYLAND |
| v. | * | AG No. 42 |
| CHARLES T. TUCKER, JR. | * | September Term, 2025 |

ORDER
(Corrected)

Upon consideration of the "Joint Petition for Disbarment by Consent" filed by the parties in the above-captioned case on June 16, 2026, in which, pursuant to Rule 19-736, the parties jointly petition this Court to disbar Respondent, Charles T. Tucker, Jr., from the practice of law in the State of Maryland and advise that Respondent agrees that his conduct as described in the joint petition violates Maryland Attorneys' Rules of Professional Conduct 19-301.1, 19-301.2, 19-301.3, 19-301.4, 19-301.5, 19-301.15, 19-301.16, 19-303.3, 19-308.1(b), 19-308.4(a), (c), and (d), and Maryland Rule 19-741, and that Respondent consents to disbarment as the appropriate disposition, it is this 17th day of June 2026,

ORDERED, by the Supreme Court of Maryland, that the Joint Petition for Disbarment by Consent is GRANTED, and that, effective immediately, Respondent, Charles T. Tucker, Jr., is disbarred from the practice of law in the State of Maryland for violation of Maryland Attorneys' Rules of Professional Conduct 19-301.1, 19-301.2, 19-301.3, 19-301.4, 19-301.5, 19-301.15, 19-301.16, 19-303.3, 19-308.1(b), 19-308.4(a), (c), and (d), and Maryland Rule 19-741; and it is further

ORDERED, that Respondent shall reimburse Petitioner for the costs associated with the above-captioned case in the amount of $2,972.40 within 60 days of the date of this Order; and it is further

ORDERED, that the Clerk of this Court shall provide notice of this Order in accordance with Maryland Rule 19-761.

/s/ Shirley M. Watts
Senior Justice

Pursuant to the Maryland Uniform Electronic Legal Materials Act (§§ 10-1601 et seq. of the State Government Article) this document is authentic.

Gregory Hilton, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| Kimberly Jean Brown,<br>Plaintiff, | Case No. 1:25-cv-12209 |
| v. | Judge Martha M. Pacold,<br>Presiding |
| CBS Broadcasting Inc., et al.,<br>Defendants. | Magistrate Judge Heather K.<br>McShain |

# Ex. 3

to Plaintiff's Motion To Direct The Clerk To Correct The Docket And Replace An Improperly Merged And Altered Filing

**True and exact copy of email and attachment (pp. 1, 52 only) from Clerk's office which contains merged CBS response and exhibits. Marked "Received", but not yet filed.**

Kimberly Jean Brown, JD
Plaintiff, pro se
1026 E. 46th St., Unit 2E
Chicago, Illinois 60653
773-673-0324
Kim@PrivacyGladiators.com

# 25-cv-12209

1 message

**Box-NoReply** <box-noreply@ilnd.uscourts.gov> Mon, Jun 29, 2026 at 4:00 PM
To: kim@privacygladiators.com <kim@privacygladiators.com>

Good afternoon,

Please find attached your document(s) with the court stamp validating receipt of your document(s). Please DO NOT reply to this email as it will not be answered. If you have any questions, please contact the Help Desk at 312-582-8727 or the Intake Desk at 312-435-5691.

---

**r_12209_opposition_stamped_6292026165839.pdf**
2.5 MB

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

RECEIVED
6/29/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Kimberly Jean Brown,<br>Plaintiff, | Case No. 1:25-cv-12209 |
| v. | Judge Martha M. Pacold,<br>Presiding |
| CBS Broadcasting Inc., et al.,<br>Defendants. | Magistrate Judge Heather K.<br>McShain |

**PLAINTIFF'S OPPOSITION TO**
**CBS BROADCASTING INC.'S MOTION TO DISMISS**

## INTRODUCTION

CBS seeks dismissal of every claim against it by reducing the allegations to two isolated events: a 2016 Chase meeting and a December 15, 2017 Daley Center encounter. But the Complaint alleges more than stray interactions. It alleges that CBS, through Dorothy Tucker Wilkins and utilization of CBS resources, participated in media staging, intimidation, and concealment conduct that helped lend credibility to false narratives, reputational injury, and suppression of detection within a broader scheme tied to the concealment and commercialization of the Legacy software. Compl. at 13, ¶ 34(G)(5).

CBS itself characterizes the Complaint as alleging that Tucker Wilkins used institutional resources to stage and record Plaintiff in non-public interactions and settings and to confer credibility to reputational and intimidation efforts. ECF No. 75 at 1-2; ECF No. 76 at 3, 4.

ORDERED, that Respondent shall reimburse Petitioner for the costs associated with the above-captioned case in the amount of $2,972.40 within 60 days of the date of this Order; and it is further

ORDERED, that the Clerk of this Court shall provide notice of this Order in accordance with Maryland Rule 19-761.

/s/ Shirley M. Watts
Senior Justice

Pursuant to the Maryland Uniform Electronic Legal Materials Act (§§ 10-1601 et seq. of the State Government Article) this document is authentic.

Gregory Hilton, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown, Plaintiff, | \| | Case No. 1:25-cv-12209 |
| | \| | Judge Martha M. Pacold, Presiding |
| v. | \| | |
| CBS Broadcasting Inc., et al., Defendants. | \| | Magistrate Judge Heather K. McShain |

# Ex. 4

to Plaintiff's Motion To Direct The Clerk To Correct The Docket And Replace An Improperly Merged And Altered Filing

## Images showing the alteration on p.52 of ECF No. 106 / p.3 of Ex. B

Kimberly Jean Brown, JD
Plaintiff, pro se
1026 E. 46th St., Unit 2E
Chicago, Illinois 60653
773-673-0324
Kim@PrivacyGladiators.com

# Exhibit 4

to Plaintiff's Motion To Direct The Clerk To Correct

## Image 1

P. 3 of Ex. B in my submission (Ex. 2). Authentication stamp is present.

2026,

ORDERED, by the Supreme Court of Maryland, that the Joint Petition for Disbarment by Consent is GRANTED, and that, effective immediately, Respondent, Charles T. Tucker, Jr., is disbarred from the practice of law in the State of Maryland for violation of Maryland Attorneys' Rules of Professional Conduct 19-301.1, 19-301.2, 19-301.3, 19-301.4, 19-301.5, 19-301.15, 19-301.16, 19-303.3, 19-308.1(b), 19-308.4(a), (c), and (d), and Maryland Rule 19-741; and it is further

---

ORDERED, that Respondent shall reimburse Petitioner for the costs associated with the above-captioned case in the amount of $2,972.40 within 60 days of the date of this Order; and it is further

ORDERED, that the Clerk of this Court shall provide notice of this Order in accordance with Maryland Rule 19-761.

/s/ Shirley M. Watts
Senior Justice

Pursuant to the Maryland Uniform Electronic Legal Materials Act (§§ 10-1601 et seq. of the State Government Article) this document is authentic.

2026.06.18
10:31:49 -04'00'

Gregory Hilton, Clerk

## Image 2

Same page within Clerk's merged document FILED as ECF No. 106 at 52. Authentication stamp missing entirely.

Disbarment by Consent is GRANTED, and that, effective immediately, Respondent, Charles T. Tucker, Jr., is disbarred from the practice of law in the State of Maryland for violation of Maryland Attorneys' Rules of Professional Conduct 19-301.1, 19-301.2, 19-301.3, 19-301.4, 19-301.5, 19-301.15, 19-301.16, 19-303.3, 19-308.1(b), 19-308.4(a), (c), and (d), and Maryland Rule 19-741; and it is further

Case: 1:25-cv-12209 Document #: 106 Filed: 06/29/26 Page 52 of 74 PageID #:1177

ORDERED, that Respondent shall reimburse Petitioner for the costs associated with the above-captioned case in the amount of $2,972.40 within 60 days of the date of this Order; and it is further

ORDERED, that the Clerk of this Court shall provide notice of this Order in accordance with Maryland Rule 19-761.

/s/ Shirley M. Watts
Senior Justice

Case: 1:25-cv-12209 Document #: 106 Filed: 06/29/26 Page 53 of 74 PageID #:1178

# Exhibit 4

to Plaintiff's Motion To Direct The Clerk To Correct

**Image 3**

Same page in Clerk's merged document stamped "Received" but yet filed (Ex. 3). Authentication stamp present but does not include date/time

2026,

ORDERED, by the Supreme Court of Maryland, that the Joint Petition for Disbarment by Consent is GRANTED, and that, effective immediately, Respondent, Charles T. Tucker, Jr., is disbarred from the practice of law in the State of Maryland for violation of Maryland Attorneys' Rules of Professional Conduct 19-301.1, 19-301.2, 19-301.3, 19-301.4, 19-301.5, 19-301.15, 19-301.16, 19-303.3, 19-308.1(b), 19-308.4(a), (c), and (d), and Maryland Rule 19-741; and it is further

ORDERED, that Respondent shall reimburse Petitioner for the costs associated with the above-captioned case in the amount of $2,972.40 within 60 days of the date of this Order; and it is further

ORDERED, that the Clerk of this Court shall provide notice of this Order in accordance with Maryland Rule 19-761.

/s/ Shirley M. Watts
Senior Justice

Pursuant to the Maryland Uniform Electronic Legal Materials Act (§§ 10-1601 et seq. of the State Government Article) this document is authentic

Gregory Hilton, Clerk



SB-0031

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown,<br>Plaintiff, | \| | Case No. 1:25-cv-12209 |
| | \| | Judge Martha M. Pacold,<br>Presiding |
| v. | \| | |
| CBS Broadcasting Inc., et al.,<br>Defendants. | \| | Magistrate Judge Heather K.<br>McShain |

# Ex. 5

to Plaintiff's Motion To Direct The Clerk To Correct The Docket And Replace An Improperly Merged And Altered Filing

## Instanter motion filed June 29, 2026

Kimberly Jean Brown, JD
Plaintiff, pro se
1026 E. 46th St., Unit 2E
Chicago, Illinois 60653
773-673-0324
Kim@PrivacyGladiators.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown,<br>Plaintiff, | \| | Case No. 1:25-cv-12209 |
| v. | \| | Judge Martha M. Pacold,<br>Presiding |
| CBS Broadcasting Inc., et al.,<br>Defendants. | \| | Magistrate Judge Heather K.<br>McShain |

**PLAINTIFF'S INSTANTER MOTION FOR LEAVE
TO FILE EXHIBITS FOR ECF NO. 104**

NOW COMES, Plaintiff, Kimberly Brown, appearing pro se, respectfully requesting leave to file the attached exhibits for ECF No. 104. In support of her motion, Plaintiff states:

**Submission to Pro Se Dropbox**

On June 25, 2026, Plaintiff submitted: a) Plaintiff's Response In Opposition To Defendants Cody Barbo And Daniel Goldstein's Motion To Stay Discovery ("Response"); and, b) Exhibit A to the Response. Images 1 and 2 below. The Response displayed the case caption on the cover page. Image 3. However, the cover of the accompanying Exhibit A did not. Image 4.

Image 1



## Pro Se Filer PDF Submissions

Electronic Filing Notification Option for Pro Se Litigants:
If you are a pro se litigant, you may choose to receive notices of electronic filings via email. To enroll, visit www.ilnd.uscourts.gov, navigate to the "Forms" section, and download the Appearance Form for Pro Se Litigants.

* Case Number

25-cv-12209

Is this a New Case or an Existing Case? If this is a New Case ,type "New Case" in the field, if this is an existing case, type the case number using this format in xx-CV-xxxxx or xx-CR-xxxxx format.

* Filing Party Name

Kimberly Brown

Name of Filing Party

* Email address

kim@privacygladiators.com

* Filing Party Mailing Address

Image 2



9:07 5G+ 7

exhibits should be attached to your individual document filing on an existing case. For new case filings, each pleading is to be uploaded individually.

Final responsev4.pdf
72 KB

Ex A stay exhibits.pdf
87.5 KB

Uploading

Final response... 100%

Ex A stay exhib... 100%

RECEIVED
6/25/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| Kimberly Jean Brown,<br>Plaintiff, | \| | Case No. 1:25-cv-12209 |
| v. | \| | Judge Martha M. Pacold,<br>Presiding |
| CBS Broadcasting Inc., et al.,<br>Defendants. | \| | Magistrate Judge Heather K.<br>McShain |

Image 3

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS CODY BARBO AND DANIEL GOLDSTEIN'S MOTION TO STAY DISCOVERY**

Plaintiff Kimberly Jean Brown respectfully opposes Defendants Cody Barbo and Daniel Goldstein's Motion to Stay Discovery pending rulings on the pending motions to dismiss.

**INTRODUCTION**

Defendants seek a blanket halt of all discovery based primarily on the existence of pending Rule 12 motions and generalized assertions that discovery in this case will be burdensome. ECF No. 101 at 1-6. That is not sufficient. A stay under Rule 26(c) requires good cause and a particularized showing of burden, not abstract references to complexity, overlap, or the possibility of dismissal.

1

RECEIVED
6/26/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Image 4

EXHIBIT A

Brown v. ServiceNow, No. 25-cv-5629,

Compl. at 83-99

Relevant excerpt regarding Barbo, Goldstein, Lamb, Huge Legal and TrustandWill.com *

*Barbo, Goldstein and Lamb were voluntarily dismissed from matter

25-cv-12209 | Exhibit filed June 25, 2026

Previously, the clerk's office instructed Plaintiff to merge the exhibits with the main document if she wants to file them as one document. Alternatively, to preserve the exhibits as separate documents filed as ancillary to the main document, submit the exhibits and the main document separately within one pro se submission form. Plaintiff chose the latter for this filing but was aware that ancillary exhibits required a formal case caption rather than the informal caption Plaintiff provided.

Although, Plaintiff's submitted pro se submission form (Image 1) designated that this case was the proper docket destination for both the Response and Exhibit A, the clerk's office filed the Response to the docket for this case, then filed Exhibit A to the docket for 25-cv-5629.[1] In addition, although both documents were submitted simultaneously using the same pro se submission form (Image 2), the clerk's stamp on the documents indicate two different receipt dates and the docket lists the filing date for both as June 26, 2026 instead of June 25, 2026.

Plaintiff requests the Court grant her leave to file Exhibit A as an exhibit to ECF No. 104. Plaintiff has not previously submitted Exhibit B (proposed order) and requests leave to file it as an exhibit to ECF No. 104 as well. Both exhibits are attached as Exhibit 1 hereto.

[1] The clerk's office previously instructed Plaintiff that separate pro se submission forms must be submitted if filings are intended for different case dockets.

**REQUESTED RELIEF**

Brown requests that the Court;

1) grant leave to file Exhibits A and B (attached hereto as Exhibit 1); and,

2) direct the clerk to file Exhibit A and Exhibit B as exhibits to ECF No. 104.

Dated: June 29, 2026

Respectfully submitted,

By: /s/ Kimberly Jean Brown

Kimberly Jean Brown, JD
Plaintiff pro se
1026 E 46th St, Unit 2E, Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com

**EXHIBITS**

1 – Exhibits A and B for ECF No. 104 (requesting leave to file)
2 – Proposed order for instanter motion

**CERTIFICATE OF SERVICE**

I certify that on June 29, 2026, I caused a true and correct copy of the foregoing to be uploaded to the Northern District of Illinois electronic dropbox for pro se litigants, which will serve all counsel of record via the Court's CM/ECF system once the submission is accepted and filed.

*/s/ Kimberly Jean Brown*
Kimberly Jean Brown

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown,<br>Plaintiff, | \| | Case No. 1:25-cv-12209 |
| | \| | Judge Martha M. Pacold,<br>Presiding |
| v. | \| | |
| CBS Broadcasting Inc., et al.,<br>Defendants. | \| | Magistrate Judge Heather K.<br>McShain |

# Ex. 6

to Plaintiff's Motion To Direct The Clerk To Correct The Docket And Replace An Improperly Merged And Altered Filing

## True and exact copy of email, without attachment, from Clerk's Office regarding submission of June 29, 2026 instanter motion

Kimberly Jean Brown, JD
Plaintiff, pro se
1026 E. 46th St., Unit 2E
Chicago, Illinois 60653
773-673-0324
Kim@PrivacyGladiators.com

## Stamped Copies

1 message

**Box-NoReply** <box-noreply@ilnd.uscourts.gov> Tue, Jun 30, 2026 at 8:46 AM
To: kim@privacygladiators.com <kim@privacygladiators.com>

Good morning,

Please find attached your document(s) with the court stamp validating receipt of your document(s). Please DO NOT reply to this email as it will not be answered. If you have any questions, please contact the Intake Desk at 312-435-5691.

**Electronic Filing Notification Option for Pro Se Litigants**

If you are a pro se litigant, you may choose to receive notices of electronic filings via email. To enroll, visit www.ilnd.uscourts.gov, navigate to the "Forms" section, and download the **Appearance Form for Pro Se Litigants** or click here to be directed to the webpage.

**3 attachments**

**R merged ex 2 to instanter motion_stamped_630202694228.pdf**
80 KB

**R merged ex 1 to instanter_stamped_63020269428.pdf**
197 KB

**R instanter_stamped_630202694145.pdf**
905 KB

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown,<br>Plaintiff, | \| | Case No. 1:25-cv-12209 |
| | \| | Judge Martha M. Pacold,<br>Presiding |
| v. | \| | |
| CBS Broadcasting Inc., et al.,<br>Defendants. | \| | Magistrate Judge Heather K.<br>McShain |

# Ex. 7

to Plaintiff's Motion To Direct The Clerk To Correct The Docket And Replace An Improperly Merged And Altered Filing

## Proposed Order

Kimberly Jean Brown, JD
Plaintiff, pro se
1026 E. 46th St., Unit 2E
Chicago, Illinois 60653
773-673-0324
Kim@PrivacyGladiators.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| Kimberly Jean Brown,<br>Plaintiff, | \| | Case No. 1:25-cv-12209 |
| v. | \| | Judge Martha M. Pacold,<br>Presiding |
| CBS Broadcasting Inc., et al.,<br>Defendants. | \| | Magistrate Judge Heather K.<br>McShain |

**PROPOSED ORDER**

This matter having come before the Court on Plaintiff's Instanter Motion To Direct The Clerk To File Plaintiff's Submission As Originally Submitted, and the Court being fully advised:

IT IS HEREBY ORDERED:

1. The Motion is GRANTED.

2. The Clerk is directed to remove ECF No. 106;

3. The Clerk is directed to replace ECF No. 106 with the original PDF documents exactly as Plaintiff submitted them, preserving each exhibit as a separate attachment to the principal filing;

4. Plaintiff has leave to re-submit the documents if the original uploaded files are no longer available;

5. The Clerk is directed to set the corrected filing date as the original filing date;

6. The Clerk is directed to preserve all files related to Plaintiff's submission, and the Clerk's merging and docketing of the submission; and,

7. The Clerk is directed to provide Plaintiff with written instructions describing the proper procedure for submitting exhibits through the Pro Se Dropbox so that they are docketed as attachments to the principal filing and docketed to the correct case.

Date: ________________

______________________________________________________

Honorable Judge Heather K. McShain

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**SUPPLEMENTAL APPENDIX B — TAB 3**

**DOCKET NO. 123**
FILED: JULY 8, 2026

PLAINTIFF'S PROGRESS REPORT REGARDING STATUS OF SERVICE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
CASE NO. 1:25-CV-12209

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

BC

FILED
7/8/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MPV

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown,<br>Plaintiff, | \| | Case No. 1:25-cv-12209 |
| | \| | Judge Martha M. Pacold,<br>Presiding |
| v. | \| | |
| CBS Broadcasting Inc., et al.,<br>Defendants. | \| | Magistrate Judge Heather K. McShain |

**PLAINTIFF'S PROGRESS REPORT REGARDING STATUS OF SERVICE**

Plaintiff Kimberly J. Brown respectfully submits this supplement in support of Plaintiff's Instanter Motion To Compel Compliance With The Court's Order Directing Service By The United States Marshals Service (ECF No. 110) and as a progress report regarding the status of service ordered by the Court (ECF No. 121).

**Status of Service Table**

Attached as **Exhibit A** is a table which identifies the status of service for each defendant. The table incorporates the items the United States Marshals Service has filed through July 7, 2026. Upon examination of the docketed filings, it appears as though the United States Marshals Service has not made any service attempts on any unserved defendant since June 1, 2026. The recent filings appear to be re-filing previously submitted information.

In addition, it appears as though no service attempt has been made on either Dorothy Tucker Wilkins or Lila Goldston. As the summons for both Defendants

Tucker and Goldston will soon be stale, Plaintiff has submitted alias summonses and USM-285 forms for both.

When filing this status report, and after drafting Exhibit A, Plaintiff received notice that the US Marshals Service attempted service on Brian Lamb in May 2026 at the address Plaintiff provided (ECF No. 118). However, Mr. Lamb is deceased.

Plaintiff is not certain that she attempted service on the correct Brian Lamb, she located several individuals with that name. If Defendants Goldstein or Barbo can confirm that Brian Lamb who worked at Huge Legal is deceased, Plaintiff extends her condolences and will file the appropriate motion notice or motion to dismiss him as a defendant. Alternatively, if Defendants Goldstein or Barbo have an address for the correct Brian Lamb, Plaintiff requests the Court compel them to provide that information.

**Requested Relief**

Plaintiff requests the following assistance from the Court:

1. **Lila Goldston** and **Dorothy Tucker Wilkins**: Instruct the Clerk to issue the alias summonses and forward them, along with the new USM-285 forms, to the US Marshals. Order the US Marshals to diligently attempt to serve the defendants.
2. **Michael Greeby**, **Tony Wilkins** and **Standing Oaks**: Alias summonses and new USM-285 were issued in June but service has not been attempted for the new USM-285s. Order the US Marshals to diligently attempt to serve the defendants.

3. **Erika Williams:** The address for this defendant is stale. Request US Marshals locate a valid service address for Erika Williams.
4. **Brian Lamb**: Compel confirmation from Goldstein or Barbo regarding whether the individual on whom service was attempted is the Brian Lamb who helped found Huge Legal. If he is not, compel Defendants Goldstein and Barbo to produce the address of the correct Brian Lamb.

## IV. Conclusion

WHEREFORE, Plaintiff respectfully requests that the Court accept this as a supplement in support of Plaintiff's Instanter Motion To Compel Compliance With The Court's Order Directing Service By The United States Marshals Service, ECF No. 110, and as the service progress report ordered in ECF No. 121.

Dated: July 8, 2026

Respectfully submitted,

By: /s/ Kimberly Jean Brown

Kimberly Jean Brown, JD
Plaintiff pro se
1026 E 46th St, Unit 2E, Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com

**CERTIFICATE OF SERVICE**

I certify that on July 8, 2026, I caused a true and correct copy of the foregoing to be uploaded to the Northern District of Illinois electronic dropbox for pro se litigants, which will serve all counsel of record via the Court's CM/ECF system once the submission is accepted and filed.

/s/ *Kimberly Jean Brown*
Kimberly Jean Brown

**Exhibit A**: Status of Service for Defendants

**Exhibit B:** Proposed Order

## Exhibit A – 25-cv-12209 Service History Summary (July 7, 2026)

| Defendant | Operative Summons (Prior Summonses) | USM-285 to Clerk | Service / Attempt | US Marshal Service Filings | Reason Service Failed / Result | Current Address for Re-Service | Note |
|---|---|---|---|---|---|---|---|
| Barbo, Cody | ECF 48 | April 2026 | May 2026 service | ECF 70 | | | |
| CBS Broadcasting Inc. | ECF 48 | April 2026 | May 2026 service | ECF 71 | | | |
| Goldstein, Daniel | ECF 48 | April 2026 | May 2026 service | ECF 69 | | | |
| Goldston, Lila | ECF 48 | April 2026 | No documented attempt | None | Unknown - No USMS return filed | 5201 S. Cornell Ave., Unit 25D, Chicago, IL | 6 |
| Greeby, Michael | ECF 98<br><br>(ECF 48) | June 2026<br><br>(April 2026) | May 2026 attempt ECF 54-1 (re-filed in July 115) | ECF 54-1; ECF 115 | Wrong Greeby served in May 2026; same form refiled (?) | 13928 S. Addison Trail, Homer Glen, IL 60491 | 2 |
| Grand Prix Printing LLC | ECF 48 | April 2026 | May 2026 service (re-filed in July) | ECF 68; ECF 117 | | | 1 |
| JP Morgan Chase | ECF 48 | April 2026 | May 2026 service | ECF 67 | | | |
| Lamb, Brian | ECF 48 | April 2026 | No documented attempt | None | Unknown - No USMS return filed | 7316 Woodhome Dr., Dallas, TX | 6 |
| Shannon, W. Kelly | ECF 48 | April 2026 | May 2026 service | ECF 55 | | | |
| Standing Oaks Venture Partners | ECF 97 (no prior summons) | June 2026<br><br>(April 2026) | May 2026 attempt w/o summons (re-filed in July) | ECF 54-2; ECF 114-2 | "Moved per building security"; form re-filed July(?) | 5008 S. Blackstone Ave., Chicago, IL 60615 | 5 |
| Techstars Central LLC | ECF 48 | April 2026 | May 2026 service | ECF 66 | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Tucker Wilkins, Dorothy | ECF 48 | April 2026 | No documented attempt | None | Unknown - No USMS return filed | 5008 S. Blackstone Ave., Chicago, | 6 |
| Vaske, Storm | ECF 48 | April 2026 | Served in May; re-filed USM in July | ECF 65; ECF 116 | | | 1 |
| Wilkins, Tony | ECF 96<br><br>(ECF 48) | June 2026<br><br>(April 2026) | Initial May attempt; July re-filing of May attempt | ECF 54; ECF 114 | "Moved per building security"; form re-filed July(?) | 5008 S. Blackstone Ave., Chicago | 4 |
| Williams, Erika | ECF 48 | April 2026 | Attempted June 1: Filed in July | ECF 114-1 | Defendant no longer works there | Need to identify new address | 3 |

## Notes

1. Storm Vaske and Grand Prix Printing LLC: Both defendants were served in May 2026. July USM filings (ECF 116 and ECF 117) appear to be later-filed USM-285s relating to the May service.

2. Michael Greeby: Plaintiff provided an incorrect address for defendant and wrong Michael Greeby was served. In June, Plaintiff submitted an alias summons with new address (ECF 98) and provided a new USM-285 (June 22). However, ECF 115 did not use the June replacement. ECF 115 appears to be a subsequent filing of the April form in ECF 54-1.

3. Erika Williams: The USMS return states service was attempted at a former employment location. A new address needs to be identified for this defendant.

4. Tony Wilkins: USM filings ECF 54 (May) and ECF 114 (July) reflect the same Merchandise Mart address and 'Moved per building security' notation. The July filing appears to re-document the May service effort. No attempt evident of new USM-285 submitted June 22.

5. Standing Oaks Venture Partners: No summons was issued for Standing Oaks before ECF 97. Plaintiff is unclear regarding what summons accompanied the service attempt ECF 54-2 / 114-2. Standing Oaks' summons was omitted from issuance in ECF 48 as Clerk determined Standing Oaks was not a defendant. Plaintiff provided Clerk with ECF 14 and 17 as evidence Standing Oaks is a defendant. Clerk (re-)added Standing Oaks to docket list and issued ECF 97 as first summons. Plaintiff submitted new USM-285 for service June 22. No attempt evident of the new USM-285 submitted

6. Dorothy Tucker Wilkins, Brian Lamb, and Lila Goldston: Plaintiff submitted USM-285s in April 2026 and summonses were issued in April 2026 (ECF 48), but the docket reflects no executed or unexecuted USMS returns for these defendants. The summonses for these defendants will soon be stale. Plaintiff is submitting alias summonses and USM-285s for each of these three defendants.

Ex. B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown,<br>Plaintiff, | \| | Case No. 1:25-cv-12209 |
| v. | \| | Judge Martha M. Pacold,<br>Presiding |
| CBS Broadcasting Inc., et al.,<br>Defendants. | \| | Magistrate Judge Heather K.<br>McShain |

**ORDER**

Before the Court is Plaintiff's Instanter Motion To Compel Compliance With The Court's Order Directing Service By The United States Marshals Service. It is hereby ordered:

1. The Clerk's Office is hereby instructed to expedite the issuance of the submitted alias summonses for Lila Goldston and Dorothy Tucker Wilkins and forward them, along with the submitted USM-285 forms, to the US Marshals Service.
2. The US Marshals Service is directed to confirm it has valid alias summonses and USM-285 forms, dated no earlier than June 22, 2026, for the following defendants at the following addresses:
    1. Lila Goldston, 5201 S. Cornell Ave., Unit 25 D, Chicago, IL 60615;
    2. Michael Greeby, 13928 S. Addison Trail, Homer Glen, IL 60491;

3. Standing Oaks Venture Partners, 5008 S. Blackstone Ave., Chicago, IL 60615;
4. Dorothy Tucker Wilkins, 5008 S. Blackstone Ave., Chicago, IL 60615;
5. Tony Wilkins, 5008 S. Blackstone Ave., Chicago, IL 60615; and,
6. Erika Williams, address to be determined.

The US Marshals Service shall contact Plaintiff if it does not have all required documentation.

3. The US Marshals Service is directed to diligently attempt to serve these defendants. The US Marshals Service shall file a monthly progress report on the status of service until all defendants are served.
4. The US Marshals Service is directed to use reasonable efforts available to it to identify a service address for Erika Williams.
5. Defendant Daniel Goldstein and Cody Barbo are compelled to confirm whether Brian Lamb who worked for Huge Legal is deceased. If he is not, Defendants Goldstein and Barbo are compelled to produce Brian Lamb's current address(es) if it is accessible.

It is so ordered.

Dated: ___________________

______________________________________________________________________

Hon. Heather K. McShain
United States Magistrate Judge

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**SUPPLEMENTAL APPENDIX B — TAB 4**

**DOCKET NO. 135**
FILED: JULY 20, 2026

PLAINTIFF'S OPPOSED MOTION TO RESCHEDULE JOINT STATUS HEARING

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
CASE NO. 1:25-CV-12209

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

BC

FILED
7/20/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MPV

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown,<br>Plaintiff, | \| | Case No. 1:25-cv-12209 |
| v. | \| | Judge Martha M. Pacold,<br>Presiding |
| CBS Broadcasting Inc., et al.,<br>Defendants. | \| | Magistrate Judge Heather K.<br>McShain |

**PLAINTIFF'S OPPOSED MOTION**

**TO RESCHEDULE JOINT STATUS HEARING**

Plaintiff respectfully moves to continue the in-person, initial joint status hearing currently scheduled for January 23, 2026 until a date on or after August 4, 2026. Attorneys Rael and Torosian have indicated opposition to rescheduling the hearing.

Plaintiff has submitted a request for a reasonable accommodation for the hearing. However, it is unlikely that Plaintiff will receive a response on her accommodation request in time for the scheduled hearing.

This request is made promptly upon learning of the conflict, in good faith, and not for the purpose of delay. Plaintiff respectfully requests that the Court continue the hearing to the next available date convenient to the Court that is on or after August 4, 2026, the date by which Plaintiff anticipates a response on her reasonable accommodation request.

Respectfully submitted,

/s/ Kimberly Jean Brown
Kimberly Jean Brown, JD.
Plaintiff, pro se
1026 E. 46th St, Unit 2E, Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com

**Certificate of Service**

I certify that on July 20, 2026, I caused a true and correct copy of the foregoing to be uploaded to the Northern District of Illinois electronic dropbox for pro se litigants, which will serve all counsel of record via the Court's CM/ECF system once the submission is accepted and filed.

*/s/ Kimberly Jean Brown*
Kimberly Jean Brown

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**SUPPLEMENTAL APPENDIX B — TAB 5**

**DOCKET NO. 136**
ENTERED: JULY 22, 2026

MINUTE ORDER DENYING MOTION TO RESCHEDULE JOINT STATUS HEARING

HON. MARTHA M. PACOLD
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
CASE NO. 1:25-CV-12209

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Kimberly Jean Brown, et al.
Plaintiff,
v.
CBS Broadcasting Inc, et al.
Defendant.

Case No.: 1:25−cv−12209
Honorable Martha M. Pacold

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, July 22, 2026:

MINUTE entry before the Honorable Martha M. Pacold: Plaintiff has requested a continuance of Thursday's (7/23/26) status hearing on the grounds of a pending request for accommodations. See [135]. That motion is denied, as the accommodations request has since been resolved and the hearing is necessary for case management given the number of parties and filings. The scheduled hearing, set for 7/23/26 at 10:30 a.m. in Courtroom 2325, see [126], stands. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**SUPPLEMENTAL APPENDIX B — TAB 6**

**DOCKET NO. 138**
FILED: JULY 22, 2026

PLAINTIFF’S MOTION FOR TELEPHONIC ACCESS TO THE JULY 23, 2026 STATUS HEARING

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
CASE NO. 1:25-CV-12209

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

BC

FILED
7/22/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MPV

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown,<br>Plaintiff, | \| | Case No. 1:25-cv-12209 |
| | \| | Judge Martha M. Pacold,<br>Presiding |
| v. | \| | |
| CBS Broadcasting Inc., et al.,<br>Defendants. | \| | Magistrate Judge Heather K.<br>McShain |

**PLAINTIFF'S MOTION FOR TELEPHONIC ACCESS**

**TO THE JULY 23, 2026 STATUS HEARING**

Plaintiff respectfully seeks leave of Court to participate telephonically in the status hearing on July 23, 2026 at 10:30 am. In support of this motion, Plaintiff states:

1) Plaintiff has a disability for which reasonable accommodation has previously been provided.

2) Because of her disability, Plaintiff is unable to participate in a meaningful way during an in-person status hearing. Plaintiff has filed a request for reasonable accommodation with ILND Court Services to attend status hearings for this matter virtually.

3) Plaintiff has not received a response to her accommodation request and does not anticipate receiving a response before August 3, 2026.

4) Plaintiff has been made aware of the possibility of telephonic access to the status hearing which would allow her to attend and participate in the status hearing.

WHEREFORE, Plaintiff seeks leave to appear telephonically to the July 23, 2026 status hearing, and such other relief as the Court deems appropriate.

Respectfully submitted,

/s/ Kimberly Jean Brown
Kimberly Jean Brown, JD.
Plaintiff, pro se
1026 E. 46th St, Unit 2E, Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com

**CERTIFICATE OF SERVICE**

I certify that on July 22, 2026, I submitted this document to the pro se dropbox and it will be served by CM/ECF on all counsel of record once filed.

.

/s/ Kimberly Jean Brown,

Plaintiff, pro se

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**SUPPLEMENTAL APPENDIX B — TAB 7**

**DOCKET NO. 140**
ENTERED: JULY 22, 2026

MEMORANDUM ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY FOR ALL PARTIES

HON. HEATHER K. MCSHAIN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
CASE NO. 1:25-CV-12209

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BROWN ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>CBS BROADCASTING INC ET AL.,<br><br>Defendants. | No. 25 CV 12209<br><br>District Judge Pacold<br><br>Magistrate Judge McShain |

**ORDER**

Before the Court is defendants Cody Barbo and Daniel Goldstein's motion to stay discovery pending the District Court's ruling on the motions to dismiss.[1] [101].[2] This case alleges, among other things, civil RICO claims against 15 defendants. [30] 35-38, ¶37. These defendants range from large publicly traded banks like JP Morgan Chase, to the news broadcaster CBS, to individual contractors. [*Id.*] 35–38. It appears that several of the defendants have yet to be served. [123]. Of the defendants who have been served, seven have now filed motions to dismiss. [75]; [82]; [94]; [112]; [132]; [133]. Of those motions, only one is fully briefed. [75]; [106]; [134].

First, as a preliminary matter, the Court grants plaintiffs' motion to attach Exhibits A and B instanter, [107], to her opposition to the motion to stay discovery, [104]. Exhibits A, [108], and B, [109], were considered when deciding this motion to stay discovery.

The mere filing of a dispositive motion does not automatically stay discovery. See, e.g., *Angelopoulos v. Keystone Orthopedic Specialists*, 2013 WL 12618346, at *1 (N.D. Ill. Aug. 6, 2013); *Syngenta Seeds, Inc. v. BTA Branded, Inc.*, 2007 WL 3256848,

[1] The Court notes that defendants did not include a certificate confirming compliance with Local Rule 37.2 as required by Judge McShain's standing order. Federal Rule of Civil Procedure 26(c)(1) also requires that a motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). However, given the fact that there are 17 other parties in this case, approximately half of whom have yet to appear, and that plaintiff did not object to defendants' failure to include such certificate, the Court exercises its discretion in controlling discovery and considers defendants' motion on the merits.
[2] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings.

at *2 (N.D. Ill. Nov. 1, 2007). There must be "good cause" for staying discovery and "[t]he party seeking a stay bears the burden of proving that the court should exercise its discretion in staying the case." *Robinson v. Walgreen Co.*, 2021 WL 2453069, at *1 (N.D. Ill. June 16, 2021). "In considering a motion to stay discovery, courts analyze and balance several competing interests, including: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Garrick v. Moody Bible Institute*, 2021 WL 5163287, at *3 (N.D. Ill. 2021) (citation modified). "These factors, although not necessarily binding, help provide guideposts for the exercise of discretion." *Id.* (citation modified). Further, courts in this district have acknowledged that "[s]tays of discovery are not disfavored and are often appropriate where the motion to dismiss can resolve the case[.]" *Bilal v. Wolf*, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007); *Calderon v. Procter & Gamble Co.*, No. 22-CV-3326, 2022 WL 20742696, at *2 (N.D. Ill. Oct. 6, 2022); *Clearview AI, Inc. Consumer Priv. Litig.*, 2021 WL 5862495, at *2 (N.D. Ill. Aug. 31, 2021) (Where the issues raised in a dispositive motion can resolve the case, "a small delay in discovery while awaiting adjudication of the motion is reasonable.). "Numerous cases in this circuit have even allowed stays in the face of a Rule 12(b)(6) challenge." *Bilal*, 2007 WL 1687253, at *1.

Regarding the first factor, defendants argue that this is plaintiffs' third attempt to litigate these claims and thus plaintiffs will not be prejudiced while the Court determines if this action is proper. [101] 4. Plaintiffs do not dispute this assertion but respond that defendants Cody Barbo and Daniel Goldstein were dismissed from those prior suits after plaintiffs were unable to obtain service on them. [104] 2-3. Plaintiffs argue they could be prejudiced by a stay because evidence may reside in dynamic locations and any delay increases the risk that relevant information becomes harder to identify and produce. [104] 7. But plaintiffs allege facts beginning over a decade ago, with the majority of factual claims taking place before 2019. [30] ¶23-36. Further, plaintiffs filed this lawsuit over nine months ago, [1], and have still not obtained service over all the defendants, [123]. It appears unlikely to this Court that an additional temporary stay while the District Court considers the motions to dismiss would unduly prejudice plaintiffs from obtaining evidence regarding actions that primarily took place nearly a decade ago.

Regarding the second factor, defendants explain that a stay in discovery will simplify the issues in this case. [101] 4–5. Depending on the District Court's ruling on the motions to dismiss, the case may be resolved for some, several, or even all of the 15 defendants. Defendants also explain that the current complaint often fails to specify which actions plaintiffs claim each defendant took. [*Id.*] 5. As such, even if the case were not fully dismissed, the clarity provided as to the claims and facts relevant to each party could greatly simplify any subsequent discovery.

As to the third factor, defendants explain that a stay in discovery until the motions to dismiss are decided could greatly reduce the burden of litigation because this case involves RICO claims, which require "big-case" discovery. [101] 5; *see Limestone Dev. Corp. v. Vill. of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008). Beyond the fact that plaintiffs are alleging RICO claims against 15 defendants, plaintiffs' complaint references events beginning 13 years ago and spanning a decade. [30] ¶23-36. It is the Court's view that discovery in this case, should it proceed against the defendants based on the current complaint, is likely to be very burdensome.

In response, plaintiffs argue that defendants have not shown good cause because they have failed to identify a "specific discovery request that is unduly burdensome," a "concrete collection problem," a "repository-specific burden," or an "actual cost estimate[.]" [104] 5. Plaintiffs argue that without that information, defendants have failed to meet the burden under Rule 26(c) of presenting a "particular and specific demonstration of fact." [104] 5. In support of the argument that defendants must present a "particular and specific demonstration of fact[,]" plaintiffs quote to *Patterson v. Avery Dennison Corp*, 281 F.3d 676 (7th Cir 2002). [104] 5. Plaintiffs provide no pincite for this apparent quote and, after reviewing that case, the Court did not find that quote. Further the case does not discuss stays of discovery or even Rule 26(c). Plaintiffs are reminded of their responsibility to verify any citations submitted in support of their arguments and risk imposition of sanctions should further misstated citations be submitted. However, the Court acknowledges that the standard identified by plaintiff, while not present in the case cited, is sometimes used by courts in this district when ruling on requests for protective orders under Rule 26(c). In the Court's view, this articulation of Rule 26(c)'s standard is primarily used when ruling on requests for protective orders that would presumably be permanent, not for orders that would only stay discovery until a dispositive motion is decided. *See e.g.*, *Flores v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, No. 14 CV 7905, 2015 WL 7293510, at *3 (N.D. Ill. Nov. 19, 2015) (protective order seeking to bar certain deposition questions); *Bell v. Woodward Governor Co.*, No. 03 C 50190, 2005 WL 8179366, at *3 (N.D. Ill. June 29, 2005) (protective order seeking to prohibit defendant's supervisors from attending class member depositions or confronting class members regarding depositions); *In re Broiler Chicken Antitrust Litig.,* No. 16 C 8637, 2026 WL 1724399, at *3 (N.D. Ill. June 15, 2026) (motion to quash a Rule 45 subpoena and direct any recipients of the subpoenaed materials to destroy such documents); *In re Loc. TV Advert. Antitrust Litig.*, No. 18 C 6785, 2026 WL 668252, at *2 (N.D. Ill. Mar. 10, 2026) (protective order seeking to limit topics in a Rule 30(b)(6) deposition). Regardless, even using the standard as articulated by plaintiffs, defendants have met their burden. They pointed to several specific facts that plaintiff did not dispute, including: (i) this is a RICO case, which means discovery is likely to be expansive; (ii) plaintiffs' complaint often fails to specify which of the 15 defendants committed which acts; (iii) the motions to dismiss raise threshold issues, including if this case, which is the third case filed by plaintiff related to these

underlying facts, is frivolous. [101] 3–6. Those facts, combined with the analysis above, are sufficient for the Court to enter a temporary stay of discovery.

Plaintiffs also argue, in the alternative, for the Court to stay some discovery but allow for targeted or phased discovery into things like "software and workflow development records[,]" and "development-related communications[.]" [104] 12. The Court declines to adopt plaintiffs' proposal. Allowing this type of discovery invites significant risk of needless disputes regarding whether requested discovery falls within the allowed or stayed discovery categories.

Accordingly, the Court finds that all three factors weigh in favor of granting a stay. While the motion to stay discovery was only filed by two of the defendants, the Court notes that of the eight defendants who have appeared, none of those parties have indicated any opposition to staying discovery. Further, the Court finds that this same analysis applies with equal force to all defendants in this case.

## Conclusion

For the reasons stated above, in the exercise of its "extremely broad discretion in controlling discovery," *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013), the Court grants defendants' motion, [101], and stays discovery for all parties pending a ruling from the District Judge on defendants' motions to dismiss.

Should any defendants other than Barbo or Goldstein wish to commence discovery while motions to dismiss are pending, they should meet and confer with plaintiffs and present a motion to lift the stay explaining with specificity what discovery they believe should go forward and why the Court's ruling herein is inapplicable.

Due to the sheer number of parties in this case and pending motions to dismiss, the Court will not set a follow up joint status report date regarding the issues referred to the Magistrate Judge and will instead set a tracking status hearing of 09/23/2026 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called).

Heather K. McShain

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: July 22, 2026**

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**SUPPLEMENTAL APPENDIX B — TAB 8**

**DOCKET NO. 144 (DUPLICATE NO. 143)**
ENTERED: JULY 22, 2026

MINUTE ORDERS DENYING PLAINTIFF'S MOTION FOR TELEPHONIC ACCESS [138] AND ORDERING IN-PERSON APPEARANCE

HON. MARTHA M. PACOLD
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
CASE NO. 1:25-CV-12209

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Kimberly Jean Brown, et al.
Plaintiff,
v.
Case No.: 1:25−cv−12209
Honorable Martha M. Pacold
CBS Broadcasting Inc, et al.
Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, July 22, 2026:

MINUTE entry before the Honorable Martha M. Pacold: Plaintiff's motion [138] for telephonic access is denied. See [136]. Plaintiff shall appear in person at the 7/23/2026 hearing. Mailed notice. (lxk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**SUPPLEMENTAL APPENDIX B — TAB 9**

**DOCKET NO. 145**
FILED: JULY 22, 2026

PLAINTIFF'S MOTION FOR CLARIFICATION REGARDING ECF NO. 136 AND MOTION FOR RECONSIDERATION OF ORDER DENYING TELEPHONIC ACCESS (ECF NO. 143)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
CASE NO. 1:25-CV-12209

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

BC

FILED
7/22/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MPV

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **KIMBERLY JEAN BROWN,** | ) | Case No. 1:25-cv-12209 |
| Plaintiff, | ) | |
| | ) | Judge Martha M. Pacold, Presiding |
| v. | ) | |
| | ) | Magistrate Judge Heather K. McShain |
| **CBS BROADCASTING INC., et al.,** | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR CLARIFICATION REGARDING ECF NO. 136 AND MOTION FOR RECONSIDERATION OF ORDER DENYING TELEPHONIC ACCESS (ECF NO. 143)**

Plaintiff, Kimberly Jean Brown, proceeding *pro se*, respectfully moves this Honorable Court for clarification of its Order dated July 22, 2026 (ECF No. 136), and for reconsideration of its Order dated July 22, 2026 (ECF No. 143), which denied Plaintiff telephonic access to the status hearing scheduled for July 23, 2026. In support of this Motion, Plaintiff respectfully states as follows:

**1. Clarification Regarding Accommodation Status (ECF No. 136):** In its Order dated July 22, 2026 (ECF No. 136), the Court noted that Plaintiff's request for reasonable accommodation had been resolved. However, Plaintiff has not received notification, or determination regarding her request for reasonable accommodation for her communication-related disability. Plaintiff respectfully seeks clarification regarding the status and disposition her  administrative request.

**2. Plaintiff's Desire and Barrier to Attend Hearing Due to Disability:** Plaintiff fully recognizes the importance of the status hearing scheduled for July 23, 2026, and earnestly desires to participate and comply with all instructions of the Court. However, as detailed in Plaintiff's motion (ECF No. 138) and in her formal submission to ILND Court Services, Plaintiff's disability severely impairs her ability to engage in in-person hearings and to travel to in-person court proceedings. Consequently, attending the hearing and participating in-person is not physically feasible for Plaintiff.

**3. Impact of Denying Remote Access (ECF No. 143):** On July 22, 2026, Plaintiff requested temporary telephonic access to the status hearing pending the administrative review of her accommodation request (ECF No. 138). The Court denied this request in ECF No. 143. Without telephonic or remote access, Plaintiff is unable to participate in the hearing, which effectively deprives her of meaningful access to the Court and an opportunity to be heard on matters affecting her case.

**4. Respectful Request for Reconsideration:** Plaintiff respectfully requests that the Court reconsider its Order (ECF No. 143) and grant temporary telephonic or remote access for the July 23, 2026 status hearing while Plaintiff's formal request for reasonable accommodation remains under review with ILND Court Services. Granting remote access will ensure equal access to justice without prejudicing any party or disrupting the Court's schedule.

**WHEREFORE**, Plaintiff Kimberly Jean Brown respectfully requests that this Honorable Court:

(a) Clarify the status of Plaintiff's reasonable accommodation request referenced in ECF No. 136; and

(b) Reconsider its Order (ECF No. 143) and permit Plaintiff to participate in the status hearing on July 23, 2026 via telephonic or remote access while her accommodation request remains pending.

Respectfully submitted,

**/s/ Kimberly Jean Brown**
Kimberly Jean Brown, JD
*Plaintiff, pro se*
1026 E. 46th St, Unit 2E, Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2026, I submitted the foregoing **Plaintiff's Motion for Clarification and Reconsideration** via the Court's pro se dropbox, and that service will be accomplished automatically upon filing via the Court's CM/ECF system to all counsel of record.

**/s/ Kimberly Jean Brown**
Kimberly Jean Brown, JD
*Plaintiff, pro se*

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**SUPPLEMENTAL APPENDIX B — TAB 10**

**DOCKET NO. 147**
ENTERED: JULY 23, 2026

MINUTE ORDER ACKNOWLEDGING ADMINISTRATIVE MISCOMMUNICATION REGARDING ACCOMMODATION RESOLUTION, DENYING RECONSIDERATION, RESETTING HEARING FOR AUGUST 6, 2026, AND ORDERING MANDATORY IN-PERSON ATTENDANCE

HON. MARTHA M. PACOLD
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
CASE NO. 1:25-CV-12209

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Kimberly Jean Brown, et al.
Plaintiff,
v.
CBS Broadcasting Inc, et al.
Defendant.

Case No.: 1:25–cv–12209
Honorable Martha M. Pacold

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, July 23, 2026:

MINUTE entry before the Honorable Martha M. Pacold: Status hearing held on 7/23/2026. Plaintiff appeared by phone in defiance of court orders, [136], [144]. Plaintiff's request for reconsideration regarding the court's denial of plaintiff#039;s request to appear remotely, filed after business hours the day before the hearing, is denied. Plaintiff, as the court made clear in two prior orders, [136]; [144], was expected to attend the hearing in person. The request for reconsideration was untimely and is accordingly denied. Status hearing reset for 8/6/2026 at 9:20 a.m. in Courtroom 2325. Having failed to participate in person at the status hearing, plaintiff is warned that failure to participate in the next status hearing may result in dismissal for failure to prosecute the case and/or failure to comply with court orders. The court does, however, wish to clarify its statements at yesterday's hearing. As noted above, multiple rulings, *see* [136] & [144], made clear to plaintiff that her attendance at the hearing was required. That said, it has come to the court's attention that while it resolved plaintiff's request for accommodations well in advance of yesterday's hearing, that information was not conveyed to plaintiff by the staff responsible for conveying that information. The court recognizes, and apologizes for, this miscommunication. Pursuant to the court's resolution of plaintiff's accommodations request, which should now have been sent to plaintiff via email, her in–person appearance at the 8/6/2026 hearing is mandatory. Mailed notice. (lxk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**SUPPLEMENTAL APPENDIX B — TAB 11**

**DOCKET NO. 148**
ENTERED: JULY 27, 2026

MINUTE ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [145]
PURSUANT TO DOCKET NO. 147

HON. MARTHA M. PACOLD
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
CASE NO. 1:25-CV-12209

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Kimberly Jean Brown, et al.
Plaintiff,
v.
CBS Broadcasting Inc, et al.
Defendant.

Case No.: 1:25−cv−12209
Honorable Martha M. Pacold

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, July 27, 2026:

MINUTE entry before the Honorable Martha M. Pacold: Pursuant to [147], plaintiff's motion [145] for reconsideration is denied. Mailed notice. (lxk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**SUPPLEMENTAL APPENDIX B — TAB 12**

**DOCKET NO. 151**
FILED: JULY 30, 2026

PLAINTIFF'S EMERGENCY MOTION TO PRESERVE ACCESS TO REQUIRED HEARINGS THROUGH LIMITED RECRUITMENT OF COUNSEL OR, IN THE ALTERNATIVE, REMOTE APPEARANCE AS A REASONABLE ACCOMMODATION

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
CASE NO. 1:25-CV-12209

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

BC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED MAM
7/30/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Kimberly Jean Brown,<br>Plaintiff, | Case No. 1:25-cv-12209 |
| v. | Judge Martha M. Pacold,<br>Presiding |
| CBS Broadcasting Inc., et al.,<br>Defendants. | Magistrate Judge Heather K.<br>McShain |

**PLAINTIFF'S EMERGENCY MOTION TO PRESERVE ACCESS TO REQUIRED HEARINGS THROUGH LIMITED RECRUITMENT OF COUNSEL OR, IN THE ALTERNATIVE, REMOTE APPEARANCE AS A REASONABLE ACCOMMODATION**

Plaintiff Kimberly Jean Brown, proceeding pro se and in forma pauperis, respectfully moves for emergency relief to prevent the loss of access to the Court based on disability-related inability to attend required in-person status hearings. Plaintiff seeks a narrow and practical remedy. Specifically, Plaintiff asks the Court either to recruit counsel for the limited purpose of appearing in person at status hearings Plaintiff cannot physically attend because of disability, or, in the alternative, to permit Plaintiff to appear remotely by telephone as a reasonable accommodation.



SB-0076

**Background**

This motion concerns a discrete access problem, not the merits of Plaintiff's claims. Plaintiff does not seek broad relief regarding the underlying case. Plaintiff seeks only a way to participate in required status hearings despite a disability that prevents in-person attendance.

In advance of the July 23, 2026 status hearing, Plaintiff informed the Court that she has a disability and requested accommodation in connection with in-person hearing attendance. ECF No. 135. Plaintiff also moved for telephonic access and explained that, because of disability, she could not meaningfully participate in person. ECF No. 138 (pp. 1, 2); On July 22, 2026, the Court denied Plaintiff's request to continue the hearing, stating that Plaintiff's accommodation request "has since been resolved" and that the hearing was necessary for case management. ECF No. 136 (pp. 1) Later that same day, the Court denied Plaintiff's motion for telephonic access and ordered Plaintiff to appear in person at the July 23 hearing. ECF No. 143 and 144 (pp. 1).

Plaintiff then filed a motion for clarification and reconsideration explaining that she had not received any notification or determination

regarding the disposition of her accommodation request[1], that her disability severely impaired her ability to engage in in-person hearings, and that without remote access she would be excluded from participating. ECF No. 145 (pp. 1, 2, 3).

As the motion was pending, Plaintiff called into the July 23, 2026 status hearing on the Court's posted telephonic access number. However, the Court acknowledged Plaintiff presence but denied Plaintiff's request to participate. The Court instructed Plaintiff that the Court might find Plaintiff in contempt if Plaintiff did not appear at the next status hearing in-person. The docket reflects that after the July 23, 2026 hearing, the Court continued the status hearing for August 6, 2026 at 9:20 a. The Court stated that Plaintiff's in-person appearance at that hearing is mandatory. ECF No. 147 (pp. 1).

**The Present Conflict Prevents Meaningful Access to the Court**

The present posture creates a direct conflict between Plaintiff's disability-based inability to attend in person and the Court's in-person appearance requirement. Unless relief is granted, Plaintiff faces case termination not because of unwillingness to participate, but because of

[1] ILND Court Services forwarded Plaintiff's reasonable accommodations request to the Court for the Court's decision. Plaintiff assumes that ECF No. 143 / 144 are denials of the formal accommodation request, in addition to denial of Plaintiff's ECF No. 138 motion. Plaintiff has not received information regarding why her accommodation request was denied.

inability to satisfy a physical attendance condition that disability prevents her from meeting.

Plaintiff respectfully submits that this presents a serious access-to-courts problem. A litigant should not lose the ability to be heard because disability makes compliance with a physical attendance requirement impossible. Where a hearing concerns case management and the litigant seeks to participate, an in-person requirement that operates to exclude the litigant altogether is not merely an administrative preference in practice. It becomes a barrier to participation.

This problem is especially acute because Plaintiff has repeatedly expressed a desire to attend and comply. Plaintiff has not refused participation. Plaintiff has sought a means of participation. The present obstacle is not unwillingness. It is the physical requirement itself.

**Remote Participation Is the Narrowest and Most Efficient Remedy**

The most efficient solution is to permit Plaintiff to participate remotely for the upcoming status hearing. Plaintiff previously requested telephonic access for the July 23 hearing precisely because remote participation would allow attendance and meaningful participation where in-person attendance would not. ECF No. 138 (pp. 1-2); ECF No. 145 (pp. 1,-3) Indeed, the docket

reflects that earlier in this case the Court set a telephone status hearing and provided call-in instructions (ECF No. 105), showing that remote participation is not foreign to the administration of this matter.

Plaintiff's request is limited. Plaintiff is not asking that all proceedings be conducted remotely, nor is Plaintiff asking the Court to alter the substantive rights of any party. Plaintiff asks only to be allowed to participate remotely in status hearings that Plaintiff otherwise cannot attend at all because of disability. That relief preserves the Court's ability to manage the case while also preserving Plaintiff's ability to be heard.

Granting remote access would not prejudice defendants. It would merely ensure that Plaintiff can participate in scheduled proceedings. It would not change deadlines, alter the merits, or impose any material litigation disadvantage on the opposing parties.

**Limited Recruitment of Counsel Is an Appropriate Alternative**

If the Court does not wish to permit Plaintiff to appear remotely, then the next narrowest remedy is limited recruitment of counsel under 28 U.S.C. § 1915(e)(1) for the discrete purpose of appearing in person at hearings Plaintiff cannot physically attend because of disability.

Limited-purpose recruitment is appropriate because the barrier here is practical and specific. Plaintiff can continue to prepare and submit written filings, but court-required in-person appearances present a separate obstacle that substantially impairs Plaintiff's ability to proceed without assistance. This is particularly true in a multi-defendant federal action involving numerous filings, multiple motions, and recurring case-management issues. Even if counsel were recruited only for hearings, that attorney could appear physically, respond to the Court's questions in real time, address scheduling and procedural matters, and ensure Plaintiff's position is presented despite Plaintiff's inability to attend in person.

Plaintiff has made efforts to obtain counsel but has been unable to secure representation sufficient to solve the immediate problem of mandatory in-person hearing attendance. Given Plaintiff's indigence, disability-related limitations, and the urgency created by the Court's present scheduling orders, limited court assistance is warranted if remote participation is not allowed.

**Interim Protection Is Necessary**

Plaintiff also respectfully requests interim protection against dismissal, sanctions, waiver, or other adverse consequences based solely on inability to appear in person while this motion is pending or until the Court establishes an

accessible means of participation. Without such protection, the issue becomes self-defeating: Plaintiff remains unable to attend in person because of disability while simultaneously facing case-dispositive consequences for that same inability.

The Court has stated that the hearing is necessary for case management. ECF No. 136 (p. 1) That importance weighs in favor of ensuring Plaintiff can participate in some meaningful way, not in favor of excluding Plaintiff entirely. Emergency relief is therefore warranted to preserve Plaintiff's access to further proceedings and to prevent disability from becoming the basis for loss of participation in this case.

**Conclusion**

For these reasons, Plaintiff respectfully requests that the Court enter an order recruiting counsel under 28 U.S.C. § 1915(e)(1) for the limited purpose of appearing in person at status hearings Plaintiff cannot physically attend because of disability, or, in the alternative, permitting Plaintiff to appear remotely by telephone as a reasonable accommodation. Plaintiff further requests that no dismissal, default, waiver, sanction, or other adverse consequence be imposed based solely on Plaintiff's inability to appear in person while this motion is pending or until the Court establishes an accessible

means of participation, and that the Court grant such other and further relief as it deems just and proper.

Respectfully submitted,

/s/ Kimberly Jean Brown
Kimberly Jean Brown, JD
Plaintiff, pro se
1026 E. 46th St, Unit 2E, Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com

**CERTIFICATE OF SERVICE**

I certify that on July 30, 2026, I submitted this Motion to the pro se dropbox and it will be served by CM/ECF on all counsel of record once filed.

.

/s/ Kimberly Jean Brown

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**SUPPLEMENTAL APPENDIX B — TAB 13**

**DOCKET NO. 152**
ENTERED: AUGUST 3, 2026

MINUTE ORDER DENYING PLAINTIFF'S MOTION FOR RECRUITMENT OF COUNSEL AND/OR REMOTE APPEARANCE [151] AND WARNING OF COST SANCTIONS AND DISMISSAL

HON. MARTHA M. PACOLD
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
CASE NO. 1:25-CV-12209

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Kimberly Jean Brown, et al.

Plaintiff,

v.

Case No.: 1:25−cv−12209
Honorable Martha M. Pacold

CBS Broadcasting Inc, et al.

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, August 3, 2026:

MINUTE entry before the Honorable Martha M. Pacold: Plaintiff's motion [151] for recruitment of counsel and/or to appear remotely is denied. Plaintiff has already submitted and has been denied an accommodations request for remote access. The arguments plaintiff raises have not changed, so the result does not either−−plaintiff's request is denied. *See, e.g.*, [136]; [147]. Plaintiff is also warned that filing a further repetitive motion will lead to sanctions. *See Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009). Plaintiff's request for the appointment of counsel is denied. There is no right to counsel in civil cases. *Watts v. Kidman*, 42 F.4th 755, 760 (7th Cir. 2022). In deciding whether to recruit counsel, the Court must determine whether (1) the plaintiff has made a reasonable attempt to obtain counsel on her own or has been effectively precluded from doing so; and if so, (2) given the difficulty of the case, the plaintiff appears competent to litigate it herself. *Id.* (citing *Pruitt v. Mote*, 503 F.3d 647, 65455 (7th Cir. 2007)). Because recruited counsel is a limited resource, the court may also consider the importance and likely merits of the party9;s claims. *Id.* at 763. Plaintiff did not, in the instant motion, describe any efforts to retain counsel (though she did assert that she had). But regardless, plaintiff is a licensed attorney. Moreover, at this stage plaintiff has successfully filed a complaint and several responses to pending motions to dismiss. Plaintiff thus appears competent to litigate for herself. Plaintiff's argument to the contrary−−that she has a disability that makes telephonic hearings possible but not in−person hearings−−is unsubstantiated by evidence and entirely conclusory. The court therefore finds it does not affect plaintiff's competence to litigate for herself. Accordingly, plaintiff's motion [151] is denied. Plaintiff is warned that in−person attendance at the upcoming 8/6/2026 hearing, *see* [147], is mandatory. Disagreement with a court order is not a basis to disregard it. If plaintiff does not appear she will be fined the costs defendants incur by attending, and her suit may be involuntarily dismissed for the failure to follow court orders. Fed. R. Civ. P. 41(b); *Salmeron*, 579 F.3d at 793. Mailed notice. (lxk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**SUPPLEMENTAL APPENDIX B — TAB 14**

**DOCKET NO. 153**
FILED: JULY 31, 2026

PLAINTIFF KIMBERLY BROWN'S MOTION TO RECONSIDER OR, IN THE ALTERNATIVE, TO NARROW THE JULY 22, 2026 ORDER STAYING DISCOVERY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
CASE NO. 1:25-CV-12209

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

FILED
7/31/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

MPV

| | |
|---|---|
| Kimberly Jean Brown,<br>Plaintiff, | Case No. 1:25-cv-12209 |
| | Judge Martha M. Pacold,<br>Presiding |
| v. | |
| CBS Broadcasting Inc., et al.,<br>Defendants. | Magistrate Judge Heather K.<br>McShain |

**PLAINTIFF KIMBERLY BROWN'S MOTION TO RECONSIDER OR, IN THE ALTERNATIVE, TO NARROW THE JULY 22, 2026 ORDER STAYING DISCOVERY**

Plaintiff Kimberly Brown respectfully moves for reconsideration of the July 22, 2026 Order staying discovery for all parties pending rulings on motions to dismiss. The Order granted relief broader than the motion requested, broader than the showing made, and broader than Rule 26(c) permits. Only Cody Barbo and Daniel Goldstein moved for a stay, yet the Court extended that relief to every defendant, including non-movants and the defendant that answered and is not seeking Rule 12 dismissal. ECF No. 140 at 1-4.

That blanket extension has real consequences. It does not merely pause claims arising from older events; it compounds ongoing injury. Plaintiff

alleges that defendants are continuing to operate and profit from a business built from Plaintiff's misappropriated assets while Plaintiff remains barred from obtaining the discovery needed to prove, trace, and preserve evidence of that ongoing exploitation.

This is also not a first or isolated delay. Related litigation has already involved years of stayed discovery, including a matter in which general discovery remained stayed throughout more than three years that the case was active. ECF No. 89-1 at 15-17. In that context, the present stay compounds prior delay, compounds existing informational asymmetry, and compounds prejudice.

Reconsideration is therefore warranted.

**LEGAL AUTHORITY**

Interlocutory orders may be revised to correct manifest errors of law or fact. Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185 (7th Cir. 1990); Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264 (7th Cir. 1996).

Rule 26(c) requires good cause for protective relief. Seattle Times Co. v. Rhinehart, 467 U.S. 20 (1984).

Although courts possess broad discretion over discovery, that discretion must be exercised in a reasonably tailored manner that reflects actual burden and actual prejudice rather than generalized assumptions. Landis v. North American Co., 299 U.S. 248 (1936); Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943 (7th Cir. 1999).

**BACKGROUND**

On July 22, 2026, the Court granted Barbo and Goldstein's motion to stay discovery pending rulings on motions to dismiss. ECF Nos. 101, 140. The Court reasoned that a temporary stay would not unduly prejudice Plaintiff, that pending motions to dismiss could simplify issues, and that discovery would likely be burdensome because this is a 15-defendant civil RICO case involving events over many years. ECF No. 140 at 1-3.

The Court also rejected Plaintiff's argument that defendants had not made a sufficiently specific showing of burden, concluding that even under Plaintiff's stated standard, defendants had met their burden by pointing to several broad case characteristics: (i) this is a RICO case, which means discovery is likely to be expansive; (ii) Plaintiff's complaint often fails to specify which of the 15 defendants committed which acts; (iii) the motions to dismiss raise threshold issues." ECF No. 140 at 1-3.

Although only Barbo and Goldstein filed the motion, the Court extended the stay to all defendants, noting that no appearing defendant had opposed a stay and concluding that the same analysis applied "with equal force to all defendants." ECF No. 140 at 4. The Order further stated that if defendants other than Barbo or Goldstein wished to commence discovery while motions to dismiss were pending, they should meet and confer with Plaintiff and move to lift the stay. ECF No. 140 at 4. The Order did not provide Plaintiff a corresponding mechanism to initiate discovery against non-moving defendants.

**ARGUMENT**

**I. The stay was granted on generalized assertions that did not satisfy Rule 26(c)'s good-cause requirement, much less justify a case-wide halt.**

The Court accepted defendants' showing based on three broad propositions:

(i) this is a RICO case, which means discovery is likely to be expansive;

(ii) Plaintiff's complaint often fails to specify which of the 15 defendants committed which acts; and

(iii) the motions to dismiss raise threshold issues.

ECF No. 140 at 1-3.

However, those are generalized descriptions of the case. They are not a concrete Rule 26(c) showing. Defendants identified no specific discovery request imposing undue burden, no repository-specific collection problem, no cost estimate, no custodian-specific hardship, and no declaration explaining why narrower discovery could not proceed. Instead, they asked the Court to infer burden from the size and nature of the case.

That is not enough. Rule 26(c) requires good cause. Seattle Times Co., 467 U.S. 20. Discovery restrictions must be justified and tailored, not categorical. Citizens First, 178 F.3d 943. A stay may be appropriate in some circumstances, but it is not automatic and must reflect a genuine balancing of competing interests. Landis, 299 U.S. 248.

Even if those generalized points could support limited relief for the moving defendants, they did not support a blanket stay for every defendant in the case. If accepted as sufficient without party-specific proof, the same rationale would support stays in virtually every multi-defendant civil RICO case, yet precedent does not create any such categorical rule. The nature of a RICO case may inform the burden analysis, but it does not eliminate the movants' obligation to make an actual showing of good cause.

**II. The Order improperly transformed a motion by two defendants into a blanket stay for all defendants.**

The motion to stay was filed only by Defendants Barbo and Goldstein. The Order nevertheless stayed discovery "for all parties" and stated that the same analysis applied "with equal force to all defendants." ECF No. 140 at 1-4.

That was overbroad. A showing made by two moving defendants cannot simply be imputed to every other party without a party-specific basis for doing so. The Order notes that none of the appearing defendants opposed a stay. ECF No. 140 at 4. However, non-opposition is not the same as an evidentiary showing that each non-moving defendant is entitled to protective relief.

Rule 26(c) places the burden on the party seeking discovery restrictions to show good cause. Seattle Times Co., 467 U.S. 20. Silence from other defendants does not supply that showing. At most, it shows that no one objected to receiving the benefit of a broader stay. It does not establish that each defendant independently met the burden for one.

**III. The Order improperly applies to the defendant who answered the complaint**

The overbreadth problem is especially acute as to the defendant that answered the complaint, Defendant Shannon. The Court's simplification

rationale is tied to pending motions to dismiss and the possibility that those motions might narrow claims or eliminate parties. ECF No. 140 at 1-3.

However, that logic does not apply "with equal force" to a defendant that has answered and is not seeking Rule 12 dismissal. Defendant Shannon stands in a materially different procedural posture. As to such a party, there is no pending dismissal motion that could justify halting ordinary discovery on the same basis.

**IV. The Court's prejudice analysis understated the actual harm because it treated this as a short delay in an old case, rather than a cumulative delay in an ongoing exploitation case.**

The Court reasoned that Plaintiff was unlikely to suffer undue prejudice because many alleged events are old, most factual claims predate 2019, and the case had already been pending for months. ECF No. 140 at 1-3. Respectfully, that framing misses the nature of the prejudice.

First, this is not a case in which Plaintiff is objecting to a "brief" discovery pause. In related litigation, general discovery was stayed for more than three years while the case remained active, and merits briefing awaited ruling for approximately 20 months. ECF No. 89-1 at 15-17. The present stay therefore does not operate in a vacuum. It compounds years of prior discovery

delay and extends a pattern in which Plaintiff has repeatedly been denied meaningful access to discovery.

Second, the age of the underlying misconduct is not the same as the age or stability of the evidence. Plaintiff previously explained that the discovery sought is limited and targeted, and that a blanket stay delays identification of key custodians and dynamic ESI sources while risking prejudice to Plaintiff's ability to secure and preserve core evidence. ECF No. 104 at 2. That remains true. The relevant proof may exist in repositories, cloud systems, communication platforms, metadata, third-party records, and other sources that become harder to identify and preserve with delay.

Third, Plaintiff's theory is not limited to a closed historical wrong. Plaintiff alleges ongoing exploitation: that defendants continue operating and benefiting from the company and assets allegedly built from Plaintiff's misappropriated property. In that setting, delay does not maintain neutral ground. It permits defendants to remain in possession of the evidence, remain in control of the information, and remain in continued receipt of the alleged commercial benefits while Plaintiff is denied the means to test those facts through discovery.

That is compounded prejudice. It is not merely the passage of time. It is the combination of prior years of stayed discovery, present lack of access to evidence, and continuing alleged commercial exploitation. Delay weighs especially heavily because Plaintiff is litigating without the institutional resources available to corporate defendants.

**V. The rejection of phased discovery gave dispositive weight to administrability concerns while disregarding narrower options that would reduce prejudice.**

Plaintiff proposed targeted or phased discovery, including development records and development-related communications. The Court declined that proposal because it could invite disputes about whether particular requests fell within allowed or stayed categories. ECF No. 140 at 1-4.

Line-drawing disputes, however, are ordinary case-management issues. They do not justify a total stay where narrower relief is available. At minimum, the Court could allow limited discovery as to any non-moving or answering defendant, including Rule 26(a)(1) disclosures, identification of custodians and repositories, preservation-related written discovery, limited ESI-focused discovery, and targeted third-party subpoenas. That would directly address the most immediate prejudice while preserving the Court's interest in avoiding open-ended merits discovery.

**VI. The Order itself recognizes that the blanket stay may not appropriately fit every defendant, which underscores the need to narrow it now.**

The Order provides that if defendants other than Barbo or Goldstein wish to commence discovery while motions to dismiss are pending, they should meet and confer with Plaintiff and move to lift the stay. ECF No. 140 at 4. That instruction implicitly recognizes that the stay does not necessarily fit every non-moving defendant in the same way. If that is so, it is more efficient and more equitable to narrow the stay now rather than force piecemeal motion practice later.

Moreover, the present order prevents Plaintiff from initiating relevant discovery needed to identify custodians, preserve dynamic ESI, and test ongoing-exploitation allegations. It therefore creates a one-sided practical effect that further supports narrowing the stay.

## CONCLUSION

The July 22, 2026 Order should be reconsidered because it granted broader relief than the motion requested and broader relief than defendants' showing supported. Defendants did not establish case-wide good cause. They established, at most, a generalized desire to avoid discovery while dismissal

motions are pending. Rule 26(c) requires more than that. Seattle Times Co., 467 U.S. 20; Citizens First, 178 F.3d 943.

The prejudice from the present stay is concrete and cumulative. Plaintiff has already endured years of stayed discovery in related litigation. Plaintiff has identified present risks to preservation, custodian identification, and dynamic ESI. And Plaintiff alleges that defendants continue to operate and profit from the very business built from the misappropriated assets at issue. Under those circumstances, a blanket stay does not preserve neutrality. It preserves defendants' advantage.

**REQUESTED RELIEF**

Plaintiff respectfully requests that the Court vacate the stay as to all non-moving defendants. At minimum, the Court should lift the stay as to the defendant that has answered and is not seeking Rule 12 dismissal. If the Court declines to do so, it should permit limited phased discovery so that preservation, custodian identification, and targeted ESI discovery may proceed without further needless prejudice.

Respectfully submitted,

/s/ Kimberly Jean Brown
Kimberly Jean Brown, J.D.

Plaintiff, pro se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com

**CERTIFICATE OF SERVICE**

I certify that on July 31, 2026, I caused a true and correct copy of the foregoing document to be uploaded to the Northern District of Illinois electronic dropbox for pro se litigants, which will serve all counsel of record via the Court's CM/ECF system once the submission is accepted and filed.

*/s/ Kimberly Jean Brown*
Kimberly Jean Brown

**APPENDIX**

**Cases**

Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185 (7th Cir. 1990)

Caisse Nationale de Credit Agricole v. CBI Industries, Inc.. 90 F.3d 1264 (7th Cir. 1996)

Citizens First Nat'l Bank of Princeton v. Cincinnati Insurance Co.,178 F.3d 943 (7th Cir. 1999)

Landis v. North American Co.. 299 U.S. 248 (1936)

Seattle Times Co. v. Rhinehart, 467 U.S. 20 (1984)

**Exhibits**

Ex. A – Proposed Order

# Exhibit A

# Proposed Order

RECEIVED MPV
7/31/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown,<br>Plaintiff, | | Case No. 1:25-cv-12209 |
| v. | | Judge Martha M. Pacold,<br>Presiding |
| CBS Broadcasting Inc., et al.,<br>Defendants. | | Magistrate Judge Heather K.<br>McShain |

**ORDER**

Before the Court is Plaintiff Kimberly Brown's Motion to Reconsider or, in the Alternative, to Narrow the July 22, 2026 Order Staying Discovery.

On July 22, 2026, the Court granted Defendants Cody Barbo and Daniel Goldstein's motion to stay discovery and extended that stay to all parties pending rulings on motions to dismiss. Upon reconsideration, the Court finds that the stay, as entered, was broader than the motion presented and broader than necessary insofar as it applied to non-moving defendants without a party-specific showing of good cause under Rule 26(c).

The Court further finds that the justifications advanced for a temporary stay as to the moving defendants do not apply equally to every other defendant, particularly Defendant Shannon who has answered the complaint



SB-0101

and is not presently seeking Rule 12 dismissal. The Court also finds that continued blanket delay would impose unnecessary prejudice given Plaintiff's showing regarding preservation concerns, identification of custodians and repositories, dynamic ESI, prior years of stayed discovery in related litigation, and allegations of continuing exploitation of the assets at issue.

At the same time, the Court finds that tailored relief remains appropriate to reduce unnecessary burden and preserve orderly case management while dispositive motions remain pending.

Accordingly, Plaintiff's motion is granted in part and denied in part as follows:

1. The Court's July 22, 2026 Order remains in effect as to Defendants Cody Barbo and Daniel Goldstein.

2. The stay is lifted as to any defendant with a currently pending motion to dismiss, unless otherwise ordered.

3. The stay is lifted as to the defendant that has answered the complaint and is not presently seeking Rule 12 dismissal, Defendant Shannon.

4. As to the defendants described in Paragraph 2 and 3, discovery may proceed on a limited phased basis as follows:

   a. Rule 26(a)(1) disclosures;

b. written discovery directed to the identification of custodians, repositories, systems, accounts, communication channels, and sources of electronically stored information relevant to the claims and defenses;

c. preservation-related discovery, including discovery concerning document-retention practices, data locations, and steps taken to preserve potentially relevant evidence;

d. limited discovery concerning software development, workflow development, source material, authorship, provenance, and related communications, to the extent directed to preservation, identification, custody, or chain-of-development issues; and

e. targeted third-party subpoenas reasonably directed to preservation, identification of records, or retrieval of nonparty materials that may become harder to obtain with further delay.

5. No depositions shall proceed absent agreement of the parties or further order of the Court.

6. Broader merits discovery remains stayed until ruling on motions to dismiss, except as expressly authorized by this Order or by further order of the Court.

7. Within 14 days of entry of this Order, Plaintiff and the defendants described in paragraphs 2 and 3 above shall meet and confer regarding a practical schedule for the limited discovery authorized herein.

8. Any party seeking to expand, restrict, or reimpose a stay as to discovery permitted by this Order must do so by motion supported by a specific showing of good cause.

9. All other aspects of the Court's July 22, 2026 Order remain in effect.

ENTERED:

Dated: ___________________

______________________________________________________________________

HEATHER K. McSHAIN
United States Magistrate Judge

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**SUPPLEMENTAL APPENDIX B — TAB 15**

**DOCKET NOS. 156 & 157**
FILED: AUGUST 4, 2026

PLAINTIFF KIMBERLY JEAN BROWN'S EMERGENCY MOTION TO STAY PROCEEDINGS FOR NINETY DAYS TO ALLOW RETENTION OF COUNSEL AND SUPPORTING DECLARATION

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
CASE NO. 1:25-CV-12209

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

BC

FILED MAM
8/4/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Kimberly Jean Brown,<br>Plaintiff, | Case No. 1:25-cv-12209 |
| v. | Judge Martha M. Pacold,<br>Presiding |
| CBS Broadcasting Inc., et al.,<br>Defendants. | Magistrate Judge Heather K. McShain |

**PLAINTIFF KIMBERLY JEAN BROWN'S EMERGENCY MOTION TO STAY PROCEEDINGS FOR NINETY DAYS TO ALLOW RETENTION OF COUNSEL**

Plaintiff Kimberly Jean Brown respectfully moves for a ninety-day stay of proceedings so that she may seek, and attempt to retain, counsel.

**1. Relief Requested**

Plaintiff seeks a short, ninety-day stay of proceedings, including any hearing dates falling within that period, so she may attempt to retain counsel to appear on her behalf.

This is a limited request for temporary relief. Plaintiff does not seek indefinite delay.

**2. Relevant Background**

On August 3, 2026, the Court denied Plaintiff's motion for recruitment of counsel and/or to appear remotely. The Court stated that Plaintiff had already

submitted and been denied an accommodation request for remote access, and that because Plaintiff's arguments had not changed, the result did not change. *ECF No. 152.*

The Court also stated that Plaintiff's argument that she has a disability making telephonic hearings possible but not in-person hearings was unsubstantiated and conclusory.

The same order further warned that Plaintiff's in-person attendance at the August 6, 2026 hearing is mandatory and that if Plaintiff does not appear, she may be assessed defendants' attendance costs and her case may be involuntarily dismissed.

Plaintiff respectfully files this motion because she cannot attend the hearing in person and requires a brief period to seek counsel.

**3. Grounds for a Short Stay**

A short stay is warranted because Plaintiff cannot comply with the current in-person appearance requirement due to disability, and a temporary pause would allow her to seek counsel as a practical means of moving the case forward.

Plaintiff is not offering disability as an excuse for nonattendance. Plaintiff's position is that she cannot attend the hearing in person. That is the present barrier. Plaintiff's ability to prepare written filings does not remove

that barrier. A person can be both intelligent and disabled. In addition, Plaintiff's ability to draft filings is not the same as her ability to appear physically in court.

Plaintiff respectfully notes that, based on Plaintiff's prior experience with disability-accommodation processes, Plaintiff expected a request for additional information, clarification, or follow-up before her accommodation request was denied. However, there was none. Plaintiff raises that point only to explain why time is needed now to seek assistance from counsel.

**4. The Request Is Narrow and Reasonable**

This is not a renewed request for remote appearance. Plaintiff understands that the Court has denied remote access and denied recruited counsel. Plaintiff instead requests a brief stay so she may attempt to obtain counsel on her own.

A short stay would conserve resources. Without it, the case may immediately shift into disputes over nonappearance, sanctions, costs, dismissal, or emergency follow-up filings. A brief, structured pause is the more orderly course.

Plaintiff's request is limited to ninety days. A short stay for counsel-retention efforts is a narrower and more constructive measure than requiring

an in-person appearance that Plaintiff cannot attend and then litigating the consequences.

**5. Requested Relief**

Plaintiff respectfully asks the Court to:

- stay proceedings in this action for ninety days;
- vacate or continue any hearing or deadline set during the stay period;
- provide that no sanctions, dismissal, or cost-shifting be imposed based on Plaintiff's inability to appear in person during the stay period; and
- allow Plaintiff to file a status report before the stay expires advising whether counsel has been retained.

**Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion and stay proceedings for ninety days so Plaintiff may seek to retain counsel.

Respectfully submitted,

/s/ Kimberly Jean Brown
Kimberly Jean Brown, JD
Plaintiff, pro se
1026 E. 46th St., Unit 2E, Chicago, Illinois 60653
(773) 673-0324
Kim@PrivacyGladiators.com

Dated: August 4, 2026

**Certificate of Service**

I certify that on August 4, 2026, I caused a true and correct copy of the foregoing document to be uploaded to the Northern District of Illinois electronic dropbox for pro se litigants, which will serve all counsel of record via the Court's CM/ECF system once the submission is accepted and filed.

*/s/ Kimberly Jean Brown*
Kimberly Jean Brown

**EXHIBITS**

Exhibit A – Declaration

Exhibit B – Proposed Order

BC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

FILED MAM
8/4/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| Kimberly Jean Brown, | \| | Case No. 1:25-cv-12209 |
| Plaintiff, | \| | |
| | \| | Judge Martha M. Pacold, |
| v. | \| | Presiding |
| | \| | |
| CBS Broadcasting Inc., et al., | \| | Magistrate Judge Heather K. |
| Defendants. | \| | McShain |

Exhibits For Motion To Stay Proceedings For Ninety Days To Allow Retention Of Counsel

# EXHIBIT A – DECLARATION OF KIMBERLY BROWN IN SUPPORT OF MOTION TO STAY PROCEEDINGS

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown,<br>Plaintiff, | \| | Case No. 1:25-cv-12209 |
| | \| | Judge Martha M. Pacold,<br>Presiding |
| v. | \| | |
| CBS Broadcasting Inc., et al.,<br>Defendants. | \| | Magistrate Judge Heather K.<br>McShain |

**DECLARATION OF KIMBERLY JEAN BROWN IN SUPPORT OF MOTION TO STAY PROCEEDINGS FOR NINETY DAYS TO ALLOW RETENTION OF COUNSEL**

I, Kimberly Jean Brown, declare under penalty of perjury under 28 U.S.C. § 1746 as follows:

1. I am the Plaintiff in this action and submit this declaration in support of my motion to stay proceedings for ninety days so that I may seek and attempt to retain counsel.

2. I am proceeding pro se in this matter. This matter is procedurally complex and involves multiple defendants and multiple pending motions.

3. I have a disability that prevents me from attending court in person.

4. The Court ordered that my in-person attendance at the August 6, 2026 hearing is mandatory and warned that if I do not appear in-person, I may be assessed defendants’ attendance costs and my case may be involuntarily dismissed.

5. My inability to attend an in-person hearing is not a matter of preference or disagreement with the Court. It is a disability-related inability.

6. I am able to prepare written filings, but I am not able to appear in person. A person can be both intelligent and disabled.

7. On August 3, 2026, the Court denied my motion for recruitment of counsel and/or to appear remotely.

8. In that order (ECF No. 152), the Court stated that I had already submitted and been denied an accommodation request for remote access, and that because my arguments had not changed, the result did not change.

9. The Court also stated that my argument that I have a disability making telephonic hearings possible but not in-person hearings was unsubstantiated and conclusory.

10. Based on my prior experience with disability-accommodation processes, I expected a request for additional information, clarification, or follow-up before my accommodation request was denied. I did not receive such a request before the denial.

11. I am filing the present motion because I cannot attend the hearing in person and need a short period of time to try to retain counsel who can appear on my behalf.

12. I believe that a short stay is more orderly than facing sanctions or dismissal for nonappearance.

13. If the Court grants the requested stay, I will use that period to make diligent efforts to obtain counsel and will file a status report before the stay expires.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 4, 2026, in Chicago, Illinois.

*/s/ Kimberly Jean Brown*
Kimberly Jean Brown

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown, | \| | Case No. 1:25-cv-12209 |
| Plaintiff, | \| | |
| | \| | Judge Martha M. Pacold, |
| v. | \| | Presiding |
| | \| | |
| CBS Broadcasting Inc., et al., | \| | Magistrate Judge Heather K. |
| Defendants. | \| | McShain |

Exhibits For Motion To Stay Proceedings For Ninety Days To Allow Retention Of Counsel

# EXHIBIT B – PROPOSED ORDER

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown, | \| | Case No. 1:25-cv-12209 |
| Plaintiff, | \| | |
| | \| | Judge Martha M. Pacold, |
| v. | \| | Presiding |
| | \| | |
| CBS Broadcasting Inc., et al., | \| | Magistrate Judge Heather K. |
| Defendants. | \| | McShain |

**ORDER**

Before the Court is Plaintiff's Motion To Stay Proceedings For Ninety Days To Allow Retention Of Counsel. Having considered the motion and the record, the Court hereby grants Plaintiff's motion. It is hereby ordered:

- proceedings in this action are stayed for ninety days;
- any hearing or deadline set during the stay period are vacated;
- no sanctions, dismissal, or cost-shifting shall be imposed based on Plaintiff's inability to appear in person during the stay period; and
- Plaintiff shall file a status report before the stay expires advising the Court whether counsel has been retained.

____________ ____________________________________

DATE Judge Martha Pacold | Judge Heather McShain

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**SUPPLEMENTAL APPENDIX B — TAB 16**

**DOCKET NO. 158**
ENTERED: AUGUST 5, 2026

MINUTE ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF DISCOVERY STAY [153]

HON. MARTHA M. PACOLD
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
CASE NO. 1:25-CV-12209

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Kimberly Jean Brown, et al.

Plaintiff,

v.

Case No.: 1:25–cv–12209
Honorable Martha M. Pacold

CBS Broadcasting Inc, et al.

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, August 5, 2026:

MINUTE entry before the Honorable Martha M. Pacold: Inasmuch as plaintiff's motion [153] for reconsideration was intended to be addressed to the court and was intended as a challenge to Judge McShain's ruling, *see* [140], the motion is denied. The court has detected no legal error in, and agrees with, Judge McShain's ruling. Mailed notice. (lxk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**SUPPLEMENTAL APPENDIX B — TAB 17**

**DOCKET NO. 159**
ENTERED: AUGUST 5, 2026

MINUTE ORDER DENYING PLAINTIFF'S EMERGENCY MOTION TO STAY PROCEEDINGS FOR NINETY DAYS [156] AND REITERATING MANDATORY ATTENDANCE

HON. MARTHA M. PACOLD
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
CASE NO. 1:25-CV-12209

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Kimberly Jean Brown, et al.
Plaintiff,
v.
Case No.: 1:25−cv−12209
Honorable Martha M. Pacold
CBS Broadcasting Inc, et al.
Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, August 5, 2026:

MINUTE entry before the Honorable Martha M. Pacold: Plaintiff's "emergency motion to stay proceedings," [156], is denied. Plaintiff has been told repeatedly that attendance at the in−person hearing on 8/6/2026 is mandatory. Yet plaintiff continues to file repetitive motions seeking not to appear. Again, plaintiff's basis for seeking not to appear is not supported by any evidence in the record, other than plaintiff's assertions which the court has repeatedly explained are insufficient. Plaintiff has served defendants and caused them to expend time and money on litigating and is therefore not entitled to a stay to seek counsel−−the time for that was earlier than two days before a scheduled hearing (after already failing to attend a mandatory hearing) and earlier than serving a complaint on defendants. Part of filing a case involves being prepared to litigate it. If plaintiff files another repetitive motion she will be fined. Plaintiff, as noted previously, is obligated to attend court on 8/6/2026. The failure to do so will result in the sanctions mentioned in the court's prior order, *see* [152]. Mailed notice. (lxk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**SUPPLEMENTAL APPENDIX B — TAB 18**

**DOCKET NOS. 164, 164-1, 164-2, 164-3, & 164-4**
FILED: AUGUST 14, 2026

DEFENDANTS' JOINT SUBMISSION OF COSTS AND SUPPORTING DECLARATIONS OF COUNSEL TOTALING $4,463.00

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
CASE NO. 1:25-CV-12209

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Kimberly Jean Brown et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CBS Broadcasting Inc. et al.,<br><br>Defendants. | Case No. 1:25-cv-12209 |

**DEFENDANTS' JOINT SUBMISSION OF COSTS**

Defendants CBS Broadcasting, Inc. ("CBS"), JPMorgan Chase Bank, N.A. ("Chase"), Grand Prix Printing, LLC ("Grand Prix"), Storm Vaske ("Vaske"), Cody Barbo ("Barbo") and Daniel Goldstein ("Goldstein") (collectively, "Defendants" and each a "Defendant") jointly submit this list of costs awarded to them by the Court associated with their attendance at the August 6, 2026 hearing (the "Hearing"). In support of this submission, Defendants state as follows:

1. On August 3, 2026, the Court ordered all parties to appear at the Hearing. ECF 152. The Court explicitly warned: "If plaintiff does not appear she will be fined the costs defendants incur by attending, and her suit may be involuntarily dismissed for the failure to follow court orders." *Id.*

2. Despite the above, Plaintiff did not attend the Hearing.

3. All Defendants attended the Hearing as ordered.

4. As a sanction, the Court awarded "the costs associated with appearing in court" to each Defendant. ECF 161; *see also* ECF 152.

5. CBS incurred costs of $210.00 associated with appearing in court. *See* Ex. 1, Decl. of Brendan J. Healey.

6. Chase incurred costs of $542.50 associated with appearing in court. *See* Ex. 2, Decl. of Lucas Thor Rael.

7. Grand Prix and Vaske collectively incurred costs of $275.50 associated with appearing in court. *See* Ex. 3, Decl. of Christopher S. Moore.

8. Barbo and Goldstein collectively incurred costs of $3,435.00 associated with appearing in court. *See* Ex. 4, Decl. of Ana Condes.

Defendants submit this list of costs in accordance with the Court's order.

Dated: August 14, 2026
Chicago, IL

DLA Piper LLP (US)

By: */s/ Ana O. Condes*

Jeffrey S. Torosian (IL-6216956)
jeffrey.torosian@us.dlapiper.com
Ana O. Condes (IL-6339460)
ana.condes@us.dlapiper.com
DLA Piper LLP (US)
444 W. Lake St.
Chicago, IL 60606

Eric Forni (*pro hac vice* forthcoming)
eric.forni@us.dlapiper.com
DLA Piper LLP (US)
33 Arch St. #26
Boston, MA 02110

*Attorneys for Cody Barbo and Daniel Goldstein*

By: */s/Patricia Brown Holmes*

Patricia Brown Holmes
Lucas Thor Rael

Mary A. Laird
Steven E. Vogel
RILEY SAFER HOLMES &
CANCILA LLP
1 S. Dearborn Street, Suite 2200
Chicago, Illinois 60603
(312) 471-8700
pholmes@rshc-law.com
lrael@rshc-law.com
mlaird@rshc-law.com
svogel@rshc-law.com

*Counsel for Defendant JPMorgan Chase Bank, N.A.*

By: */s/ Brendan J. Healey*

Brendan J. Healey (ARDC #6243091)
Sharon R. Albrecht (ARDC #6288927)
BARON HARRIS HEALEY
150 South Wacker Drive, Suite 2400
Chicago, IL 60606
312-741-1030
bhealey@bhhlawfirm.com
salbrecht@bhhlawfirm.com

*Counsel for CBS Broadcasting Inc.*

By: */s/ Christopher S. Moore*

Christopher S. Moore
CHRIS MOORE LAW LLC
220 North Green Street
Suite 4031
Chicago, Illinois 60607
chris@chrismoorelaw.com

*Counsel for Grand Prix Printing, LLC and Storm Vaske*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY JEAN BROWN, individually, and BROWN-WASHINGTON TRUST, derivative Plaintiff on behalf of Legacy Complete,<br><br>Plaintiffs,<br><br>v.<br><br>CBS BROADCASTING INC., GRAND PRIX PRINTING, LLC, JP MORGAN CHASE BANK, N.A., STANDING OAKS VENTURE PARTNERS, AND TECHSTARS CENTRAL LLC, CORY BARBO, DANIEL GOLDSTEIN, LILA GOLDSTON, MICHAEL GREEBY, BRIAN LAMB, W. KELLY SHANNON, DOROTHY TUCKER WILKINS, STORM VASKE, TONY WILKINS, ERIKA WILLIAMS,<br><br>Defendants. | Case No. 25-cv-12209<br><br>Honorable Martha M. Pacold<br><br>Magistrate Judge Heather K. McShain |

**DECLARATION OF BRENDAN J. HEALEY**

I, Brendan J. Healey, declare and state as follows:

1. I am an attorney at Baron Harris Healey. I represent Defendant CBS Broadcasting, Inc. ("CBS") in this case, and I have personal knowledge of the information contained herein.

2. The Court has awarded as a sanction "the costs associated with appearing in court" for the in-person hearing held on August 6, 2026. ECF No. 161; *see also* ECF No. 152.

3. The only costs that CBS has incurred "associated with appearing in court" are for attorney time spent at the hearing.

4. I appeared on behalf of CBS at the hearing. I spent 0.6 hours in court at the hearing. For my services, CBS will be charged $210.00.

5. Accordingly, CBS seeks an award of $210.00.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 12, 2026 By: /s/ Brendan J. Healey

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY JEAN BROWN, et al.<br>*Plaintiffs*<br>v.<br>CBS BROADCASTING INC., et al.<br>*Defendants* | Case No. 1:25-cv-12209<br><br>Judge: Hon. Martha M. Pacold<br>Magistrate Judge: Hon. Heather K. McShain |

**DECLARATION OF LUCAS THOR RAEL**

I, Lucas Thor Rael, declare and state as follows:

1. I am an attorney at Riley Safer Holmes & Cancila, LLP. I represent Defendant JPMorgan Chase Bank, N.A. ("Chase") in this case, and I have personal knowledge of the information contained herein.

2. The Court has awarded as a sanction "the costs associated with appearing in court" for the in-person hearing held on August 6, 2026. ECF No. 161; *see also* ECF No. 152.

3. The only costs that Chase has incurred "associated with appearing in court" are for attorney time spent at the hearing.

4. Mary A. Laird, an attorney from my firm, appeared on behalf of Chase at the hearing. Ms. Laird spent 0.7 hours in court at the hearing. For her services, Chase will be charged $542.50.

5. Accordingly, Chase seeks an award of $542.50.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/Lucas T. Rael*

Dated: August 14, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2026, a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will serve a copy upon (1) counsel of record for all parties, and (2) Plaintiffs Kimberly Jean Brown and Brown-Washington Trust, who are proceeding *pro se* and have elected to receive electronic notice via email. *See* ECF No. 3.

By: *_/s/Lucas Thor Rael_*
Lucas Thor Rael

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY JEAN BROWN, et al.<br>*Plaintiffs*<br>v.<br>CBS BROADCASTING INC., et al.<br>*Defendants* | Case No. 1:25-cv-12209<br><br>Judge: Hon. Martha M. Pacold<br>Magistrate Judge: Hon. Heather K. McShain |

**DECLARATION OF CHRISTOPHER S. MOORE**

I, Christopher S. Moore, declare and state as follows:

1. I am an attorney at Chris Moore Law LLC. I represent Defendants Grand Prix Printing, LLC and Storm Vaske (collectively, the "Clients") in this case, and I have personal knowledge of the information contained herein.

2. The Court has awarded as a sanction "the costs associated with appearing in court" for the in-person hearing held on August 6, 2026. ECF No. 161; *see also* ECF No. 152.

3. The only costs that the Clients have incurred "associated with appearing in court" are for (1) attorney time spent at the hearing; and (2) parking for attendance at the hearing.

4. My billable rate is $415/hour on this matter. I appeared on behalf of the Clients and spent .6 hours in court at the August 6, 2026 hearing. For those services, the Clients will be charged $249.00.

5. In addition, I incurred parking fees of $26.50 for the August 6, 2026 hearing, which fees will also be charged to the Clients.

6. Accordingly, the Defendants Grand Prix Printing and Storm Vaske seek a total

award of $275.50 in connection with the August 6, 2026 hearing.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Christopher S. Moore*

Dated: August 14, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2026, a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will serve a copy upon counsel of record for all parties.

By: */s/Christopher S. Moore*
Christopher S. Moore

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Kimberly Jean Brown et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CBS Broadcasting Inc. et al.,<br><br>Defendants. | Case No. 1:25-cv-12209 |

**DECLARATION OF ANA CONDES**

I, Ana Condes, declare and state as follows:

1. I am an attorney at DLA Piper LLP (US). I represent Defendants Cody Barbo ("Barbo") and Daniel Goldstein ("Goldstein") in this case, and I have personal knowledge of the information contained herein.

2. The Court has awarded as a sanction "the costs associated with appearing in court" for the in-person hearing held on August 6, 2026. ECF No. 161; *see also* ECF No. 152.

3. The only costs that Chase has incurred "associated with appearing in court"are for attorney time spent at the hearing.

4. I, along with my colleague Jeffrey S. Torosian, appeared on behalf of Barbo and Goldstein at the August 6, 2026 hearing. Mr. Torosian and I spent one hour each for our attendance at the hearing, for which our clients will be billed. Mr. Torosian's hourly billing rate is $2,175.00 and my hourly billing rate is $1,260.00.

5. Accordingly, Barbo and Goldstein seek an award of $3,435.00.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 13, 2026 By: /s/ Ana Condes

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**SUPPLEMENTAL APPENDIX B — TAB 19**

**DOCKET NO. 165**
ENTERED: AUGUST 2026

MINUTE ENTRY ORDER FORECLOSING REDUCTION OF APPEARANCE FEES

HON. MARTHA M. PACOLD
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
CASE NO. 1:25-CV-12209

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Kimberly Jean Brown, et al.

Plaintiff,

v.

Case No.: 1:25−cv−12209
Honorable Martha M. Pacold

CBS Broadcasting Inc, et al.

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, August 19, 2026:

MINUTE entry before the Honorable Martha M. Pacold: By 9/4/2026, plaintiff shall submit any objections to the amount of fees claimed by defendants. *See* [164]. Plaintiff may not lodge a challenge to the imposition of fees as a sanction and is limited only to challenging the fee amount. Defendants shall file any response by 9/18/2026. If plaintiff does not submit an objection, the court will award the amount of fees claimed in [164]. Mailed notice. (lxk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**SUPPLEMENTAL APPENDIX B — TAB 20**

**DOCKET NO. 166**
FILED: SEPTEMBER 1, 2026

PLAINTIFF KIMBERLY JEAN BROWN'S MOTION UNDER FED. R. CIV. P. 59(e) TO ALTER OR AMEND JUDGMENT, VACATE RULE 41(b) DISMISSAL AND COST SANCTION, AND RESTORE CASE TO DOCKET; OR, ALTERNATIVELY, FOR RELIEF UNDER RULE 60(b), WITH SUPPORTING DECLARATION

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
CASE NO. 1:25-CV-12209

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

BC

FILED
9/1/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MPV

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown | \| | Case: 25-cv-12209 |
| Plaintiff | \| | |
| | \| | |
| vs. | \| | Honorable Judge |
| | \| | Martha M. Pacold |
| CBS News and Stations, et al | \| | |
| Defendants | \| | |

**PLAINTIFF KIMBERLY JEAN BROWN'S MOTION UNDER FED. R. CIV. P. 59(E) TO ALTER OR AMEND JUDGMENT, VACATE RULE 41(B) DISMISSAL AND COST SANCTION, AND RESTORE CASE TO DOCKET; OR, ALTERNATIVELY, FOR RELIEF UNDER RULE 60(B)**

Plaintiff Kimberly Jean Brown respectfully moves under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment entered on August 6, 2026 (Exhibit A, ECF No. 162); vacate the Rule 41(b) dismissal with prejudice and related cost sanctions (Exhibit A, ECF No. 161); and restore this action to the active docket. Alternatively, Plaintiff requests relief under Rule 60(b) based on mistake, excusable neglect, and extraordinary circumstances.

This motion does not seek to litigate the underlying merits or challenge the Court's inherent authority to manage its docket. It presents the narrow, case-dispositive question of whether imposing the terminal sanction of dismissal with

prejudice—along with monetary cost sanctions—was a proportional exercise of discretion where:

- Plaintiff asserted a severe disability-related barrier to in-person court attendance;
- Plaintiff repeatedly sought accessible means to participate, but her requests were denied;
- An acknowledged breakdown in court administrative communications occurred regarding the status of her accommodation request prior to the July 23, 2026 status conference (Exhibit E, ECF No. 147); and
- Before the action was terminated, Plaintiff requested a short, 90-day stay to retain private counsel capable of physically appearing on her behalf (Exhibit G, ECF No. 156/157).

## I. RELEVANT PROCEDURAL HISTORY

- Plaintiff is proceeding pro se and in forma pauperis in this multi-defendant action (ECF No. 29; Docket Sheet, Exhibit I at p. 16).
- On January 27, 2026, the Court conducted a telephonic status conference (ECF No. 27; Docket Sheet, Exhibit I at p. 17).
- On July 9, 2026, the Court scheduled an in-person status conference for July 23, 2026 (ECF No. 126; Docket Sheet, Exhibit I at p. 8).

- Plaintiff submitted a formal Request for Reasonable Accommodation to Court Services, seeking telephonic or remote access for status conferences due to severe anxiety and communication impairments under stress.
- Following Plaintiff's submission, Court Services did not contact Plaintiff to request any additional information.
- On July 20, 2026, Plaintiff filed a motion to continue the status conference pending resolution of her accommodation request (Exhibit B, ECF No. 135).
- On July 22, 2026, the Court issued a Minute Entry denying the continuance (ECF No. 136; Docket Sheet, Exhibit I at p. 7).
- On July 22, 2026, Plaintiff filed a Motion for Telephonic Access to the July 23 status conference (Exhibit C, ECF No. 138).
- On July 22, 2026, the Court issued Minute Entries denying Plaintiff's motion to appear telephonically, stating that her accommodation request had been "resolved" and ordering an in-person appearance (ECF Nos. 143, 144; Docket Sheet, Exhibit I at p. 6).
- On July 22, 2026, Plaintiff filed a Motion for Clarification and Reconsideration (Exhibit D, ECF No. 145), explaining that she had received no determination from Court Services and that her disability prevented in-person attendance.

- In an effort to participate rather than default, Plaintiff called into the Court's public bridge line for the July 23, 2026 status conference. The Court admonished Plaintiff for appearing telephonically in contravention of its in-person order (Exhibit E, ECF No. 147).
- Following the July 23 status conference, the Court issued a Minute Entry acknowledging an administrative miscommunication: while Court Services had resolved the accommodation request, that determination was never conveyed to Plaintiff by staff (Exhibit E, ECF No. 147). The Court recognized and apologized for the miscommunication, reset the status conference for August 6, 2026, and ordered mandatory in-person attendance (Exhibit E, ECF No. 147).
- On July 27, 2026, the Court issued a Minute Entry denying Plaintiff's Motion for Clarification regarding Plaintiff's accommodation request (ECF Nos. 148; Docket Sheet, Exhibit I at p. 6).
- Unable to overcome her physical barrier to attending in person, Plaintiff filed an Emergency Motion seeking limited recruitment of hearing counsel under 28 U.S.C. § 1915(e)(1) or, alternatively, remote access (Exhibit F, ECF No. 151).

- On August 3, 2026, the Court issued a Minute Entry denying Plaintiff's motion, holding that she appeared competent to litigate pro se based on her written filings, finding her disability claims unsubstantiated, and warning that failure to attend in person on August 6 would result in monetary cost sanctions and potential dismissal under Rule 41(b) (Minute Entry ECF No. 152; Docket Sheet, Exhibit I at p. 5, *Entry Omitted*; Exhibit J).
- On August 4, 2026, Plaintiff filed an Emergency Motion to Stay Proceedings for 90 Days to Allow Retention of Counsel (Exhibit G, ECF No. 156/157), seeking a brief pause for Plaintiff to retain private counsel who could appear physically in Court on her behalf.
- On August 5, 2026, the Court issued a Minute Entry denying the motion to stay and warned that filing further repetitive motions would result in fines (Minute Entry ECF No. 159; Docket Sheet, Exhibit I at p. 4).
- On August 5, 2026, Plaintiff filed a substantive Response in Opposition to Defendant Storm Vaske's Motion to Dismiss (ECF No. 160).
- On August 6, 2026, as addressed in her filings, Plaintiff was physically unable to appear in person. Having been admonished for calling into the Court's phone bridge line during the July 23 status conference, Plaintiff did not attempt to call in to the August 6 status conference.

- During the August 6, 2026 status conference, the Court dismissed the action with prejudice under Rule 41(b) as a sanction for Plaintiff's failure to prosecute and failure to obey court orders, and directed Defendants to submit itemized bills for appearance costs, to be paid by Plaintiff (Exhibit A, ECF No. 161). Final judgment was entered the same day (Exhibit A, ECF No. 162).
- Defendants subsequently submitted itemized appearance expenses under ECF No. 161 amounting to $4,463 (Exhibit H, ECF 164), which Plaintiff has been held responsible for paying simply because she could not physically appear for an in-person status conference.
- Only 14 days elapsed between the date the Court acknowledged the administrative miscommunication regarding Plaintiff's accommodation request (July 23, 2026, Exhibit E, ECF No. 147) and the entry of final judgment dismissing the case with prejudice (August 6, 2026, Exhibit A, ECF No. 161).

## II. LEGAL STANDARDS

**Rule 59(e) Standard:** A Rule 59(e) motion is an extraordinary remedy and requires a clear showing of manifest error of law or fact or newly discovered evidence; it also exists to permit correction of errors before appeal and prevent

unjust results. See LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263 (7th Cir. 1995).

**Rule 60(b) Standard:** Rule 60(b)(1) permits relief for mistake, inadvertence, surprise, or excusable neglect, while Rule 60(b)(6) provides relief for "any other reason that justifies relief." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). The excusable neglect inquiry is an equitable one, taking into account all relevant circumstances, including the danger of prejudice, the length of delay, the reason for noncompliance, and the movant's good faith.

**Rule 41(b) Disproportionality:** Dismissal with prejudice is an extraordinarily harsh sanction reserved strictly for extreme circumstances showing a clear record of delay or contumacious conduct. Kasalo v. Harris & Harris, Ltd., 656 F.3d 557, 561 (7th Cir. 2011). Before imposing a case-ending dismissal, a district court must explicitly consider the efficacy of lesser sanctions and the extent of the plaintiff's personal fault. Schilling v. Walworth Cnty. Park & Plan. Comm'n, 805 F.2d 272, 275–77 (7th Cir. 1986).

**Discretion Over Continuances:** A continuance or stay is committed to the Court's discretion. But a court must exercise that discretion in light of the actual circumstances, and an insistence on immediate progress in the face of a justified

request for a short delay may be an abuse of discretion. Ungar v. Sarafite, 376 U.S. 575, 589 (1964).

## III. ARGUMENT

### A. The Dismissal Rests on an Incomplete Characterization of Plaintiff's Conduct

The Minute Entry of dismissal characterizes Plaintiff as having twice "declined" or "refused" to attend mandatory in-person status conferences (Exhibit A, ECF No. 161). This characterization conflates a contumacious refusal to participate with a disability-driven physical inability to attend.

Plaintiff suffers from severe anxiety that has caused her to be agoraphobic. For more than five years, Plaintiff's functional capacity has been restricted to her residence, during which time she has been unable to venture more than three blocks from it.

Plaintiff did not attend the in-person status conference because she physically could not. Plaintiff did not abandon this case. Between July 20 and August 4, 2026, Plaintiff filed five separate motions seeking an accessible mechanism to participate—including accommodation/remote access (Exhibit B, ECF No. 135; Exhibit C, ECF No. 138), recruited limited-purpose counsel (Exhibit F, ECF No. 151), clarification of accommodation determination (Exhibit D, ECF No.

145), and a 90-day stay to retain private counsel (Exhibit G, ECF No. 156/157). In addition, on August 5, 2026, Plaintiff also filed a substantive response to a defendant's motion to dismiss; Response in Opposition to Defendant Storm Vaske's Motion to Dismiss (ECF No. 160).

This record demonstrates active engagement, not abandonment or willful contumacy.

**B. The Denial of an Interactive Accommodations Process Deprived Plaintiff of Due Process**

Plaintiff submitted the court's official accommodation request form to Court Services on July 20, 2026. In administrative and state judicial disability accommodation frameworks, which are primarily governed by the Americans with Disabilities Act, submission of an initial accommodations request initiates an interactive process where the evaluation body seeks clarification or supporting medical documentation if needed. However, federal courts are not governed by the Americans with Disabilities Act.

Here, Plaintiff's completed form was forwarded directly to the Court, which summarily denied Plaintiff's request as "unsubstantiated" (Minute Entry ECF No. 152; Docket Sheet, Exhibit I at p. 5, *Entry Omitted*; Exhibit J) without offering Plaintiff an opportunity to submit supplemental documentation under seal. The

Court then warned that Plaintiff filing further motions regarding accommodations could result in monetary fines (Minute Entry ECF No. 159; Docket Sheet, Exhibit I at p. 4).

By foreclosing the submission of supporting evidence while simultaneously deeming the request unsubstantiated, the Court created an insurmountable procedural trap. Meaningful access to the courts under Title II principles and the Due Process Clause requires an accessible mechanism to substantiate disability-related barriers before terminating an action. See Tennessee v. Lane, 541 U.S. 509, 523 (2004).

Plaintiff contends meaningful access was denied.

**C. The Dismissal Improperly Escalated Sanctions Based on an Administrative Miscommunication**

The Court's dismissal Minute Entry citing "two missed" status conferences improperly included the July 23, 2026 status conference (Exhibit A, ECF No. 161). However, on July 23, Plaintiff joined the status conference telephonically because she had not received notice of a ruling on her accommodation request and her motion for clarification was pending (Exhibit D, ECF No. 145).

The Court subsequently acknowledged this oversight in its Minute Entry, noting that Court Services had resolved Plaintiff's accommodation request, but

that "information was not conveyed to plaintiff by the staff responsible for conveying that information" (Exhibit E, ECF No. 147).

Because Plaintiff's telephonic appearance on July 23 was directly attributable to an administrative communication failure, that status conference cannot serve as a predicate step in escalating sanctions toward Rule 41(b) termination. The August 6 status conference was the sole instance of non-attendance.

**D. The Court Erred in Denying a Brief Stay to Retain Private Counsel**

A civil litigant possesses a fundamental due process interest in obtaining retained counsel of her choice. Potashnick v. Port City Constr. Co., 609 F.2d 1101, 1118 (5th Cir. 1980). Once the Court determined that Plaintiff would not be permitted remote access or recruited counsel (Minute Entry ECF No. 152; Docket Sheet, Exhibit I at p. 5, *Entry Omitted*; Exhibit J), physical attendance became an insurmountable barrier.

Plaintiff's August 4 motion (Exhibit G, ECF No. 156/157) did not request an indefinite stay or appointed counsel. It requested a narrow 90-day stay to allow Plaintiff to retain private counsel who could physically appear in Court on her behalf. Denying that 90-day stay on August 5 (Minute Entry ECF No. 159; Docket Sheet, Exhibit I at p. 4) and terminating the case on August 6 (Minute Entry

Exhibit A, ECF No. 161) constituted an insistence upon expeditiousness that rendered the denial of time to retain counsel case-dispositive. See Ungar v. Sarafite, 376 U.S. 575, 589 (1964).

**E. Less Drastic Sanctions Were Readily Available**

Under Seventh Circuit law, dismissal with prejudice without explicit consideration of lesser sanctions is an abuse of discretion. See Schilling v. Walworth Cnty. Park & Plan. Comm'n, 805 F.2d 272, 272 (7th Cir. 1986).

The Court had several practical, less drastic alternatives available including but not limited to:

- A 90-day stay allowing Plaintiff to retain private counsel;
- An order requiring Plaintiff to submit supplemental disability documentation or functional capacity evidence under seal;
- Conducting non-evidential status conferences via telephone or video while dispositive Rule 12(b)(6) motions remained pending;
- Requiring written joint status reports in lieu of physical courtroom appearances; or
- A non-case-ending sanction, if the Court concluded a sanction was warranted.

**F. Writing Ability Does Not Equal Physical Courtroom Capacity**

In its August 3 Minute Entry (ECF No. 152; Docket Sheet, Exhibit I at p. 5, *Entry Omitted*; Exhibit J), the Court reasoned that because Plaintiff had drafted a complaint and responses to motions to dismiss, she was competent to appear in person. This premise equates the intellectual ability to research and draft legal pleadings at home with the physical and psychological capacity to travel to a federal courthouse, navigate public crowds, and orally argue in real time while experiencing acute agoraphobic panic. Disability law and Seventh Circuit jurisprudence recognize that functional capacity is contextual. See Tennessee v. Lane, 541 U.S. 509, 523 (2004).

**G. The Appearance-Cost Sanctions Should Be Vacated**

Because the underlying order requiring physical attendance failed to account for Plaintiff's disability-related barriers and good-faith efforts to retain counsel, the accompanying monetary cost sanction imposed in ECF No. 161 (Docket Sheet, Exhibit I at p. 4) amounting to $4,463 (Exhibit H, ECF 164), should likewise be vacated.

**IV. REQUESTED RELIEF**

Plaintiff respectfully requests that the Court:

- Grant this Motion under Fed. R. Civ. P. 59(e) (or, alternatively, Rule 60(b));

- Vacate the August 6, 2026 Minute Order dismissing the case with prejudice (Exhibit A, ECF No. 161);
- Vacate the Civil Judgment entered on August 6, 2026 (Exhibit A, ECF No. 162);
- Vacate the appearance-cost sanctions imposed against Plaintiff (Exhibit A, ECF No. 161) and stay all cost submissions (Exhibit H, ECF 164),;
- Restore this action to the active court docket; and
- Grant Plaintiff a 90-day stay of proceedings to retain private counsel capable of appearing in Court on her behalf.

Dated: September 1, 2026

Respectfully submitted,
/s/ Kimberly Jean Brown
Kimberly Jean Brown, JD
Plaintiff, pro se
1026 E. 46th Street, Unit 2E, Chicago, Illinois 60653
(773) 673-0324
Kim@PrivacyGladiators.com

**CERTIFICATE OF SERVICE**

I certify that on September 1, 2026, I submitted this document to the pro se dropbox and it will be served by CM/ECF on all counsel of record once filed.

/s/ Kimberly Jean Brown

Kimberly Jean Brown

## APPENDIX

### INDEX OF EXHIBITS

- **Exhibit A:** Minute Entry of Dismissal (ECF No. 161) & Civil Judgment (ECF No. 162), entered August 6, 2026

- **Exhibit B:** Plaintiff Kimberly Jean Brown's Opposed Motion to Reschedule Joint Status Hearing, filed July 20, 2026 (ECF No. 135)

- **Exhibit C:** Plaintiff's Motion for Telephonic Access to July 23 Status Hearing, filed July 22, 2026 (ECF No. 138)

- **Exhibit D:** Plaintiff Kimberly Jean Brown's Motion for Clarification Regarding ECF No. 136 and Motion for Reconsideration of Order Denying Telephonic Access (ECF No. 143/144), filed July 22, 2026 (ECF No. 145)

- **Exhibit E:** Minute Entry Acknowledging Staff Communication Miscommunication, entered July 23, 2026 (ECF No. 147)

- **Exhibit F:** Plaintiff's Emergency Motion for Recruited Counsel or Remote Access, filed July 30, 2026 (ECF No. 151)

- **Exhibit G:** Plaintiff's Emergency Motion to Stay Proceedings for 90 Days to Retain Counsel, filed August 4, 2026 (ECF No. 156/157)

- **Exhibit H:** Defendants' submitted itemized expenses under ECF No. 161 amounting to $4,463, which Plaintiff is responsible for paying (ECF No. 164)

- **Exhibit I:** District Court Docket Sheet (via PacerMonitor) updated through August 11, 2026

- **Exhibit J:** Minute Entry Court reasoned that Plaintiff was competent to appear in person because she drafted complaint and motions; August 3, 2026 (ECF No. 152)

- **Exhibit K:** Declaration Of Kimberly Jean Brown In Support Of Rule 59(E)

**LIST OF CASES**

Kasalo v. Harris & Harris, Ltd., 656 F.3d 557 (7th Cir. 2011); Rule 41(b) dismissal for want of prosecution is an extraordinarily harsh sanction.

LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263 (7th Cir. 1995); Rule 59(e) permits relief for manifest error of law or fact or newly discovered evidence.

Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380 (1993); Excusable neglect under Rule 60(b) is an equitable inquiry considering all circumstances.

Potashnick v. Port City Constr. Co., 609 F.2d 1101 (5th Cir. 1980); Civil litigants possess a constitutionally protected due process interest in retained counsel.

Schilling v. Walworth Cnty. Park & Plan. Comm’n, 805 F.2d 272 (7th Cir. 1986); District courts must explicitly consider the efficacy of lesser sanctions before terminating a case.

Tennessee v. Lane, 541 U.S. 509 (2004); Mandates meaningful, accessible court access for individuals with disabilities.

Ungar v. Sarafite, 376 U.S. 575 (1964); Insistence on immediate progress in the face of a justified request for a short delay may be an abuse of discretion.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown | \| | Case: 25-cv-12209 |
| Plaintiff | \| | |
| vs. | \| | |
| CBS News and Stations, et al | \| | Honorable Judge |
| Defendants | \| | Martha M. Pacold |

**EXHIBIT A**

TO PLAINTIFF'S RULE 59(e) / RULE 60(b) MOTION

- Minute Entry of Involuntary Dismissal with Prejudice under Rule 41(b) and Cost Sanctions, entered August 6, 2026 (ECF No. 161)
- Judgment in a Civil Case, entered August 6, 2026 (ECF No. 162)

Kimberly Jean Brown, JD
Plaintiff pro se
1026 E. 46th Street, Unit 2E
Chicago, Illinois 60653
Kim@PrivacyGladiators.com
773-673-0324
September 1, 2026

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Kimberly Jean Brown, et al.

Plaintiff,

v.

Case No.: 1:25–cv–12209
Honorable Martha M. Pacold

CBS Broadcasting Inc, et al.

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, August 6, 2026:

MINUTE entry before the Honorable Martha M. Pacold: Mandatory in–person hearing held on 8/6/2026. Defendants appeared, but plaintiff did not appear. The court, in accordance with its prior ruling, *see* [152], fines plaintiff the costs associated with defendants' appearance at today's hearing. *See, e.g., Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009). Any defendant who wishes to receive costs should submit an itemized bill to the docket by 8/14/2026 detailing the costs associated with appearing in court on 8/6/2026. Plaintiff was repeatedly warned that failure to appear at today's hearing could result in dismissal of the case. *See, e.g.*, [147]; [152]. As more fully discussed on the record, plaintiff has now twice declined to attend an in–person hearing after being told such a hearing was mandatory, that her reasons for wanting to appear remotely are insufficient, and that the court has determined an in–person case management hearing is necessary. Further reasons for dismissal were stated on the record. This case is dismissed with prejudice as a sanction for failing to follow court orders and for want of prosecution. See Fed. R. Civ. P. 41(b). All pending motions are terminated as moot. Enter final judgment. Civil case terminated. Mailed notice. (lxk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF ILLINOIS

Kimberly Jean Brown and Brown-Washington Trust

Plaintiff(s),

v.

CBS Broadcasting Inc, Grand Prix Printing, LLC, JP Morgan Chase Bank, N.A., TechStars Central LLC, Cody Barbo, Daniel Goldstein, Lila Goldston, Michael Greeby, Brian Lamb, W. Kelly Shannon, Dorothy Tucker Wilkins, Storm Vaske, Tony Wilkins, Erika Williams, and Standing Oaks Venture Partners

Defendant(s).

Case No. 25-cv-12209
Judge Martha M. Pacold

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐ in favor of plaintiff(s)
and against defendant(s)
in the amount of $

which ☐ includes pre–judgment interest.
☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☐ in favor of defendant(s)
and against plaintiff(s)

Defendant(s) shall recover costs from plaintiff(s).

---

☑ other: This case is dismissed with prejudice for the failure to follow court orders and for want of prosecution. Judgment is entered in favor of Defendants CBS Broadcasting Inc, Grand Prix Printing, LLC, JP Morgan Chase Bank, N.A., TechStars Central LLC, Cody Barbo, Daniel Goldstein, Lila Goldston, Michael Greeby, Brian Lamb, W. Kelly Shannon, Dorothy Tucker Wilkins, Storm Vaske, Tony Wilkins, Erika Williams, and Standing Oaks Venture Partners and against Plaintiffs Kimberly Jean Brown and Brown-Washington Trust.

---

This action was *(check one)*:

☐ tried by a jury with Judge presiding, and the jury has rendered a verdict.
☐ tried by Judge without a jury and the above decision was reached.
☑ decided by Judge Martha M. Pacold on a motion



Date: 8/6/2026

Thomas G. Bruton, Clerk of Court

Lauren Knight , Deputy Clerk

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown | \| | Case: 25-cv-12209 |
| Plaintiff | \| | |
| vs. | \| | |
| CBS News and Stations, et al | \| | Honorable Judge |
| Defendants | \| | Martha M. Pacold |

**EXHIBIT B**

TO PLAINTIFF'S RULE 59(e) / RULE 60(b) MOTION

- Plaintiff Kimberly Jean Brown's Opposed Motion to Reschedule Joint Status Hearing, filed July 20, 2026 (ECF No. 135)

Kimberly Jean Brown, JD
Plaintiff pro se
1026 E. 46th Street, Unit 2E
Chicago, Illinois 60653
Kim@PrivacyGladiators.com
773-673-0324
September 1, 2026

BC

FILED
7/20/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MPV

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown,<br>Plaintiff, | \| | Case No. 1:25-cv-12209 |
| v. | \| | Judge Martha M. Pacold,<br>Presiding |
| CBS Broadcasting Inc., et al.,<br>Defendants. | \| | Magistrate Judge Heather K.<br>McShain |

**PLAINTIFF'S OPPOSED MOTION**

**TO RESCHEDULE JOINT STATUS HEARING**

Plaintiff respectfully moves to continue the in-person, initial joint status hearing currently scheduled for January 23, 2026 until a date on or after August 4, 2026. Attorneys Rael and Torosian have indicated opposition to rescheduling the hearing.

Plaintiff has submitted a request for a reasonable accommodation for the hearing. However, it is unlikely that Plaintiff will receive a response on her accommodation request in time for the scheduled hearing.

This request is made promptly upon learning of the conflict, in good faith, and not for the purpose of delay. Plaintiff respectfully requests that the Court continue the hearing to the next available date convenient to the Court that is on or after August 4, 2026, the date by which Plaintiff anticipates a response on her reasonable accommodation request.

Respectfully submitted,

/s/ Kimberly Jean Brown
Kimberly Jean Brown, JD.
Plaintiff, pro se
1026 E. 46th St, Unit 2E, Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com

**Certificate of Service**

I certify that on July 20, 2026, I caused a true and correct copy of the foregoing to be uploaded to the Northern District of Illinois electronic dropbox for pro se litigants, which will serve all counsel of record via the Court's CM/ECF system once the submission is accepted and filed.

*/s/ Kimberly Jean Brown*
Kimberly Jean Brown

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown | \| | Case: 25-cv-12209 |
| Plaintiff | \| | |
| vs. | \| | |
| CBS News and Stations, et al | \| | Honorable Judge |
| Defendants | \| | Martha M. Pacold |

**EXHIBIT C**
TO PLAINTIFF'S RULE 59(e) / RULE 60(b) MOTION

- Plaintiff Kimberly Jean Brown's Motion for Telephonic Access to July 23, 2026 Status Hearing, filed July 22, 2026 (ECF No. 138)

Kimberly Jean Brown, JD
Plaintiff pro se
1026 E. 46th Street, Unit 2E
Chicago, Illinois 60653
Kim@PrivacyGladiators.com
773-673-0324
September 1, 2026

BC

FILED
7/22/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MPV

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown,<br>Plaintiff, | \| | Case No. 1:25-cv-12209 |
| v. | \| | Judge Martha M. Pacold,<br>Presiding |
| CBS Broadcasting Inc., et al.,<br>Defendants. | \| | Magistrate Judge Heather K.<br>McShain |

**PLAINTIFF'S MOTION FOR TELEPHONIC ACCESS**

**TO THE JULY 23, 2026 STATUS HEARING**

Plaintiff respectfully seeks leave of Court to participate telephonically in the status hearing on July 23, 2026 at 10:30 am. In support of this motion, Plaintiff states:

1) Plaintiff has a disability for which reasonable accommodation has previously been provided.

2) Because of her disability, Plaintiff is unable to participate in a meaningful way during an in-person status hearing. Plaintiff has filed a request for reasonable accommodation with ILND Court Services to attend status hearings for this matter virtually.

3) Plaintiff has not received a response to her accommodation request and does not anticipate receiving a response before August 3, 2026.

4) Plaintiff has been made aware of the possibility of telephonic access to the status hearing which would allow her to attend and participate in the status hearing.

WHEREFORE, Plaintiff seeks leave to appear telephonically to the July 23, 2026 status hearing, and such other relief as the Court deems appropriate.

Respectfully submitted,

/s/ Kimberly Jean Brown
Kimberly Jean Brown, JD.
Plaintiff, pro se
1026 E. 46th St, Unit 2E, Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com

**CERTIFICATE OF SERVICE**

I certify that on July 22, 2026, I submitted this document to the pro se dropbox and it will be served by CM/ECF on all counsel of record once filed.

.

/s/ Kimberly Jean Brown,

Plaintiff, pro se

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown | \| | Case: 25-cv-12209 |
| Plaintiff | \| | |
| vs. | \| | |
| CBS News and Stations, et al | \| | Honorable Judge |
| Defendants | \| | Martha M. Pacold |

**EXHIBIT D**

TO PLAINTIFF'S RULE 59(e) / RULE 60(b) MOTION

- Plaintiff Kimberly Jean Brown's Motion for Clarification Regarding ECF No. 136 and Motion for Reconsideration of Order Denying Telephonic Access (ECF No. 143), filed July 22, 2026 (ECF No. 145)

Kimberly Jean Brown, JD
Plaintiff pro se
1026 E. 46th Street, Unit 2E
Chicago, Illinois 60653
Kim@PrivacyGladiators.com
773-673-0324
September 1, 2026

BC

FILED
7/22/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MPV

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **KIMBERLY JEAN BROWN,** | ) | Case No. 1:25-cv-12209 |
| Plaintiff, | ) | |
| | ) | Judge Martha M. Pacold, Presiding |
| v. | ) | |
| | ) | Magistrate Judge Heather K. McShain |
| **CBS BROADCASTING INC., et al.,** | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR CLARIFICATION REGARDING ECF NO. 136 AND MOTION FOR RECONSIDERATION OF ORDER DENYING TELEPHONIC ACCESS (ECF NO. 143)**

Plaintiff, Kimberly Jean Brown, proceeding *pro se*, respectfully moves this Honorable Court for clarification of its Order dated July 22, 2026 (ECF No. 136), and for reconsideration of its Order dated July 22, 2026 (ECF No. 143), which denied Plaintiff telephonic access to the status hearing scheduled for July 23, 2026. In support of this Motion, Plaintiff respectfully states as follows:

**1. Clarification Regarding Accommodation Status (ECF No. 136):** In its Order dated July 22, 2026 (ECF No. 136), the Court noted that Plaintiff's request for reasonable accommodation had been resolved. However, Plaintiff has not received notification, or determination regarding her request for reasonable accommodation for her communication-related disability. Plaintiff respectfully seeks clarification regarding the status and disposition her administrative request.

**2. Plaintiff's Desire and Barrier to Attend Hearing Due to Disability:** Plaintiff fully recognizes the importance of the status hearing scheduled for July 23, 2026, and earnestly desires to participate and comply with all instructions of the Court. However, as detailed in Plaintiff's motion (ECF No. 138) and in her formal submission to ILND Court Services, Plaintiff's disability severely impairs her ability to engage in in-person hearings and to travel to in-person court proceedings. Consequently, attending the hearing and participating in-person is not physically feasible for Plaintiff.

**3. Impact of Denying Remote Access (ECF No. 143):** On July 22, 2026, Plaintiff requested temporary telephonic access to the status hearing pending the administrative review of her accommodation request (ECF No. 138). The Court denied this request in ECF No. 143. Without telephonic or remote access, Plaintiff is unable to participate in the hearing, which effectively deprives her of meaningful access to the Court and an opportunity to be heard on matters affecting her case.

**4. Respectful Request for Reconsideration:** Plaintiff respectfully requests that the Court reconsider its Order (ECF No. 143) and grant temporary telephonic or remote access for the July 23, 2026 status hearing while Plaintiff's formal request for reasonable accommodation remains under review with ILND Court Services. Granting remote access will ensure equal access to justice without prejudicing any party or disrupting the Court's schedule.

**WHEREFORE**, Plaintiff Kimberly Jean Brown respectfully requests that this Honorable Court:

(a) Clarify the status of Plaintiff's reasonable accommodation request referenced in ECF No. 136; and

(b) Reconsider its Order (ECF No. 143) and permit Plaintiff to participate in the status hearing on July 23, 2026 via telephonic or remote access while her accommodation request remains pending.

Respectfully submitted,

**/s/ Kimberly Jean Brown**
Kimberly Jean Brown, JD
*Plaintiff, pro se*
1026 E. 46th St, Unit 2E, Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2026, I submitted the foregoing **Plaintiff's Motion for Clarification and Reconsideration** via the Court's pro se dropbox, and that service will be accomplished automatically upon filing via the Court's CM/ECF system to all counsel of record.

**/s/ Kimberly Jean Brown**
Kimberly Jean Brown, JD
*Plaintiff, pro se*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown | \| | Case: 25-cv-12209 |
| Plaintiff | \| | |
| vs. | \| | |
| CBS News and Stations, et al | \| | Honorable Judge |
| Defendants | \| | Martha M. Pacold |

**EXHIBIT E**

TO PLAINTIFF'S RULE 59(e) / RULE 60(b) MOTION

- Minute Entry Acknowledging Staff Communication Miscommunication Regarding Accommodation Determination, entered July 23, 2026 (ECF No. 147)

Kimberly Jean Brown, JD
Plaintiff pro se
1026 E. 46th Street, Unit 2E
Chicago, Illinois 60653
Kim@PrivacyGladiators.com
773-673-0324
September 1, 2026

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Kimberly Jean Brown, et al.
Plaintiff,
v.
CBS Broadcasting Inc, et al.
Defendant.

Case No.: 1:25–cv–12209
Honorable Martha M. Pacold

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, July 23, 2026:

MINUTE entry before the Honorable Martha M. Pacold: Status hearing held on 7/23/2026. Plaintiff appeared by phone in defiance of court orders, [136], [144]. Plaintiff's request for reconsideration regarding the court's denial of plaintiff#039;s request to appear remotely, filed after business hours the day before the hearing, is denied. Plaintiff, as the court made clear in two prior orders, [136]; [144], was expected to attend the hearing in person. The request for reconsideration was untimely and is accordingly denied. Status hearing reset for 8/6/2026 at 9:20 a.m. in Courtroom 2325. Having failed to participate in person at the status hearing, plaintiff is warned that failure to participate in the next status hearing may result in dismissal for failure to prosecute the case and/or failure to comply with court orders. The court does, however, wish to clarify its statements at yesterday's hearing. As noted above, multiple rulings, *see* [136] & [144], made clear to plaintiff that her attendance at the hearing was required. That said, it has come to the court's attention that while it resolved plaintiff's request for accommodations well in advance of yesterday's hearing, that information was not conveyed to plaintiff by the staff responsible for conveying that information. The court recognizes, and apologizes for, this miscommunication. Pursuant to the court's resolution of plaintiff's accommodations request, which should now have been sent to plaintiff via email, her in–person appearance at the 8/6/2026 hearing is mandatory. Mailed notice. (lxk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown | \| | Case: 25-cv-12209 |
| Plaintiff | \| | |
| vs. | \| | |
| CBS News and Stations, et al | \| | Honorable Judge |
| Defendants | \| | Martha M. Pacold |

**EXHIBIT F**

TO PLAINTIFF'S RULE 59(e) / RULE 60(b) MOTION

- Plaintiff Kimberly Jean Brown's Emergency Motion to Preserve Access to Required Hearings Through Limited Recruitment of Counsel or Remote Appearance, filed July 30, 2026 (ECF No. 151)

Kimberly Jean Brown, JD
Plaintiff pro se
1026 E. 46th Street, Unit 2E
Chicago, Illinois 60653
Kim@PrivacyGladiators.com
773-673-0324
September 1, 2026

BC

MAM

FILED
7/30/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown,<br>Plaintiff, | \| | Case No. 1:25-cv-12209 |
| | \| | Judge Martha M. Pacold,<br>Presiding |
| v. | \| | |
| CBS Broadcasting Inc., et al.,<br>Defendants. | \| | Magistrate Judge Heather K.<br>McShain |

**PLAINTIFF'S EMERGENCY MOTION TO PRESERVE ACCESS TO REQUIRED HEARINGS THROUGH LIMITED RECRUITMENT OF COUNSEL OR, IN THE ALTERNATIVE, REMOTE APPEARANCE AS A REASONABLE ACCOMMODATION**

Plaintiff Kimberly Jean Brown, proceeding pro se and in forma pauperis, respectfully moves for emergency relief to prevent the loss of access to the Court based on disability-related inability to attend required in-person status hearings. Plaintiff seeks a narrow and practical remedy. Specifically, Plaintiff asks the Court either to recruit counsel for the limited purpose of appearing in person at status hearings Plaintiff cannot physically attend because of disability, or, in the alternative, to permit Plaintiff to appear remotely by telephone as a reasonable accommodation.

**Background**

This motion concerns a discrete access problem, not the merits of Plaintiff's claims. Plaintiff does not seek broad relief regarding the underlying case. Plaintiff seeks only a way to participate in required status hearings despite a disability that prevents in-person attendance.

In advance of the July 23, 2026 status hearing, Plaintiff informed the Court that she has a disability and requested accommodation in connection with in-person hearing attendance. ECF No. 135. Plaintiff also moved for telephonic access and explained that, because of disability, she could not meaningfully participate in person. ECF No. 138 (pp. 1, 2); On July 22, 2026, the Court denied Plaintiff's request to continue the hearing, stating that Plaintiff's accommodation request "has since been resolved" and that the hearing was necessary for case management. ECF No. 136 (pp. 1) Later that same day, the Court denied Plaintiff's motion for telephonic access and ordered Plaintiff to appear in person at the July 23 hearing. ECF No. 143 and 144 (pp. 1).

Plaintiff then filed a motion for clarification and reconsideration explaining that she had not received any notification or determination

regarding the disposition of her accommodation request[1], that her disability severely impaired her ability to engage in in-person hearings, and that without remote access she would be excluded from participating. ECF No. 145 (pp. 1, 2, 3).

As the motion was pending, Plaintiff called into the July 23, 2026 status hearing on the Court's posted telephonic access number. However, the Court acknowledged Plaintiff presence but denied Plaintiff's request to participate. The Court instructed Plaintiff that the Court might find Plaintiff in contempt if Plaintiff did not appear at the next status hearing in-person. The docket reflects that after the July 23, 2026 hearing, the Court continued the status hearing for August 6, 2026 at 9:20 a. The Court stated that Plaintiff's in-person appearance at that hearing is mandatory. ECF No. 147 (pp. 1).

**The Present Conflict Prevents Meaningful Access to the Court**

The present posture creates a direct conflict between Plaintiff's disability-based inability to attend in person and the Court's in-person appearance requirement. Unless relief is granted, Plaintiff faces case termination not because of unwillingness to participate, but because of

[1] ILND Court Services forwarded Plaintiff's reasonable accommodations request to the Court for the Court's decision. Plaintiff assumes that ECF No. 143 / 144 are denials of the formal accommodation request, in addition to denial of Plaintiff's ECF No. 138 motion. Plaintiff has not received information regarding why her accommodation request was denied.

inability to satisfy a physical attendance condition that disability prevents her from meeting.

Plaintiff respectfully submits that this presents a serious access-to-courts problem. A litigant should not lose the ability to be heard because disability makes compliance with a physical attendance requirement impossible. Where a hearing concerns case management and the litigant seeks to participate, an in-person requirement that operates to exclude the litigant altogether is not merely an administrative preference in practice. It becomes a barrier to participation.

This problem is especially acute because Plaintiff has repeatedly expressed a desire to attend and comply. Plaintiff has not refused participation. Plaintiff has sought a means of participation. The present obstacle is not unwillingness. It is the physical requirement itself.

**Remote Participation Is the Narrowest and Most Efficient Remedy**

The most efficient solution is to permit Plaintiff to participate remotely for the upcoming status hearing. Plaintiff previously requested telephonic access for the July 23 hearing precisely because remote participation would allow attendance and meaningful participation where in-person attendance would not. ECF No. 138 (pp. 1-2); ECF No. 145 (pp. 1,-3) Indeed, the docket

reflects that earlier in this case the Court set a telephone status hearing and provided call-in instructions (ECF No. 105), showing that remote participation is not foreign to the administration of this matter.

Plaintiff's request is limited. Plaintiff is not asking that all proceedings be conducted remotely, nor is Plaintiff asking the Court to alter the substantive rights of any party. Plaintiff asks only to be allowed to participate remotely in status hearings that Plaintiff otherwise cannot attend at all because of disability. That relief preserves the Court's ability to manage the case while also preserving Plaintiff's ability to be heard.

Granting remote access would not prejudice defendants. It would merely ensure that Plaintiff can participate in scheduled proceedings. It would not change deadlines, alter the merits, or impose any material litigation disadvantage on the opposing parties.

**Limited Recruitment of Counsel Is an Appropriate Alternative**

If the Court does not wish to permit Plaintiff to appear remotely, then the next narrowest remedy is limited recruitment of counsel under 28 U.S.C. § 1915(e)(1) for the discrete purpose of appearing in person at hearings Plaintiff cannot physically attend because of disability.

Limited-purpose recruitment is appropriate because the barrier here is practical and specific. Plaintiff can continue to prepare and submit written filings, but court-required in-person appearances present a separate obstacle that substantially impairs Plaintiff's ability to proceed without assistance. This is particularly true in a multi-defendant federal action involving numerous filings, multiple motions, and recurring case-management issues. Even if counsel were recruited only for hearings, that attorney could appear physically, respond to the Court's questions in real time, address scheduling and procedural matters, and ensure Plaintiff's position is presented despite Plaintiff's inability to attend in person.

Plaintiff has made efforts to obtain counsel but has been unable to secure representation sufficient to solve the immediate problem of mandatory in-person hearing attendance. Given Plaintiff's indigence, disability-related limitations, and the urgency created by the Court's present scheduling orders, limited court assistance is warranted if remote participation is not allowed.

**Interim Protection Is Necessary**

Plaintiff also respectfully requests interim protection against dismissal, sanctions, waiver, or other adverse consequences based solely on inability to appear in person while this motion is pending or until the Court establishes an

accessible means of participation. Without such protection, the issue becomes self-defeating: Plaintiff remains unable to attend in person because of disability while simultaneously facing case-dispositive consequences for that same inability.

The Court has stated that the hearing is necessary for case management. ECF No. 136 (p. 1) That importance weighs in favor of ensuring Plaintiff can participate in some meaningful way, not in favor of excluding Plaintiff entirely. Emergency relief is therefore warranted to preserve Plaintiff's access to further proceedings and to prevent disability from becoming the basis for loss of participation in this case.

**Conclusion**

For these reasons, Plaintiff respectfully requests that the Court enter an order recruiting counsel under 28 U.S.C. § 1915(e)(1) for the limited purpose of appearing in person at status hearings Plaintiff cannot physically attend because of disability, or, in the alternative, permitting Plaintiff to appear remotely by telephone as a reasonable accommodation. Plaintiff further requests that no dismissal, default, waiver, sanction, or other adverse consequence be imposed based solely on Plaintiff's inability to appear in person while this motion is pending or until the Court establishes an accessible

means of participation, and that the Court grant such other and further relief

as it deems just and proper.

Respectfully submitted,

/s/ Kimberly Jean Brown
Kimberly Jean Brown, JD
Plaintiff, pro se
1026 E. 46th St, Unit 2E, Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com

**CERTIFICATE OF SERVICE**

I certify that on July 30, 2026, I submitted this Motion to the pro se dropbox and it will be served by CM/ECF on all counsel of record once filed.

.

/s/ Kimberly Jean Brown

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown | \| | Case: 25-cv-12209 |
| Plaintiff | \| | |
| vs. | \| | |
| CBS News and Stations, et al | \| | Honorable Judge |
| Defendants | \| | Martha M. Pacold |

**EXHIBIT G**
TO PLAINTIFF'S RULE 59(e) / RULE 60(b) MOTION

- Plaintiff Kimberly Jean Brown's Emergency Motion to Stay Proceedings for Ninety Days to Allow Retention of Counsel, filed August 4, 2026 (ECF No. 156) (and ECF No. 157)

Kimberly Jean Brown, JD
Plaintiff pro se
1026 E. 46th Street, Unit 2E
Chicago, Illinois 60653
Kim@PrivacyGladiators.com
773-673-0324
September 1, 2026

BC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED MAM
8/4/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| Kimberly Jean Brown, | \| | Case No. 1:25-cv-12209 |
| Plaintiff, | \| | |
| | \| | Judge Martha M. Pacold, |
| v. | \| | Presiding |
| | \| | |
| CBS Broadcasting Inc., et al., | \| | Magistrate Judge Heather K. |
| Defendants. | \| | McShain |

**PLAINTIFF KIMBERLY JEAN BROWN'S EMERGENCY MOTION TO STAY PROCEEDINGS FOR NINETY DAYS TO ALLOW RETENTION OF COUNSEL**

Plaintiff Kimberly Jean Brown respectfully moves for a ninety-day stay of proceedings so that she may seek, and attempt to retain, counsel.

**1. Relief Requested**

Plaintiff seeks a short, ninety-day stay of proceedings, including any hearing dates falling within that period, so she may attempt to retain counsel to appear on her behalf.

This is a limited request for temporary relief. Plaintiff does not seek indefinite delay.

**2. Relevant Background**

On August 3, 2026, the Court denied Plaintiff's motion for recruitment of counsel and/or to appear remotely. The Court stated that Plaintiff had already

submitted and been denied an accommodation request for remote access, and that because Plaintiff's arguments had not changed, the result did not change. *ECF No. 152.*

The Court also stated that Plaintiff's argument that she has a disability making telephonic hearings possible but not in-person hearings was unsubstantiated and conclusory.

The same order further warned that Plaintiff's in-person attendance at the August 6, 2026 hearing is mandatory and that if Plaintiff does not appear, she may be assessed defendants' attendance costs and her case may be involuntarily dismissed.

Plaintiff respectfully files this motion because she cannot attend the hearing in person and requires a brief period to seek counsel.

**3. Grounds for a Short Stay**

A short stay is warranted because Plaintiff cannot comply with the current in-person appearance requirement due to disability, and a temporary pause would allow her to seek counsel as a practical means of moving the case forward.

Plaintiff is not offering disability as an excuse for nonattendance. Plaintiff's position is that she cannot attend the hearing in person. That is the present barrier. Plaintiff's ability to prepare written filings does not remove

that barrier. A person can be both intelligent and disabled. In addition, Plaintiff's ability to draft filings is not the same as her ability to appear physically in court.

Plaintiff respectfully notes that, based on Plaintiff's prior experience with disability-accommodation processes, Plaintiff expected a request for additional information, clarification, or follow-up before her accommodation request was denied. However, there was none. Plaintiff raises that point only to explain why time is needed now to seek assistance from counsel.

**4. The Request Is Narrow and Reasonable**

This is not a renewed request for remote appearance. Plaintiff understands that the Court has denied remote access and denied recruited counsel. Plaintiff instead requests a brief stay so she may attempt to obtain counsel on her own.

A short stay would conserve resources. Without it, the case may immediately shift into disputes over nonappearance, sanctions, costs, dismissal, or emergency follow-up filings. A brief, structured pause is the more orderly course.

Plaintiff's request is limited to ninety days. A short stay for counsel-retention efforts is a narrower and more constructive measure than requiring

an in-person appearance that Plaintiff cannot attend and then litigating the consequences.

**5. Requested Relief**

Plaintiff respectfully asks the Court to:

- stay proceedings in this action for ninety days;
- vacate or continue any hearing or deadline set during the stay period;
- provide that no sanctions, dismissal, or cost-shifting be imposed based on Plaintiff's inability to appear in person during the stay period; and
- allow Plaintiff to file a status report before the stay expires advising whether counsel has been retained.

**Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion and stay proceedings for ninety days so Plaintiff may seek to retain counsel.

Respectfully submitted,

/s/ Kimberly Jean Brown
Kimberly Jean Brown, JD
Plaintiff, pro se
1026 E. 46th St., Unit 2E, Chicago, Illinois 60653
(773) 673-0324
Kim@PrivacyGladiators.com

Dated: August 4, 2026

**Certificate of Service**

I certify that on August 4, 2026, I caused a true and correct copy of the foregoing document to be uploaded to the Northern District of Illinois electronic dropbox for pro se litigants, which will serve all counsel of record via the Court's CM/ECF system once the submission is accepted and filed.

*/s/ Kimberly Jean Brown*
Kimberly Jean Brown

**EXHIBITS**

Exhibit A – Declaration

Exhibit B – Proposed Order

BC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

FILED MAM
8/4/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| Kimberly Jean Brown, Plaintiff, | \| | Case No. 1:25-cv-12209 |
| | \| | Judge Martha M. Pacold, Presiding |
| v. | \| | |
| CBS Broadcasting Inc., et al., Defendants. | \| | Magistrate Judge Heather K. McShain |

Exhibits For Motion To Stay Proceedings For Ninety Days To Allow Retention Of Counsel

# EXHIBIT A – DECLARATION OF KIMBERLY BROWN IN SUPPORT OF MOTION TO STAY PROCEEDINGS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown, | \| | Case No. 1:25-cv-12209 |
| Plaintiff, | \| | |
| | \| | Judge Martha M. Pacold, |
| v. | \| | Presiding |
| | \| | |
| CBS Broadcasting Inc., et al., | \| | Magistrate Judge Heather K. |
| Defendants. | \| | McShain |

**DECLARATION OF KIMBERLY JEAN BROWN IN SUPPORT OF MOTION TO STAY PROCEEDINGS FOR NINETY DAYS TO ALLOW RETENTION OF COUNSEL**

I, Kimberly Jean Brown, declare under penalty of perjury under 28 U.S.C. § 1746 as follows:

1. I am the Plaintiff in this action and submit this declaration in support of my motion to stay proceedings for ninety days so that I may seek and attempt to retain counsel.

2. I am proceeding pro se in this matter. This matter is procedurally complex and involves multiple defendants and multiple pending motions.

3. I have a disability that prevents me from attending court in person.

4. The Court ordered that my in-person attendance at the August 6, 2026 hearing is mandatory and warned that if I do not appear in-person, I may be assessed defendants' attendance costs and my case may be involuntarily dismissed.

5. My inability to attend an in-person hearing is not a matter of preference or disagreement with the Court. It is a disability-related inability.

6. I am able to prepare written filings, but I am not able to appear in person. A person can be both intelligent and disabled.

7. On August 3, 2026, the Court denied my motion for recruitment of counsel and/or to appear remotely.

8. In that order (ECF No. 152), the Court stated that I had already submitted and been denied an accommodation request for remote access, and that because my arguments had not changed, the result did not change.

9. The Court also stated that my argument that I have a disability making telephonic hearings possible but not in-person hearings was unsubstantiated and conclusory.

10. Based on my prior experience with disability-accommodation processes, I expected a request for additional information, clarification, or follow-up before my accommodation request was denied. I did not receive such a request before the denial.

11. I am filing the present motion because I cannot attend the hearing in person and need a short period of time to try to retain counsel who can appear on my behalf.

12. I believe that a short stay is more orderly than facing sanctions or dismissal for nonappearance.

13. If the Court grants the requested stay, I will use that period to make diligent efforts to obtain counsel and will file a status report before the stay expires.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 4, 2026, in Chicago, Illinois.

*/s/ Kimberly Jean Brown*
Kimberly Jean Brown

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown, | \| | Case No. 1:25-cv-12209 |
| Plaintiff, | \| | |
| | \| | Judge Martha M. Pacold, |
| v. | \| | Presiding |
| | \| | |
| CBS Broadcasting Inc., et al., | \| | Magistrate Judge Heather K. |
| Defendants. | \| | McShain |

Exhibits For Motion To Stay Proceedings For Ninety Days To Allow Retention Of Counsel

# EXHIBIT B – PROPOSED ORDER

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown, | \| | Case No. 1:25-cv-12209 |
| Plaintiff, | \| | |
| | \| | Judge Martha M. Pacold, |
| v. | \| | Presiding |
| | \| | |
| CBS Broadcasting Inc., et al., | \| | Magistrate Judge Heather K. |
| Defendants. | \| | McShain |

**ORDER**

Before the Court is Plaintiff's Motion To Stay Proceedings For Ninety Days To Allow Retention Of Counsel. Having considered the motion and the record, the Court hereby grants Plaintiff's motion. It is hereby ordered:

- proceedings in this action are stayed for ninety days;
- any hearing or deadline set during the stay period are vacated;
- no sanctions, dismissal, or cost-shifting shall be imposed based on Plaintiff's inability to appear in person during the stay period; and
- Plaintiff shall file a status report before the stay expires advising the Court whether counsel has been retained.

____________ ____________________________________

DATE Judge Martha Pacold | Judge Heather McShain

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown | \| | Case: 25-cv-12209 |
| Plaintiff | \| | |
| vs. | \| | |
| CBS News and Stations, et al | \| | Honorable Judge |
| Defendants | \| | Martha M. Pacold |

**EXHIBIT H**

TO PLAINTIFF'S RULE 59(e) / RULE 60(b) MOTION

Defendants' submitted itemized expenses under ECF No. 161 amounting to $4,463, which Plaintiff is responsible for paying (ECF No. 164)

Kimberly Jean Brown, JD
Plaintiff pro se
1026 E. 46th Street, Unit 2E
Chicago, Illinois 60653
Kim@PrivacyGladiators.com
773-673-0324
September 1, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Kimberly Jean Brown et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CBS Broadcasting Inc. et al.,<br><br>Defendants. | Case No. 1:25-cv-12209 |

**DEFENDANTS' JOINT SUBMISSION OF COSTS**

Defendants CBS Broadcasting, Inc. ("CBS"), JPMorgan Chase Bank, N.A. ("Chase"), Grand Prix Printing, LLC ("Grand Prix"), Storm Vaske ("Vaske"), Cody Barbo ("Barbo") and Daniel Goldstein ("Goldstein") (collectively, "Defendants" and each a "Defendant") jointly submit this list of costs awarded to them by the Court associated with their attendance at the August 6, 2026 hearing (the "Hearing"). In support of this submission, Defendants state as follows:

1. On August 3, 2026, the Court ordered all parties to appear at the Hearing. ECF 152. The Court explicitly warned: "If plaintiff does not appear she will be fined the costs defendants incur by attending, and her suit may be involuntarily dismissed for the failure to follow court orders." *Id.*

2. Despite the above, Plaintiff did not attend the Hearing.

3. All Defendants attended the Hearing as ordered.

4. As a sanction, the Court awarded "the costs associated with appearing in court" to each Defendant. ECF 161; *see also* ECF 152.

5. CBS incurred costs of $210.00 associated with appearing in court. *See* Ex. 1, Decl. of Brendan J. Healey.

6. Chase incurred costs of $542.50 associated with appearing in court. *See* Ex. 2, Decl. of Lucas Thor Rael.

7. Grand Prix and Vaske collectively incurred costs of $275.50 associated with appearing in court. *See* Ex. 3, Decl. of Christopher S. Moore.

8. Barbo and Goldstein collectively incurred costs of $3,435.00 associated with appearing in court. *See* Ex. 4, Decl. of Ana Condes.

Defendants submit this list of costs in accordance with the Court's order.

Dated: August 14, 2026
Chicago, IL

DLA Piper LLP (US)

By: */s/ Ana O. Condes*

Jeffrey S. Torosian (IL-6216956)
jeffrey.torosian@us.dlapiper.com
Ana O. Condes (IL-6339460)
ana.condes@us.dlapiper.com
DLA Piper LLP (US)
444 W. Lake St.
Chicago, IL 60606

Eric Forni (*pro hac vice* forthcoming)
eric.forni@us.dlapiper.com
DLA Piper LLP (US)
33 Arch St. #26
Boston, MA 02110

*Attorneys for Cody Barbo and Daniel Goldstein*

By: */s/Patricia Brown Holmes*

Patricia Brown Holmes
Lucas Thor Rael

Mary A. Laird
Steven E. Vogel
RILEY SAFER HOLMES &
CANCILA LLP
1 S. Dearborn Street, Suite 2200
Chicago, Illinois 60603
(312) 471-8700
pholmes@rshc-law.com
lrael@rshc-law.com
mlaird@rshc-law.com
svogel@rshc-law.com

*Counsel for Defendant JPMorgan Chase Bank, N.A.*

By: */s/ Brendan J. Healey*
Brendan J. Healey (ARDC #6243091)
Sharon R. Albrecht (ARDC #6288927)
BARON HARRIS HEALEY
150 South Wacker Drive, Suite 2400
Chicago, IL 60606
312-741-1030
bhealey@bhhlawfirm.com
salbrecht@bhhlawfirm.com

*Counsel for CBS Broadcasting Inc.*

By: */s/ Christopher S. Moore*
Christopher S. Moore
CHRIS MOORE LAW LLC
220 North Green Street
Suite 4031
Chicago, Illinois 60607
chris@chrismoorelaw.com

*Counsel for Grand Prix Printing, LLC and Storm Vaske*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

KIMBERLY JEAN BROWN, individually, and BROWN-WASHINGTON TRUST, derivative Plaintiff on behalf of Legacy Complete,

Plaintiffs,

v.

CBS BROADCASTING INC., GRAND PRIX PRINTING, LLC, JP MORGAN CHASE BANK, N.A., STANDING OAKS VENTURE PARTNERS, AND TECHSTARS CENTRAL LLC, CORY BARBO, DANIEL GOLDSTEIN, LILA GOLDSTON, MICHAEL GREEBY, BRIAN LAMB, W. KELLY SHANNON, DOROTHY TUCKER WILKINS, STORM VASKE, TONY WILKINS, ERIKA WILLIAMS,

Defendants.

Case No. 25-cv-12209

Honorable Martha M. Pacold

Magistrate Judge Heather K. McShain

**DECLARATION OF BRENDAN J. HEALEY**

I, Brendan J. Healey, declare and state as follows:

1. I am an attorney at Baron Harris Healey. I represent Defendant CBS Broadcasting, Inc. ("CBS") in this case, and I have personal knowledge of the information contained herein.

2. The Court has awarded as a sanction "the costs associated with appearing in court" for the in-person hearing held on August 6, 2026. ECF No. 161; *see also* ECF No. 152.

3. The only costs that CBS has incurred "associated with appearing in court" are for attorney time spent at the hearing.

4. I appeared on behalf of CBS at the hearing. I spent 0.6 hours in court at the hearing. For my services, CBS will be charged $210.00.

5. Accordingly, CBS seeks an award of $210.00.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 12, 2026 By: /s/ Brendan J. Healey

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY JEAN BROWN, et al.<br>*Plaintiffs*<br>v.<br>CBS BROADCASTING INC., et al.<br>*Defendants* | Case No. 1:25-cv-12209<br><br>Judge: Hon. Martha M. Pacold<br>Magistrate Judge: Hon. Heather K. McShain |

**<u>DECLARATION OF LUCAS THOR RAEL</u>**

I, Lucas Thor Rael, declare and state as follows:

1. I am an attorney at Riley Safer Holmes & Cancila, LLP. I represent Defendant JPMorgan Chase Bank, N.A. ("Chase") in this case, and I have personal knowledge of the information contained herein.

2. The Court has awarded as a sanction "the costs associated with appearing in court" for the in-person hearing held on August 6, 2026. ECF No. 161; *see also* ECF No. 152.

3. The only costs that Chase has incurred "associated with appearing in court" are for attorney time spent at the hearing.

4. Mary A. Laird, an attorney from my firm, appeared on behalf of Chase at the hearing. Ms. Laird spent 0.7 hours in court at the hearing. For her services, Chase will be charged $542.50.

5. Accordingly, Chase seeks an award of $542.50.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/Lucas T. Rael*

Dated: August 14, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2026, a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will serve a copy upon (1) counsel of record for all parties, and (2) Plaintiffs Kimberly Jean Brown and Brown-Washington Trust, who are proceeding *pro se* and have elected to receive electronic notice via email. *See* ECF No. 3.

By: *\/s/Lucas Thor Rael*
Lucas Thor Rael

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY JEAN BROWN, et al.<br>*Plaintiffs*<br>v.<br>CBS BROADCASTING INC., et al.<br>*Defendants* | Case No. 1:25-cv-12209<br><br>Judge: Hon. Martha M. Pacold<br>Magistrate Judge: Hon. Heather K. McShain |

**DECLARATION OF CHRISTOPHER S. MOORE**

I, Christopher S. Moore, declare and state as follows:

1. I am an attorney at Chris Moore Law LLC. I represent Defendants Grand Prix Printing, LLC and Storm Vaske (collectively, the "Clients") in this case, and I have personal knowledge of the information contained herein.

2. The Court has awarded as a sanction "the costs associated with appearing in court" for the in-person hearing held on August 6, 2026. ECF No. 161; *see also* ECF No. 152.

3. The only costs that the Clients have incurred "associated with appearing in court" are for (1) attorney time spent at the hearing; and (2) parking for attendance at the hearing.

4. My billable rate is $415/hour on this matter. I appeared on behalf of the Clients and spent .6 hours in court at the August 6, 2026 hearing. For those services, the Clients will be charged $249.00.

5. In addition, I incurred parking fees of $26.50 for the August 6, 2026 hearing, which fees will also be charged to the Clients.

6. Accordingly, the Defendants Grand Prix Printing and Storm Vaske seek a total

award of $275.50 in connection with the August 6, 2026 hearing.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Christopher S. Moore*

Dated: August 14, 2026

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 14, 2026, a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will serve a copy upon counsel of record for all parties.

By: <u>*/s/Christopher S. Moore*</u>
Christopher S. Moore

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

Kimberly Jean Brown et al.,

Plaintiffs,

v.

CBS Broadcasting Inc. et al.,

Defendants.

Case No. 1:25-cv-12209

**DECLARATION OF ANA CONDES**

I, Ana Condes, declare and state as follows:

1. I am an attorney at DLA Piper LLP (US). I represent Defendants Cody Barbo ("Barbo") and Daniel Goldstein ("Goldstein") in this case, and I have personal knowledge of the information contained herein.

2. The Court has awarded as a sanction "the costs associated with appearing in court" for the in-person hearing held on August 6, 2026. ECF No. 161; *see also* ECF No. 152.

3. The only costs that Chase has incurred "associated with appearing in court"are for attorney time spent at the hearing.

4. I, along with my colleague Jeffrey S. Torosian, appeared on behalf of Barbo and Goldstein at the August 6, 2026 hearing. Mr. Torosian and I spent one hour each for our attendance at the hearing, for which our clients will be billed. Mr. Torosian's hourly billing rate is $2,175.00 and my hourly billing rate is $1,260.00.

5. Accordingly, Barbo and Goldstein seek an award of $3,435.00.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 13, 2026 By: /s/ Ana Condes

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown | \| | Case: 25-cv-12209 |
| Plaintiff | \| | |
| vs. | \| | |
| CBS News and Stations, et al | \| | Honorable Judge |
| Defendants | \| | Martha M. Pacold |

**EXHIBIT I**
TO PLAINTIFF'S RULE 59(e) / RULE 60(b) MOTION

- District Court Docket Sheet via PacerMonitor, updated through August 11, 2026

Kimberly Jean Brown, JD
Plaintiff pro se
1026 E. 46th Street, Unit 2E
Chicago, Illinois 60653
Kim@PrivacyGladiators.com
773-673-0324
September 1, 2026

# Brown et al v. CBS Broadcasting Inc et al

Dashboard

| | |
|---|---|
| **Illinois Northern District Court** | |
| **Judge:** | Martha M Pacold |
| **Referred:** | Heather K Mcshain |
| **Case #:** | 1:25-cv-12209 |
| **Nature of Suit** | 470 Other Statutes - Racketeer Influenced and Corrupt Organizations |
| **Cause** | 18:1961 Racketeering (RICO) Act |
| **Case Filed:** | Oct 06, 2025 |
| **Terminated:** | Aug 06, 2026 |

Docket | Parties (17) | News

Last checked: **Tuesday Jun 30, 2026 2:15 AM CDT**

Update Parties

| | |
|---|---|
| **Defendant**<br>JP Morgan Chase Bank, N.A. | **Represented By**<br>Patricia Brown Holmes<br>*Riley Safer Holmes & Cancila LLP*<br>312-471-8745<br>pholmes@rshc-law.com<br><br>Lucas Thor Rael<br>*Riley Safer Holmes & Cancila LLP*<br>312-471-8784<br>lrael@rshc-law.com<br><br>Steven Erick Vogel<br>*Riley Safer Holmes & Cancila, LLP*<br>312-471-8712<br>svogel@rshc-law.com |
| **Defendant**<br>Storm Vaske | |
| **Defendant**<br>Standing Oaks Venture Partners | |

**Defendant**
Erika Williams

**Defendant**
Tony Wilkins

**Defendant**
Dorothy Tucker Wilkins

**Defendant**
TechStars Central LLC

**Represented By**
Peter A. Silverman
*Smith, Gambrell & Russell, LLP*
312-264-1004
psilverman@sgrlaw.com

Elena Sucharetza
*Smith, Gambrell, & Russell LLP*
574-261-8984
esucharetza@sgrlaw.com

**Defendant**
W. Kelly Shannon
2817 S. Michigan Ave.
Chicago, IL 60616

**Defendant**
Brian Lamb

**Defendant**
Michael Greeby

**Defendant**
Grand Prix Printing, LLC

**Defendant**
Lila Goldston

**Defendant**
Daniel Goldstein

**Represented By**
Ana Condes
*Dla Piper Llp (us)*
312-368-3370
ana.condes@us.dlapiper.com

Jeffrey Scott Torosian
*Dla Piper Llp (us)*
312-368-4045
jeffrey.torosian@dlapiper.com

**Defendant**
CBS Broadcasting Inc

**Represented By**
Brendan J. Healey
*Baron Harris Healey*
312-741-1030
bhealey@bhhlawfirm.com

Sharon Renae Albrecht
*Baron Harris Healey*
651-352-7749
salbrecht@bhhlawfirm.com

**Defendant**
Cody Barbo

**Represented By**
Ana Condes
*Dla Piper Llp (us)*
312-368-3370
ana.condes@us.dlapiper.com

Jeffrey Scott Torosian
*Dla Piper Llp (us)*
312-368-4045
jeffrey.torosian@dlapiper.com

**Plaintiff**
Brown-Washington Trust

**Plaintiff**
Kimberly Jean Brown
1026 E. 46th St. Unit 2E
Chicago, IL 60653

+ Navigation | Edit Alert

**Docket last updated: 08/07/2026 5:03 AM CDT** Update Now

## Thursday, August 06, 2026

**162** ENTERED JUDGMENT. Mailed notice. (lxk, )

**161** MINUTE entry before the Honorable Martha M. Pacold: Mandatory in-person hearing held on 8/6/2026. Defendants appeared, but plaintiff did not appear. The court, in accordance with its prior ruling, see 152 , fines plaintiff the costs associated with defendants' appearance at today's hearing. See, e.g., Salmeron v. Enter. Recovery Sys., Inc. , 579 F.3d 787, 793 (7th Cir. 2009). Any defendant who wishes to receive costs should submit an itemized bill to the docket by 8/14/2026 detailing the costs associated with appearing in court on 8/6/2026. Plaintiff was repeatedly warned that failure to appear at today's hearing could result in dismissal of the case. See, e.g. ,147 ;152 . As more fully discussed on the record, plaintiff has now twice declined to attend an in-person hearing after being told such a hearing was mandatory, that her reasons for wanting to appear remotely are insufficient, and that the court has determined an in-person case management hearing is necessary. Further reasons for dismissal were stated on the record. This case is dismissed with prejudice as a sanction for failing to follow court orders and for want of prosecution. See Fed. R. Civ. P. 41(b). All pending motions are terminated as moot. Enter final judgment. Civil case terminated. Mailed notice. (lxk, )

## Wednesday, August 05, 2026

**160** RESPONSE by Kimberly Jean Brown in Opposition to defendant Storm Vaske's motion to dismiss132 (Exhibits) Related [+]. (bi,)

**159** MINUTE entry before the Honorable Martha M. Pacold: Plaintiff's "emergency motion to stay proceedings,"156 , is denied. Plaintiff has been told repeatedly that attendance at the in-person hearing on 8/6/2026 is mandatory. Yet plaintiff continues to file repetitive motions seeking not to appear. Again, plaintiff's basis for seeking not to appear is not supported by any evidence in the record, other than plaintiff's assertions which the court has repeatedly explained are insufficient. Plaintiff has served defendants and caused them to expend time and money on litigating and is therefore not entitled to a stay to seek counsel--the time for that was earlier than two days before a scheduled hearing (after already failing to attend a mandatory hearing) and earlier than serving a complaint on defendants. Part of filing a case involves being prepared to litigate it. If plaintiff files another repetitive motion she will be fined. Plaintiff, as noted previously, is obligated to attend court on 8/6/2026. The failure to do so will result in the sanctions mentioned in the court's prior order, see 152 . Mailed notice. (lxk, )

**158** MINUTE entry before the Honorable Martha M. Pacold: Inasmuch as plaintiff's motion153 for reconsideration was intended to be addressed to the court and was intended as a challenge to Judge McShain's ruling, see 140 , the motion is denied. The court has detected no legal error in, and agrees with, Judge McShain's ruling. Mailed notice. (lxk, )

## Tuesday, August 04, 2026

**157** EXHIBIT A by Plaintiff Kimberly Jean Brown Declaration of Kimberly Brown in Support of Motion to Stay Proceedings Related [+] (lj, )

**156** EMERGENCY MOTION by Plaintiff Kimberly Jean Brown to stay proceedings for ninety days to allow retention of counsel Related [+] Presented before Magistrate Judge (lj, )

## Monday, August 03, 2026

**155** RESPONSE by TechStars Central LLCin Support of MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant TechStars Central LLC Presented before Magistrate Judge 94 (Silverman, Peter)

**154** ATTORNEY Appearance for Defendant JP Morgan Chase Bank, N.A. by Mary Laird (Laird, Mary)

**152** MINUTE entry before the Honorable Martha M. Pacold: Plaintiff's motion151 for recruitment of counsel and/or to appear remotely is denied. Plaintiff has already submitted and has been denied an accommodations request for remote access. The arguments plaintiff raises have not changed, so the result does not either--plaintiff's request is denied. See, e.g. ,136 ;147 . Plaintiff is also warned that filing a further repetitive motion will lead to sanctions. See Salmeron v. Enter. Recovery Sys., Inc. , 579 F.3d 787, 793 (7th Cir. 2009). Plaintiff's request for the appointment of counsel is denied. There is no right to counsel in civil cases. Watts v. Kidman , 42 F.4th 755, 760 (7th Cir. 2022). In deciding whether to recruit counsel, the Court must determine whether (1) the plaintiff has made a reasonable attempt to obtain counsel on her own or has been effectively precluded from doing so; and if so, (2) given the difficulty of the case, the plaintiff appears competent to litigate it herself. Id. (citing Pruitt v. Mote , 503 F.3d 647, 65455 (7th Cir. 2007)). Because recruited counsel is a limited resource, the court may also consider the importance and likely merits of the party's claims. Id. at 763. Plaintiff did not, in the instant motion, describe any efforts to retain counsel (though she did assert that she had). But regardless, plaintiff is a licensed attorney. Moreover, at this stage plaintiff has successfully filed a complaint and several responses to pending motions to dismiss. Plaintiff thus appears competent to litigate for herself. Plaintiff's argument to the contrary--that she has a disability that makes telephonic hearings possible but not in-person hearings--is unsubstantiated by evidence and entirely conclusory. The court therefore finds it does not affect plaintiff's competence to litigate for herself. Accordingly, plaintiff's motion151 is denied. Plaintiff is warned that in-person attendance at the upcoming 8/6/2026 hearing, see 147 , is mandatory. Disagreement with a court order is not a basis to disregard it. If plaintiff does not appear she will be fined the costs defendants incur by attending, and her suit may be involuntarily dismissed for the failure to follow court orders. Fed. R. Civ. P. 41(b); Salmeron , 579 F.3d at 793. Mailed notice. (lxk, )

## Friday, July 31, 2026

**153** MOTION by Plaintiff Kimberly Jean Brown to reconsider or, in the alternative, to narrow the July 22, 2026 order staying discovery Related [+]. Presented before District Judge (bi,)

## Thursday, July 30, 2026

**151** EMERGENCY MOTION by Plaintiff Kimberly Jean Brown to preserve access to required hearings through limited recruitment of counsel or, in the alternative, remote appearance as a reasonable accommodation Related [+]. Presented before Magistrate Judge (bi,)

## Wednesday, July 29, 2026

**150** EXHIBITS by Plaintiff Kimberly Jean Brown regarding response in opposition to motion149 Related [+] (men, )

**149** RESPONSE by Plaintiff Kimberly Jean Brown in opposition to defendant Grand Prix Printing, LLC's motion to dismiss133 Related [+] (men, )

## Monday, July 27, 2026

**148** MINUTE entry before the Honorable Martha M. Pacold: Pursuant to147 , plaintiff's motion145 for reconsideration is denied. Mailed notice. (lxk, )

## Thursday, July 23, 2026

**147** MINUTE entry before the Honorable Martha M. Pacold: Status hearing held on 7/23/2026. Plaintiff appeared by phone in defiance of court orders,136 ,144 . Plaintiff's request for reconsideration regarding the court's denial of plaintiff's request to appear remotely, filed after business hours the day before the hearing, is denied. Plaintiff, as the court made clear in two prior orders,136 ;144 , was expected to attend the hearing in person. The request for reconsideration was untimely and is accordingly denied. Status hearing reset for 8/6/2026 at 9:20 a.m. in Courtroom 2325. Having failed to participate in person at the status hearing, plaintiff is warned that failure to participate in the next status hearing may result in dismissal for failure to prosecute the case and/or failure to comply with court orders. The court does, however, wish to clarify its statements at yesterday's hearing. As noted above, multiple rulings, see 136 &144 , made clear to plaintiff that her attendance at the hearing was required. That said, it has come to the court's attention that while it resolved plaintiff's request for accommodations well in advance of yesterday's hearing, that information was not conveyed to plaintiff by the staff responsible for conveying that information. The court recognizes, and apologizes for, this miscommunication. Pursuant to the court's resolution of plaintiff's accommodations request, which should now have been sent to plaintiff via email, her in-person appearance at the 8/6/2026 hearing is mandatory. Mailed notice. (lxk, )

**146** MINUTE entry before the Honorable Heather K. McShain: As discussed in the Order issued on 07/22/2026140 , the Court also grants plaintiffs' motion to attach Exhibits A and B instanter,107 . (pk, )

## Wednesday, July 22, 2026

**145** MOTION by Plaintiff Kimberly Jean Brown for clarification regarding ECF NO. 136 and motion for reconsideration of order denying telephonic access (ECF NO. 143) Related [+] Presented before Magistrate Judge (lj, )

**144** MINUTE entry before the Honorable Martha M. Pacold: Plaintiff's motion138 for telephonic access is denied. See136 . Plaintiff shall appear in person at the 7/23/2026 hearing. Mailed notice. (lxk, )

**143** MINUTE entry before the Honorable Martha M. Pacold: Plaintiff's motion138 for telephonic access is denied. See136 . Plaintiff shall appear in person at the 7/23/2026 hearing.

**142** ATTORNEY Appearance for Defendant Grand Prix Printing, LLC by Christopher S. Moore (Moore, Christopher)

**141** ATTORNEY Appearance for Defendant Storm Vaske by Christopher S. Moore (Moore, Christopher)

**140** ORDER: In accordance with Rule 26(c), and for the reasons stated in the accompanying Order the Court, the Court grants defendants' motion,101 , and stays discovery for all parties pending a ruling from the District Judge on defendants' motions to dismiss. Should any defendants other than Barbo or Goldstein wish to lift the stay while motions to dismiss are pending, they should meet and confer with plaintiffs and present a motion before the Magistrate Judge explaining with specificity what discovery they believe should go forward and why the Court's ruling in the accompanying Order is inapplicable. Enter Order. Due to the sheer number of parties in this case and pending motions to dismiss, the Court will not set a follow up joint status report date regarding the issues referred to the Magistrate Judge and will instead set a tracking status hearing on 09/23/2026 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). The parties may contact Magistrate Judge McShain's chambers at any time if the parties need Judge McShain's assistance with settlement. Signed by the Honorable Heather K. McShain on 7/22/2026. (pk, )

**139** MINUTE entry before the Honorable Martha M. Pacold: Defendants Grand Prix Printing and Storm Vaske's motion137 to appear telephonically at tomorrow's (7/23/2026) hearing is denied. The court set this hearing some time ago, see126 , and defendants' basis to appear telephonically is a pre-existing obligation. The motion is therefore untimely and denied accordingly. All parties shall appear at the 7/23/2026 hearing, in person. See also136 (deeming an in-person hearing necessary for case management). Mailed notice. (jjr, )

**138** MOTION by Plaintiff Kimberly Jean Brown for telephonic access to the July 23, 2026 status hearing Related [+] Presented before District Judge (men, )

**137** MOTION by Defendants Grand Prix Printing, LLC, Storm Vaske for leave to appear as Motion to Appear Telephonically at the July 23, 2026, Status Hearing Presented before Magistrate Judge (Lindberg, Jennifer)

**136** MINUTE entry before the Honorable Martha M. Pacold: Plaintiff has requested a continuance of Thursday's (7/23/26) status hearing on the grounds of a pending request for accommodations. See135 . That motion is denied, as the accommodations request has since been resolved and the hearing is necessary for case management given the number of parties and filings. The scheduled hearing, set for 7/23/26 at 10:30 a.m. in Courtroom 2325, see126 , stands. Mailed notice. (jjr, )

## Monday, July 20, 2026

**135** OPPOSED MOTION by Plaintiff Kimberly Jean Brown to reschedule joint status hearing Related [+]. Presented before Magistrate Judge (bi,)

**134** REPLY by CBS Broadcasting Inc to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant CBS Broadcasting Inc 75 , response in opposition to motion106 (Healey, Brendan)

## Friday, July 17, 2026

133 MOTION by Defendant Grand Prix Printing, LLC to dismiss Presented before Magistrate Judge(Lindberg, Jennifer)

Att: 1 Memorandum of Authorities in Support of Motion to Dismiss

132 MOTION by Defendant Storm Vaske to dismiss Presented before Magistrate Judge(Lindberg, Jennifer)

Att: 1 Memorandum of Authorities in Support of Motion to Dismiss

**Friday, July 10, 2026**

131 EXHIBIT D by Plaintiff Kimberly Jean Brown Related [+] (men, )

130 EXHIBIT C by Plaintiff Kimberly Jean Brown Related [+] (men, )

129 EXHIBIT GROUP B by Plaintiff Kimberly Jean Brown Related [+] (men, )

128 EXHIBIT A by Plaintiff Kimberly Jean Brown Related [+] (men, )

127 RESPONSE by Plaintiff Kimberly Jean Brown in opposition to defendants Cody Barbo and Daniel Goldstein's motion to dismiss82 . (Appendix) Related [+] (men, )

126 MINUTE entry before the Honorable Martha M. Pacold: Status hearing set for 7/23/2026 at 10:30 a.m. in Courtroom 2325. Mailed notice. (lxk, )

**Thursday, July 09, 2026**

125 NOTICE AND REQUEST regarding summons issued to deceased Individual filed by Kimberly Jean Brown. Related [+] (jh, )

122 SUMMONS Issued (Court Participant) as to Defendants Lila Goldston, Brian Lamb, Dorothy Tucker Wilkins (Third Alias)(mpv, )

Att: 1 Summons for Tucker,

Att: 2 Summons for Lamb

**Wednesday, July 08, 2026**

123 8 pgs PROGRESS Report Regarding Status of Service filed by Kimberly Jean Brown; (Exhibits) Related [+] (jh, )

121 MINUTE entry before the Honorable Martha M. Pacold: By 7/16/2026, plaintiff shall file a status report on the progress of service and note whether the pending motion110 asking the court to help facilitate service is now moot. Mailed notice. (lxk, )

**Tuesday, July 07, 2026**

120 RESPONSE by Kimberly Jean Brown in Opposition to Defendant TechStars Central LLC's motion to dismiss Related [+]. (bi,)

Att: 1 Exhibit A-1,
Att: 2 Exhibit B,
Att: 3 Exhibit C,
Att: 4 Exhibit D

**119** INSTANTER MOTION by Plaintiff Kimberly Jean Brown for leave to file Plaintiff's response in opposition to Defendant Techstars Central LLC's motion to dismiss (Exhibits) Related [+]. Presented before Magistrate Judge (bi,)

**115** SUMMONS Returned Executed by Kimberly Jean Brown as to Michael Greeby Related [+]. (bi,)

## Monday, July 06, 2026

**118** SUMMONS Returned Unexecuted by Kimberly Jean Brown as to Brian Lamb Related [+]. (bi,)

**117** SUMMONS Returned Executed by Kimberly Jean Brown as to Grand Prix Printing LLC Related [+]. (bi,)

**116** SUMMONS Returned Executed by Kimberly Jean Brown as to Storm Vaske Related [+]. (bi,)

**114** SUMMONS Returned Unexecuted by Kimberly Jean Brown as to Standing Oaks Venture Partners, Tony Wilkins, Erika Williams Related [+]. (bi,)

Att: 1 USM-285,
Att: 2 USM-285

## Friday, July 03, 2026

**113** 18 pgs MEMORANDUM by JP Morgan Chase Bank, N.A. in support of Motion to Dismiss for Failure to State a Claim112 (Holmes, Patricia)

**112** MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant JP Morgan Chase Bank, N.A. Presented before District Judge (Holmes, Patricia)

## Wednesday, July 01, 2026

**111** 31 pgs INSTANTER MOTION by Plaintiff Kimberly Jean Brown to direct the Clerk of the Court to file plaintiff's submission as originally submitted. (Attachment: Proposed Order) Related [+] Presented before Magistrate Judge (rc, )

**110** 6 pgs INSTANTER MOTION by Plaintiff Kimberly Jean Brown to compel compliance wit the court's order directing service by the United States Martial Service. (Attachment: Proposed Order) Related [+] Presented before Magistrate Judge (rc, )

## Monday, June 29, 2026

**109** EXHIBIT 2 by Plaintiff Kimberly Jean Brown to Instanter Motion Related [+] (lj, )



**108** EXHIBIT 1 by Plaintiff Kimberly Jean Brown to Instanter Motion Related [+] (lj, )

107 MOTION by Plaintiff Kimberly Jean Brown for leave to file exhibits for ECF NO. 104 (Exhibits) Related [+] Presented before Magistrate Judge (lj, )

106 74 pgs OPPOSITION by Plaintiff Kimberly Jean Brown to CBS Broadcasting Inc.'s motion to dismiss75 . (Exhibits) Related [+] (men, )

105 MINUTE entry before the Honorable Heather K. McShain: In light of the pending motion to stay discovery, the Court strikes the currently set 07/02/2026 joint status report deadline93 . The Court will reset the date if necessary after ruling on the motion to stay. (pk, )

**Friday, June 26, 2026**

104 RESPONSE by Kimberly Jean Brown in opposition to defendants Cody Barbo, Daniel Goldstein's motion to stay discovery101 . Presented before Magistrate Judge (rc, )

**Thursday, June 18, 2026**

102 MINUTE entry before the Honorable Heather K. McShain. Defendants Cody Barbo and Daniel Goldstein's motion to stay discovery101 is entered and continued. Plaintiff's response due 06/26/2026. No reply to be filed without leave of the Court. Once the Court has reviewed the briefs, it will decide whether it can rule on the papers or whether a motion hearing is required. Mailed notice (sxw)

**Wednesday, June 17, 2026**

101 MOTION by Defendants Cody Barbo, Daniel Goldstein to stay Cody Barbo and Daniel Goldstein's Motion to Stay Discovery Presented before Magistrate Judge (Torosian, Jeffrey)

100 Opposition to Plaintiff's Declaration by Cody Barbo, Daniel Goldstein Cody Barbo and Daniel Goldstein's Opposition to Plaintiff's Declaration (Torosian, Jeffrey)

**Tuesday, June 16, 2026**

99 MINUTE entry before the Honorable Martha M. Pacold: The court has received defendant TechStars Central LLC's motion to dismiss for failure to state a claim,75 . Plaintiff is directed to file a response to the motion by 7/6/26. Defendant will then have until 8/3/26 to file their reply. Mailed notice. (jjr, )

96 SUMMONS Issued (Court Participant) as to Defendant Tony Wilkins (Second Alias) (jm, )

**Monday, June 15, 2026**

98 SUMMONS Issued (Court Participant) as to Defendant Michael Greeby (Second Alias) (jm, )

97 SUMMONS Issued (Court Participant) as to Defendant Standing Oaks Venture Partners (Second Alias) (jm, )

95 12 pgs MEMORANDUM by TechStars Central LLC in support of Motion to Dismiss for Failure to State a Claim94 (Silverman, Peter)

Att: 1 Exhibit A

94 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant TechStars Central LLC Presented before Magistrate Judge (Silverman, Peter)

93 MINUTE entry before the Honorable Heather K. McShain: This case has been referred to Magistrate Judge McShain for purposes of discovery supervision and scheduling, to set a deadline to file any motions for leave to amend the pleadings, to set a dispositive motions schedule, and for settlement.90 ;91 . The Court has reviewed plaintiff's most recent status report.92 The parties shall meet and confer and file a joint status report on or before 07/02/2026. The parties are directed to review the procedures for initial status reports, including Judge McShain's Standing Order for Initial Status Report, available on the Court's website at www.ilnd.uscourts.gov by selecting the link for Magistrate Judge McShain and then the link for "Initial Status Report." As detailed in Judge McShain's standing order, the report should include the following: (a) a proposed discovery schedule; (b) a statement indicating whether expert discovery is anticipated; (c) a description of settlement discussions, if any; (d) a deadline to amend the pleadings; and (e) any other issues the parties believe should be brought to the Court's attention. To the extent the parties anticipate discovery of electronically stored information, the parties are urged to work cooperatively on an ESI protocol to govern the collection and production of ESI discovery in this case. Should a dispute arise during discovery, parties are directed to review Magistrate Judge McShain's requirements for discovery motions (available on the Court's website by selecting the link for Magistrate Judge McShain and then the link for "Discovery Motion Requirements") in advance of the filing of any discovery motion. The parties are expected to proceed with discovery unless they move for and obtain a court-ordered stay of discovery. Any requests for a stay of discovery should be made via a formal motion establishing good cause. If plaintiff needs advice on how to navigate the discovery process, she may contact the U.S. District Court Hibbler Memorial Pro Se Assistance Program by clicking on the following link for more information and to request additional assistance: https://hibbler-memorial-pro-se-assistance-program.appointlet.com. The Court also directs plaintiff to the Northern District of Illinois's website, which includes various resources for pro se litigants (see "Information for People without Lawyers (Pro Se)"). The parties may contact chambers at any time (by email to Chambers_McShain@ilnd.uscourts.gov) if they would like the Court's assistance with settlement. (pk, )

**Friday, June 12, 2026**

91 MINUTE entry before the Honorable Martha M. Pacold: The court has received defendants Cody Barbo and Daniel Goldstein's motion to dismiss for failure to state a claim,82 . Plaintiff is directed to file a response to the motion by July 10, 2026. Defendants will then have until August 7, 2026, to file their reply. Mailed notice. (lxk, )

90 Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Honorable Heather K. McShain for the purpose of holding proceedings related to: discovery supervision and scheduling, to set a deadline to file any motions for leave to amend the pleadings, to set a dispositive motions schedule, and for settlement. (lxk, ) Mailed notice.

**Thursday, June 11, 2026**

92 6 pgs STATUS Report dated 6/11/2026 filed by Kimberly Jean Brown. Related [+] (jh, )

**Wednesday, June 10, 2026**

89 DECLARATION of Kimberly Jean Brown Related [+]. (bi,)

Att: 1 Exhibit 1,
Att: 2 Exhibit 2,
Att: 3 Exhibit 3

**Monday, June 08, 2026**

88 1 pgs ANSWER by W. Kelly Shannon Related [+]. (bi,)

**Thursday, June 04, 2026**

87 MINUTE entry before the Honorable Martha M. Pacold: Defendant Techstars Central, LLC's unopposed first motion for extension of time to answer or otherwise plead,78 , is granted. Defendant Techstars Central, LLC to answer or otherwise plead by 7/2/2026. Mailed notice. (lxk, )

86 1 pgs MINUTE entry before the Honorable Martha M. Pacold: The court has received defendant CBS Broadcasting, Inc.'s motion to dismiss for failure to state a claim,75 . Plaintiff is directed to file a response to the motion by 6/29/26. Defendant will then have until 7/20/26 to file their reply. Mailed notice. (lxk, )

85 1 pgs DECLARATION of Daniel Goldstein regarding Motion to Dismiss for Failure to State a Claim82 (Torosian, Jeffrey)

84 DECLARATION of Cody Barbo regarding Motion to Dismiss for Failure to State a Claim82 (Torosian, Jeffrey)

83 12 pgs MEMORANDUM by Cody Barbo, Daniel Goldstein in support of Motion to Dismiss for Failure to State a Claim82 (Torosian, Jeffrey)

82 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Cody Barbo, Daniel Goldstein (Torosian, Jeffrey)

81 ATTORNEY Appearance for Defendants Cody Barbo, Daniel Goldstein by Ana Condes (Condes, Ana)

80 ATTORNEY Appearance for Defendants Cody Barbo, Daniel Goldstein by Jeffrey Scott Torosian (Torosian, Jeffrey)

**Wednesday, June 03, 2026**

79 ATTORNEY Appearance for Defendant TechStars Central LLC by Elena Sucharetza (Sucharetza, Elena)

78 MOTION by Defendant TechStars Central LLC for extension of time to file answer UNOPPOSED FIRST MOTION OF TECHSTARS FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD (Silverman, Peter)

77 ATTORNEY Appearance for Defendant TechStars Central LLC by Peter A. Silverman (Silverman, Peter)

**Tuesday, June 02, 2026**

**76** 15 pgs MEMORANDUM by CBS Broadcasting Inc in support of Motion to Dismiss for Failure to State a Claim75 (Healey, Brendan)

Att: 1 Exhibit A,

Att: 2 Exhibit B

**75** 4 pgs MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant CBS Broadcasting Inc (Healey, Brendan)

**74** NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by CBS Broadcasting Inc (Healey, Brendan)

**73** ATTORNEY Appearance for Defendant CBS Broadcasting Inc by Brendan J. Healey (Healey, Brendan)

**72** ATTORNEY Appearance for Defendant CBS Broadcasting Inc by Sharon Renae Albrecht (Albrecht, Sharon)

## Monday, June 01, 2026

**71** SUMMONS Returned Executed by Kimberly Jean Brown as to CBS Broadcasting Inc on 5/12/2026, answer due 6/2/2026 Related [+]. (bi,)

**70** SUMMONS Returned Executed by Kimberly Jean Brown as to Cody Barbo on 5/14/2026, answer due 6/4/2026 Related [+]. (bi,)

**69** SUMMONS Returned Executed by Kimberly Jean Brown as to Daniel Goldstein on 5/14/2026, answer due 6/4/2026 Related [+]. (bi,)

**68** SUMMONS Returned Executed by Kimberly Jean Brown as to Grand Prix Printing, LLC on 5/15/2026, answer due 6/5/2026 Related [+]. (bi,)

**67** SUMMONS Returned Executed by Kimberly Jean Brown as to JP Morgan Chase Bank, N.A. on 5/13/2026, answer due 6/3/2026 Related [+]. (bi,)

**66** SUMMONS Returned Executed by Kimberly Jean Brown as to TechStars Central LLC on 5/12/2026, answer due 6/2/2026 Related [+]. (bi,)

**65** SUMMONS Returned Executed by Kimberly Jean Brown as to Strorm Vaske on 5/15/2026, answer due 6/5/2026 Related [+]. (bi,)

**64** MINUTE entry before the Honorable Martha M. Pacold: Defendant JPMorgan Chase Bank, N.A.'s unopposed motion for extension of time to answer,62 , is granted. Defendant JPMorgan Chase Bank, N.A. to answer or otherwise plead by 7/17/2026. Mailed notice. (lxk, )

## Friday, May 29, 2026

63 MINUTE entry before the Honorable Martha M. Pacold: Defendant Grand Prix Printing, LLC's motion for extension of time to answer or otherwise respond,56 , is granted. Defendant Grand Prix Printing, LLC to answer or otherwise respond by 7/17/2026. Defendant Storm Vaske's motion for extension of time to respond to complaint,57 , is granted. Defendant Storm Vaske to answer or otherwise respond by 7/17/2026. Mailed notice. (lxk, )

**Thursday, May 28, 2026**

62 MOTION by Defendant JP Morgan Chase Bank, N.A. for extension of time to file answer (Unopposed) (Holmes, Patricia)

61 NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by JP Morgan Chase Bank, N.A. (Holmes, Patricia)

60 ATTORNEY Appearance for Defendant JP Morgan Chase Bank, N.A. by Patricia Brown Holmes (Holmes, Patricia)

59 ATTORNEY Appearance for Defendant JP Morgan Chase Bank, N.A. by Lucas Thor Rael (Rael, Lucas)

58 ATTORNEY Appearance for Defendant JP Morgan Chase Bank, N.A. by Steven Erick Vogel (Vogel, Steven)

**Tuesday, May 26, 2026**

57 MOTION by Defendant Strorm Vaske for extension of time to respond to complaint Related [+]. (bi,)

56 MOTION by Defendant Grand Prix Printing, LLC for extension of time to answer or otherwise respond Related [+]. (bi,)

**Friday, May 22, 2026**

55 SUMMONS Returned Executed by Kimberly Jean Brown as to W. Kelly Shannon on 5/22/2026, answer due 6/12/2026. Related [+] (lj, )

54 1 pgs SUMMONS Returned Executed by Kimberly Jean Brown as to Michael Greeby on 5/13/2026, answer due 6/3/2026; Tony Wilkins on 5/13/2026, answer due 6/3/2026. Related [+](lj, )

Att: 1 1 pgs USM-285,
Att: 2 1 pgs USM-285

**Monday, May 18, 2026**

53 MINUTE entry before the Honorable Martha M. Pacold: Plaintiff has asked the court for assistance with completing service. See 52 . Plaintiff should follow the Marshals' procedures for the Marshals to accomplish service, file another status report within 30 days about the status of service, and contact the Hibbler Help Desk if she has questions. If Plaintiff has questions about proceeding pro se, Plaintiff may contact the Hibbler Help Desk, which can be reached at (312) 702-8825, or www.ilnd.uscourts.gov, and click on the link Information for People Without Lawyers. The court notes that plaintiff is responsible for arranging for the proper effectuation of service by 7/7/2026. See 47 . Mailed notice. (lxk, )

## Tuesday, May 12, 2026

**52** STATUS Report dated May 12, 2026 by Kimberly Jean Brown Related [+]. (bi,)

## Wednesday, April 15, 2026

**51** MINUTE entry before the Honorable Martha M. Pacold: By 5/22/2026, plaintiffs should file an updated status report. Mailed notice. (lxk, )

## Friday, April 10, 2026

**49** UPDATED STATUS Report by Kimberly Jean Brown Related [+]. (bi,)

## Tuesday, April 07, 2026

**48** SUMMONS Issued (Court Participant) as to Defendants Cody Barbo, CBS Broadcasting Inc, Daniel Goldstein, Lila Goldston, Grand Prix Printing, LLC, Michael Greeby, JP Morgan Chase Bank, N.A., Brian Lamb, W. Kelly Shannon, TechStars Central LLC, Dorothy Tucker Wilkins, Strorm Vaske, Tony Wilkins, Erika Williams(man, )

Att: 1 Summons,
Att: 2 Summons,
Att: 3 Summons,
Att: 4 Summons,
Att: 5 Summons,
Att: 6 Summons,
Att: 7 Summons,
Att: 8 Summons,
Att: 9 Summons,
Att: 10 Summons,
Att: 11 Summons,
Att: 12 Summons,
Att: 13 Summons,
Att: 14 Summons

## Monday, April 06, 2026

**47** MINUTE entry before the Honorable Martha M. Pacold: Plaintiff's motion46 for leave to file a status report and for an extension of time to complete service is granted. Plaintiff shall separately file the status report on the docket by 4/13/2026. Plaintiff shall complete service by 7/7/2026. Given plaintiff's financial circumstances, the U.S. Marshals Service is appointed to serve the defendants with summons and complaint once plaintiff has submitted completed summonses and USM-285 forms and the Clerk's Office has issued summonses. Mailed notice. (lxk, )

## Friday, April 03, 2026

46 ☆ INSTANTER MOTION by Plaintiff Kimberly Jean Brown for leave to file status report and request to extend service effectuation. (Exhibits) Related [+] (vkm, )

## Thursday, February 05, 2026

45 ☆ SUMMONS Issued (Court Participant) as to Defendants Cody Barbo, CBS Broadcasting Inc, Daniel Goldstein, Lila Goldston, Grand Prix Printing, LLC, Michael Greeby, JP Morgan Chase Bank, N.A., Brian Lamb, W. Kelly Shannon, TechStars Central LLC, Dorothy Tucker Wilkins, Strorm Vaske, Tony Wilkins, Erika Williams(gmc, )

Att: 1 Summons,
Att: 2 Summons,
Att: 3 Summons,
Att: 4 Summons,
Att: 5 Summons,
Att: 6 Summons,
Att: 7 Summons,
Att: 8 Summons,
Att: 9 Summons,
Att: 10 Summons,
Att: 11 Summons,
Att: 12 Summons,
Att: 13 Summons

## Monday, February 02, 2026

30 ☆ COMPLAINT filed by Kimberly Jean Brown; Jury Demand. (vkm, )

29 ☆ MINUTE entry before the Honorable Martha M. Pacold: Plaintiff's motion to proceed in forma pauperis23 is granted as plaintiff meets the requisite financial difficulties justifying such status. Plaintiff's motion for an extension of time to effectuate service26 is granted, as there is good cause for delay. Fed. R. Civ. P. 4(m). Plaintiff shall complete service by 3/20/2026 and file a report on the status of service by 3/24/2026. Plaintiff's motion to confirm appearance and request a stay28 is granted in part and denied in part. Plaintiff has appeared pro se on behalf of herself, and the court acknowledges, per her request, that she may do so. The court denies the motion for a stay as the deadlines it has imposed in the instant order permit enough time for the Brown-Washington Trust to retain counsel. Mailed notice. (evw, )

## Thursday, January 29, 2026

28 ☆ MOTION by Plaintiff Kimberly Jean Brown to file instanter MOTION TO CONFIRM APPEARANCE AND REQUEST STAY (Brown, Kimberly)

## Tuesday, January 27, 2026

**27** MINUTE entry before the Honorable Martha M. Pacold: Telephone status hearing held on 1/27/2026. Plaintiff's motion to request pro se litigant access to CM/ECF,4 , is denied as moot for the reasons stated on the record. Plaintiff's amended application for leave to proceed in forma pauperis,23 , and plaintiff's motion for extension of time to effectuate service,26 , are taken under advisement. By 3/27/2026, plaintiff should file a status report with an update on the status of the case. Mailed notice. (lxk, )

## Monday, January 26, 2026

**26** MOTION by Plaintiff Kimberly Jean Brown for extension of time Motion for Extension of Time to Effectuate Service (Brown, Kimberly)

## Wednesday, December 31, 2025

**25** ANNUAL REMINDER: Pursuant to[LINK:Local Rule 3.2 (Notification of Affiliates)] [LINK:, any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this] [LINK:LINK] [LINK:will provide additional information. Signed by the Honorable Virginia M. Kendall on 12/31/2025: Mailed notice. (tg, )

## Tuesday, December 30, 2025

**24** MINUTE entry before the Honorable Martha M. Pacold: Telephone status hearing is set for 1/27/2026 at 9:10 a.m. To join the telephone hearing please dial 650-479-3207 and enter access code 2310 276 7442#. Press # when prompted for an attendee number. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (lxk, )

## Friday, December 26, 2025

**23** APPLICATION by Plaintiff Kimberly Jean Brown for leave to proceed in forma pauperis Amended Application for In Forma Pauperis (Brown, Kimberly)

## Tuesday, December 23, 2025

22 MINUTE entry before the Honorable Martha M. Pacold: Plaintiff has filed to proceed in forma pauperis20 and has filed for a status update on her IFP application21 . Plaintiff's motion20 is denied without prejudice to re-filing, as several mandatory lines were left blank. Plaintiff shall either file a completed application by 1/16/2026 or pay the required filing fees. The failure to comply with court-ordered deadlines may result in dismissal for want of prosecution and / or failure to comply with court orders. Fed. R. Civ. P. 41. Mailed notice. (lxk, )

**Tuesday, December 16, 2025**

21 APPLICATION by Plaintiff Kimberly Jean Brown for leave to proceed in forma pauperis Request for status on IFP application (Brown, Kimberly)

**Wednesday, October 08, 2025**

20 2 pgs APPLICATION by Plaintiff Kimberly Jean Brown for leave to proceed in forma pauperis (Brown, Kimberly)

**Monday, October 06, 2025**

4 MOTION to request Pro Se Litigant access to CM/ECF by Plaintiff Kimberly Jean Brown. Related [+] (ph, )

3 PRO SE Appearance by Plaintiff Kimberly Jean Brown. Related [+] (ph, )

2 CIVIL Cover Sheet. Related [+] (ph, )

1 38 pgs RECEIVED Complaint and no copies by Kimberly Jean Brown, Brown-Washington Trust. Related [+] (ph, )

CASE ASSIGNED to the Honorable Martha M. Pacold. Designated as Magistrate Judge the Honorable Heather K. McShain. FEE DUE, NO INFORMA PAUPERIS APPLICATION SUBMITTED. Case assignment: Random assignment. (Civil Category 2). (ph, )

CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, all parties must sign their names on the attached[LINK:Consent To] [LINK:form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (ph, )

**Showing** All

Support • Privacy Policy • Cookie Policy • Terms • About
PacerMonitor, LLC © 2026.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown | \| | Case: 25-cv-12209 |
| Plaintiff | \| | |
| vs. | \| | |
| CBS News and Stations, et al | \| | Honorable Judge |
| Defendants | \| | Martha M. Pacold |

**EXHIBIT J**
TO PLAINTIFF'S RULE 59(e) / RULE 60(b) MOTION

- Minute Entry ECF No. 152; Docket Sheet, Exhibit I at p. 5, *Entry Omitted*

-Court reasoned that because Plaintiff had drafted a complaint and responses to motions to dismiss, she was competent to appear in person

Kimberly Jean Brown, JD
Plaintiff pro se
1026 E. 46th Street, Unit 2E
Chicago, Illinois 60653
Kim@PrivacyGladiators.com
773-673-0324
September 1, 2026

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Kimberly Jean Brown, et al.
Plaintiff,
v.
CBS Broadcasting Inc, et al.
Defendant.

Case No.: 1:25–cv–12209
Honorable Martha M. Pacold

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, August 3, 2026:

MINUTE entry before the Honorable Martha M. Pacold: Plaintiff's motion [151] for recruitment of counsel and/or to appear remotely is denied. Plaintiff has already submitted and has been denied an accommodations request for remote access. The arguments plaintiff raises have not changed, so the result does not either––plaintiff's request is denied. *See, e.g.*, [136]; [147]. Plaintiff is also warned that filing a further repetitive motion will lead to sanctions. *See Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009). Plaintiff's request for the appointment of counsel is denied. There is no right to counsel in civil cases. *Watts v. Kidman*, 42 F.4th 755, 760 (7th Cir. 2022). In deciding whether to recruit counsel, the Court must determine whether (1) the plaintiff has made a reasonable attempt to obtain counsel on her own or has been effectively precluded from doing so; and if so, (2) given the difficulty of the case, the plaintiff appears competent to litigate it herself. *Id.* (citing *Pruitt v. Mote*, 503 F.3d 647, 65455 (7th Cir. 2007)). Because recruited counsel is a limited resource, the court may also consider the importance and likely merits of the party9;s claims. *Id.* at 763. Plaintiff did not, in the instant motion, describe any efforts to retain counsel (though she did assert that she had). But regardless, plaintiff is a licensed attorney. Moreover, at this stage plaintiff has successfully filed a complaint and several responses to pending motions to dismiss. Plaintiff thus appears competent to litigate for herself. Plaintiff's argument to the contrary––that she has a disability that makes telephonic hearings possible but not in–person hearings––is unsubstantiated by evidence and entirely conclusory. The court therefore finds it does not affect plaintiff's competence to litigate for herself. Accordingly, plaintiff's motion [151] is denied. Plaintiff is warned that in–person attendance at the upcoming 8/6/2026 hearing, *see* [147], is mandatory. Disagreement with a court order is not a basis to disregard it. If plaintiff does not appear she will be fined the costs defendants incur by attending, and her suit may be involuntarily dismissed for the failure to follow court orders. Fed. R. Civ. P. 41(b); *Salmeron*, 579 F.3d at 793. Mailed notice. (lxk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown | \| | Case: 25-cv-12209 |
| Plaintiff | \| | |
| vs. | \| | |
| CBS News and Stations, et al | \| | Honorable Judge |
| Defendants | \| | Martha M. Pacold |

**EXHIBIT K**
TO PLAINTIFF'S RULE 59(e) / RULE 60(b) MOTION

- Declaration Of Kimberly Jean Brown In Support Of Rule 59(E) Motion

Kimberly Jean Brown, JD
Plaintiff pro se
1026 E. 46th Street, Unit 2E
Chicago, Illinois 60653
Kim@PrivacyGladiators.com
773-673-0324
September 1, 2026

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Kimberly Jean Brown | \| | Case: 25-cv-12209 |
| Plaintiff | \| | |
| | \| | |
| vs. | \| | Honorable Judge |
| | \| | Martha M. Pacold |
| CBS News and Stations, et al | \| | |
| Defendants | \| | |

**EXHIBIT K**

**DECLARATION OF KIMBERLY JEAN BROWN IN SUPPORT OF RULE 59(E) MOTION TO ALTER OR AMEND JUDGMENT**

I, Kimberly Jean Brown, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a Plaintiff in this action. I submit this declaration in support of my Motion under Rule 59(e) to alter or amend the August 6, 2026 judgment (ECF No. 162), vacate the Rule 41(b) dismissal with prejudice and cost sanctions (ECF No. 161), and restore this case to the active docket.

2. I am proceeding pro se and in forma pauperis (ECF No. 29).

3. I suffer from severe anxiety that developed into agoraphobia more than five years ago. I also have a separate learning difference which impacts my ability to communicate under acute stress.

4. I experience severe panic attacks when I attempt to leave my immediate environment. Over the last five years, I have been able to travel no more than a three blocks from my residence and I accomplished that on less than five occasions total.

5. My difficulty leaving home has prevented me from obtaining in-person medical care or attending family events. The absence of recent medical documentation reflects the severity of my mobility limitation, not a lack of sincerity.

6. Drafting legal pleadings at home allows me to work at a pace I set, review materials, and manage my condition. My ability to prepare written briefs at home is not equivalent to my physical capacity to travel to the federal courthouse, navigate public spaces, and argue orally in real time.

7. Earlier in this litigation, I participated in a court status hearing conducted by telephone on January 27, 2026 (ECF No. 27). I believed all of the status conferences early in the litigation would be held telephonically.

8. On July 9, 2026, the Court scheduled an in-person status conference for July 23, 2026 (ECF No. 126).

9. When I became aware that in-person attendance was mandatory, I submitted a formal accommodation request to Court Services seeking remote access.

10. On July 22, 2026, not having a response from Court Services, I filed a Motion for Telephonic Access to the July 23 hearing (ECF No. 138).

11. I called into the Court's bridge line for the July 23 hearing to participate in good faith.

12. The Court admonished my telephonic attendance as defiant of the Court's order. However, that was not my intent.

13. Following the July 23 status conference, the Court acknowledged in ECF No. 147 that while Court Services had resolved my accommodation request, staff had failed to convey that determination to me, and the Court apologized for the administrative miscommunication.

14. The Court scheduled another in-person status conference for August 6, 2026. Being unable to attend in-person, I sought practical alternatives to keep my case alive.

15. On July 30, 2026, I filed a motion seeking recruited limited-purpose hearing counsel or remote access (ECF No. 151).

16. When that was denied on August 3 (ECF No. 152), I filed an Emergency Motion on August 4 (ECF No. 156) seeking a 90-day stay to retain private counsel to physically appear for me.
17. I did not ask for an indefinite delay; I committed to submitting a status report on my attorney retention efforts.
18. The Court denied that motion on August 5, 2026.
19. My motions were good-faith efforts to remain engaged in this litigation despite a severe physical barrier. I never intended to abandon this action or willfully disobey court orders.
20. If relief from judgment is granted, I will make diligent efforts to retain private counsel to appear in-person on my behalf.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 1, 2026

/s/ Kimberly Jean Brown
Kimberly Jean Brown, JD
Plaintiff pro se
1026 E. 46th Street, Unit 2E
Chicago, Illinois 60653
(773) 673-0324
Kim@PrivacyGladiators.com

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**SUPPLEMENTAL APPENDIX B — TAB 21**

**DOCKET NOS. 168 & 169**
FILED: OCTOBER 2, 2026

PLAINTIFF'S MOTION TO WAIVE TRANSCRIPT FEES / MOTION FOR TRANSCRIPTS AT GOVERNMENT EXPENSE AND AMENDMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
CASE NO. 1:25-CV-12209

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

BC
FILED
10/1/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
MPV

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown, | \| | Case No. 1:25-cv-12209 |
| Plaintiff | \| | |
| | \| | Judge Martha M. Pacold, |
| v. | \| | Presiding |
| | \| | |
| CBS Broadcasting Inc., et al., | \| | Magistrate Judge Heather K. |
| Defendants. | \| | McShain |

**PLAINTIFF'S MOTION FOR PACER ACCESS, WAIVER OF TRANSCRIPT FEES**

NOW COMES Plaintiff, Kimberly Jean Brown, pro se, respectfully moving this Court for an order: 1) restoring Plaintiff's PACER/CM-ECF electronic access; and 2) waiving transcript preparation fees at public expense.

In support of this motion, Plaintiff states as follows:

**BACKGROUND**

On February 17, 2026, the Executive Committee of the Northern District of Illinois abruptly revoked Plaintiff's filing credentials without providing Plaintiff prior notice or due process. *See ECF No. 89-1 at pp. 29–32 of 37.* The Executive Committee's deemed Plaintiff a frivolous filer, incorrectly citing that Plaintiff had filed five new cases in the preceding twelve months. *Id.* The Executive Committee's stated goal was to prevent Plaintiff from filing new cases. *Id.*

However, Plaintiff maintained a pro se account and new cases cannot be opened using standard pro se credentials. No adjustment needed to be made to Plaintiff's PACER account to achieve the stated goal. Nevertheless, Plaintiff's access to her PACER account was completely disabled. As a result, on or about February 18, 2026, Plaintiff became unable to use PACER to upload filings, conduct legal research, or view sealed or non-public docket items in her open cases. Plaintiff has been unsuccessful in her attempts to reinstate her PACER access.

Plaintiff is preparing to file an appeal in this matter. Plaintiff requires not only PACER access to prosecute the appeal, but also transcripts of the status conferences on July 23, 20226 and August 6, 2026. Plaintiff has IFP status.

**LEGAL AUTHORITY**

- CM/ECF and PACER Access for Pro Se Litigants: Under Northern District of Illinois Local Rule 5.2(a) and the N.D. Ill. General Order on Electronic Case Filing, the Court retains inherent authority and discretion to grant pro se litigants electronic filing and viewing privileges upon a showing of good cause and extraordinary circumstances.

- Transcript Fees at Public Expense: Under 28 U.S.C. § 753(f) and 28 U.S.C. § 1915(l), fees for transcripts in civil proceedings may be paid by the United

States for persons proceeding in forma pauperis (IFP) if the trial judge or a circuit judge certifies that the appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

**ARGUMENT**

**1. Lack of PACER access causes prejudice by creating an information gap.**

As a direct result of the disablement of Plaintiff's PACER account, Plaintiff is forced to use third-party applications to view the docket in this matter, viewing filings as a member of the general public rather than an active case participant. Consequently, several docket entries hidden from the general public are unavailable to Plaintiff including ECF Nos. 5–19, 31–44, 50, 103, 122, 124, 163, and 165. Without full access to the complete record (as PACER access would provide), Plaintiff is significantly prejudiced and disadvantaged in preparing her appeal.

**2. Lack of PACER access causes potential, avoidable filing errors**

Without PACER filing credentials, Plaintiff's only electronic filing option is to submit filings via the District Court's pro se electronic dropbox, which submissions are then manually docketed by the Clerk of the Court. However, that filing vector has directly caused multiple filing errors beyond Plaintiff's control:

- ECF No. 106: A submission was modified during the docketing process. *See ECF No. 111.*
- ECF No. 104: A submission was filed on wrong docket. *See ECF No. 107.*
- ECF No. 92 at p.4: Irregularities were introduced regarding whether a defendant was properly added as a defendant on the docket.

Plaintiff experienced similar post-PACER-revocation docketing difficulties in Case No. 0:25-1561 (*See ECF No. 89-1 at pp. 33–34 of 37)* which were further exacerbated by that case being docketed as a private case. *Id.* Having PACER access ensures Plaintiff's submissions are properly docketed and ensures Plaintiff can properly access the case docket as a litigant.

**3. Lack of PACER access causes Plaintiff to incur avoidable costs.**

Plaintiff is filing an appeal in this matter. The Seventh Circuit does not maintain an electronic pro se dropbox. Without PACER filing privileges or another electronic submission option, Plaintiff is forced to incur the cost of printing and courier delivery to deliver physical paper copies to the Seventh Circuit's Clerk of Court. This unnecessarily inflates litigation costs for a litigant proceeding with IFP status. Providing Plaintiff PACER access will allow Plaintiff to efficiently submit appellate filings while avoiding the costs for printing and courier delivery.

**4. Waiver of Transcript Fees**

Plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 753(f), Plaintiff respectfully requests that the Court order transcript preparation fees waived and paid by the United States. The transcripts are essential to resolve the issues to be raised on appeal and Plaintiff is undertaking the appeal in good faith.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter an Order:

- Granting Plaintiff PACER and electronic viewing/filing access for this action;
- Waiving transcript preparation fees at public expense pursuant to 28 U.S.C. § 753(f); and
- Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,
/s/ Kimberly Jean Brown
Kimberly Jean Brown, JD.
Plaintiff, pro se
1026 E. 46th St, Unit 2E, Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com

**CERTIFICATE OF SERVICE**

I certify that on October 1, 2026, I submitted this document to the pro se electronic dropbox and it will be served via CM/ECF on all counsel of record once filed.

/s/ Kimberly Jean Brown

Plaintiff, pro se

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown,<br>Plaintiff | \| | Case No. 1:25-cv-12209 |
| | \| | Judge Martha M. Pacold, |
| v. | \| | Presiding |
| | \| | |
| CBS Broadcasting Inc., et al.,<br>Defendants. | \| | Magistrate Judge Heather K.<br>McShain |

**AMENDMENT TO PLAINTIFF'S MOTION FOR PACER ACCESS AND WAIVER OF TRANSCRIPT FEES**

NOW COMES Plaintiff, Kimberly Jean Brown, pro se, amending her motion, ECF No. 168. Plaintiff has successfully regained access to PACER. Plaintiff withdraws her motion for an order reactivating her PACER account.

Plaintiff maintains her motion for waiver of transcript fees in ECF No. 168.

Respectfully submitted,
/s/ Kimberly Jean Brown
Kimberly Jean Brown, JD.
Plaintiff, pro se
1026 E. 46th St, Unit 2E, Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com

**CERTIFICATE OF SERVICE**

I certify that on October 2, 2026, I filed this document on CM/ECF and it will be served on all counsel of record.

/s/ Kimberly Jean Brown
Plaintiff, pro se

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**SUPPLEMENTAL APPENDIX B — TAB 22**

**DOCKET NO. 176**
FILED: NOVEMBER 6, 2026 (ENTERED: NOVEMBER 8, 2026)

MEMORANDUM ORDER AND STATEMENT DENYING PLAINTIFF'S MOTION TO WAIVE TRANSCRIPT FEES UNDER 28 U.S.C. § 753(f)

HON. MARTHA M. PACOLD
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
CASE NO. 1:25-CV-12209

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY JEAN BROWN,<br>Plaintiff,<br>v.<br>CBS BROADCASTING INC., ET AL,<br>Defendants. | Case No. 25-cv-12209<br>Judge Martha M. Pacold |

## ORDER

For the reasons explained below, plaintiff Kimberly Jean Brown's motion for PACER access and waiver of transcript fees, [168], and amendment to plaintiff's motion for PACER access and waiver of transcript fees, [169], are denied. Plaintiff may order the transcripts but must pay the cost. The Clerk is directed to forward a copy of this order to the Seventh Circuit in connection with appellate case no. 26-3055.

## STATEMENT

Plaintiff's motions, [168], [169], address both PACER access and waiver of transcript fees.

As to PACER or CM/ECF access: Plaintiff originally requested an order restoring plaintiff's PACER / CM/ECF electronic access, [168], but then withdrew that request, stating that plaintiff had successfully regained access to PACER, [169]. Thus, any request for PACER or CM/ECF access has been withdrawn. In any event, any such request would not be properly presented in this case and must be addressed to the Executive Committee in Case No. 1:26-cv-01674, *In re: Kimberly J. Brown*.

As to waiver of transcript fees:

28 U.S.C. § 753(f) provides, as relevant: "Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is **not frivolous (but presents a substantial question)**." 28 U.S.C. § 753(f) (emphasis added). The court declines to make such a certification, as plaintiff's appeal is frivolous.

Plaintiff's docketing statement lists numerous issues that she is raising on appeal, but each of these arguments is frivolous; none articulates a nonfrivolous, colorable issue meriting review. [171] at 3-5.

As the court explained in denying plaintiff's postjudgment motion: Plaintiff "continues to frivolously argue she should have been allowed to attend court hearings telephonically or at least be given time to find counsel. [166]. The court has already rejected those arguments multiple times. *See, e.g.*, [136], [147], [152], [159], [161]. It even warned plaintiff that 'filing a further repetitive motion will lead to sanctions.' [152]. Instead of complying, plaintiff continued to ask for the same relief. [159]. Eventually, plaintiff's continued noncompliance led to dismissal, even though she had been given multiple chances to attend. [161]." [167].

Plaintiff's refusal to attend hearings in person, repeated frivolous filings, and failure to support her request for remote appearances with any evidence (other than mere assertions) required the court to devote considerable and inordinate time and attention to what should have been routine scheduling matters. *See, e.g.*, [136], [144], [147], [152], [159], [161]; *see also* [167]. Plaintiff's litigation conduct prevented the orderly and efficient disposition of this case, needlessly imposed costs on the numerous defendants in this case (both counseled and pro se), and unnecessarily drained judicial resources. *Cf. Channell v. Citicorp Nat. Servs., Inc.*, 89 F.3d 379, 386 (7th Cir. 1996); *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir. 1987).

Plaintiff's requests for waiver of transcript fees, [168], [169], are denied. Plaintiff may order the transcripts but must pay the cost. The Clerk is directed to forward a copy of this order to the Seventh Circuit in connection with appellate case no. 26-3055.

Dated: November 6, 2026 /s/ Martha M. Pacold

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**SUPPLEMENTAL APPENDIX B — TAB 23**

**DOCKET NO. 178**
FILED: NOVEMBER 9/10, 2026

PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING TRANSCRIPT FEE WAIVER [DKT. 176]
(WITH EXHIBIT A: APPELLANT'S SEVENTH CIRCUIT EMERGENCY MOTION FOR EXTENSION OF TIME / STAY / § 753(f) CERTIFICATION)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
CASE NO. 1:25-CV-12209

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

FILED
11/09/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

Case No: 1:25-CV-12209

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-12209 |
| | ) | |
| v. | ) | Judge Martha M. Pacold |
| | ) | |
| CBS BROADCASTING INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING TRANSCRIPT FEE WAIVER [DKT. 176]**

NOW COMES Plaintiff Kimberly Jean Brown, proceeding pro se, and respectfully moves this Court to reconsider its November 6, 2026 Order (Dkt. 176) denying Plaintiff's motion for transcripts at government expense under 28 U.S.C. § 753(f). In support of this Motion, Plaintiff states as follows:

## I. PROCEDURAL POSTURE

A) On October 2, 2026, Plaintiff moved for hearing transcripts at government expense (Dkt. 168/169) for the July 23, 2026, and August 6, 2026 proceedings in connection with Seventh Circuit Appeal No. 26-3055.

B) On November 6, 2026, the Court filed an Order (entered November 8, 2026) denying the motion (Dkt. 176). The Court declined to make the statutory certification under 28 U.S.C. § 753(f), concluding that Plaintiff's appeal is frivolous because the Court previously rejected Plaintiff's arguments regarding telephonic attendance and time to retain counsel, and dismissed the case for noncompliance and failure to appear in person.

C) Plaintiff respectfully submits this motion for reconsideration because the record establishes that Plaintiff's appeal presents substantial, non-frivolous constitutional and procedural questions under the Fifth Amendment's Due Process Clause and Federal Rule of Civil Procedure 41(b).

D) Plaintiff is contemporaneously filing into Appeal No. 26-3055, Appellant's Emergency Motion For Extension Of Time / Stay Pending Disposition Of District Court Motion For Reconsideration, Or In The Alternative, Motion For Certification And Transcripts At Government Expense Under 28 U.S.C. § 753(F). (Exhibit A).

**II. LEGAL STANDARD UNDER 28 U.S.C. § 753(f)**

Under 28 U.S.C. § 753(f), fees for transcripts furnished to persons permitted to appeal in forma pauperis shall be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

An appeal is not frivolous under § 753(f) if it presents a colorable, reasonably debatable legal or factual issue; it does not require a demonstration that the appellant will ultimately prevail on the merits. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Coppedge v. United States, 369 U.S. 438, 445 (1962).

**III. GROUNDS FOR RECONSIDERATION**

**A. The Core Dispositive Rulings Occurred in an Abbreviated 14-Day Window During Active Accommodation and Counsel Requests**

In declining to certify the appeal, the Court's November 6, 2026 Order cited a long sequence of orders ([136], [147], [152], [159], [161]) as evidence of "repeated frivolous filings" and continued defiance.

However, the docket reveals that this entire sequence took place in a compressed 14-day window between July 23, 2026 and August 6, 2026, during which Plaintiff was actively

endeavoring to solve an acute physical attendance barrier caused by severe agoraphobia and communication disability:

1) July 20, 2026 (Dkt. 135): Plaintiff moved to reschedule the initial status hearing while her formal accommodation request was pending with Court Services.

2) July 22, 2026 (Dkt. 136, 144): The Court denied a continuance and represented that Plaintiff's accommodations request had been resolved.

3) July 23, 2026 (Dkt. 147): The Court held the July 23rd status conference and noted Plaintiff joined by phone. The Court formally acknowledged an administrative breakdown: "it has come to the court's attention that while it resolved plaintiff's request for accommodations well in advance of yesterday's hearing, that information was not conveyed to plaintiff by the staff responsible for conveying that information. The court recognizes, and apologizes for, this miscommunication."

4) July 30, 2026 (Dkt. 151): Plaintiff promptly sought an alternative remedy—limited recruitment of counsel under 28 U.S.C. § 1915(e)(1) solely to appear in person, or remote access.

5) August 3, 2026 (Dkt. 152): The Court denied that motion, warned of cost sanctions and dismissal, and reasoned that Plaintiff was competent to litigate in person because she had successfully drafted written briefs.

6) August 4, 2026 (Dkt. 156/157): Rather than defying the Court, Plaintiff filed a sworn declaration and moved for a narrow 90-day stay so she could attempt to retain private counsel to appear in her stead.

7) August 5, 2026 (Dkt. 159): The Court denied the 90-day stay. Later, that same day, Plaintiff filed a 12-page response in opposition to a pending motion to dismiss (Dkt. 160).

8) August 6, 2026 (Dkt. 161/162): Exactly 14 days after the July 23 miscommunication order, the Court entered final judgment dismissing the case with prejudice and imposing $4,463 in appearance fees.

Whether compressing an escalating series of orders into a 14-day window—while a pro se litigant was actively seeking accommodations and time to retain counsel, and while contemporaneously filing substantive briefs—justifies the death penalty of dismissal under Rule 41(b) is a substantial, colorable appellate issue.

**B. Constitutional Due Process Prohibits Terminal and Monetary Sanctions for Missing a Single Hearing Under Good-Faith Disability Constraints**

Imposing the terminal sanction of dismissal with prejudice and assessing $4,463.00 in defense attorney appearance costs under Rule 41(b) for one single missed status conference violates fundamental principles of procedural due process.

Under Seventh Circuit law, dismissal with prejudice is a draconian sanction reserved strictly for a clear record of contumacious conduct or delay. Kasalo v. Harris & Harris, Ltd., 656 F.3d 557, 561 (7th Cir. 2011); Schilling v. Walworth Cnty. Park & Plan. Comm'n, 805 F.2d 272, 275 (7th Cir. 1986). An indigent litigant's good-faith physical inability to travel to the courthouse from her residence due to agoraphobia is not contumacious abandonment.

To impose punitive fee-shifting of thousands of dollars and dismiss an action with prejudice after one physical absence—while denying an interactive disability process and foreclosing even a brief 90-day stay to obtain retained counsel (see Potashnick v. Port City Constr. Co., 609 F.2d 1101, 1118 (5th Cir. 1980))—raises a substantial constitutional question under the Due Process Clause of the Fifth Amendment.

**C. Transcripts Are Required to Prove Plaintiff Actually Participated on July 23 and Rebut the Court's Factual Finding**

The Court’s terminating order [161] and postjudgment order [167] expressly stated that Plaintiff "**has now twice declined to attend an in-person hearing**" and had **"multiple chances to attend"**.

The July 23, 2026 transcript is indispensable to the appeal because it provides the verbatim proof that Plaintiff did not abandon or decline the hearing, but dialed into the telephonic bridge line and actively attempted to participate in good faith.

An appeal challenging a dismissal predicated on a clearly erroneous finding that the plaintiff "declined" to attend two hearings presents a substantial question. Denying the transcript deprives Plaintiff of the primary evidence necessary to demonstrate this factual error to the Seventh Circuit under Fed. R. App. P. 10.

**D. Lack of Notice and Due Process Regarding the August 6, 2026 Proceedings**

Because Plaintiff was physically unable to appear in person on August 6, 2026, and was previously admonished not to use the phone bridge line, Plaintiff was entirely excluded from the August 6 status conference. The Minute Entry [161] following the August 6 status conference specifically notes: **"Further reasons for dismissal were stated on the record."**

Without the August 6 transcript, Plaintiff has no record of what oral representations were made by the defense counsel present, what colloquy took place, or what findings the Court made from the bench. Due process guarantees an indigent appellant the right to inspect the verbatim record containing the "further reasons" that terminated her case.

**WHEREFORE,** Plaintiff Kimberly Jean Brown respectfully requests that this Court:

- Reconsider its November 6, 2026 Order (Dkt. 176);
- Certify that Appeal No. 26-3055 is not frivolous and presents substantial constitutional and procedural questions under 28 U.S.C. § 753(f);
- Direct that the transcripts of the July 23, 2026, and August 6, 2026 hearings be furnished at government expense; and
- Grant such further relief as this Court deems just and proper.

Dated: November 9, 2026

Respectfully submitted,

/s/ Kimberly Jean Brown
Kimberly Jean Brown, J.D.
Plaintiff, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
Phone: (773) 673-0324
Email: Kim@PrivacyGladiators.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2026, I submitted the foregoing **Plaintiff's Motion For Reconsideration Of Order Denying Transcript Fee Waiver [Dkt. 176]** to pro se electronic dropbox for the Clerk of Court for the Northern District of Illinois. I certify that all counsel of record for Defendants are registered CM/ECF users and that service will be accomplished electronically via the Court's CM/ECF system upon docketing.

/s/ Kimberly Jean Brown
Kimberly Jean Brown
Plaintiff, Pro Se

**APPENDIX**

**Exhibit A:** Appellant's Emergency Motion For Extension Of Time / Stay Pending Disposition Of District Court Motion For Reconsideration, Or In The Alternative, Motion For Certification And Transcripts At Government Expense Under 28 U.S.C. § 753(F)

Exhibit A

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN,<br>Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| v. | ) | (On Appeal from Northern District of Illinois, Eastern Division, Case No. 1:25-cv-12209, Hon. Martha M. Pacold, Presiding) |
| CBS BROADCASTING INC., et al.,<br>Defendants-Appellees. | ) | |

**APPELLANT'S EMERGENCY MOTION FOR EXTENSION OF TIME / STAY PENDING DISPOSITION OF DISTRICT COURT MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, MOTION FOR CERTIFICATION AND TRANSCRIPTS AT GOVERNMENT EXPENSE UNDER 28 U.S.C. § 753(f)**

NOW COMES Appellant Kimberly Jean Brown, proceeding pro se, and respectfully moves this Court for an extension of time (or a stay of appellate deadlines) to file the Transcript Information Sheet until fourteen (14) days following the District Court's ruling on Appellant's pending Motion for Reconsideration of the order denying transcript fees. In the alternative, pursuant to 28 U.S.C. § 753(f), Appellant respectfully petitions a Circuit Judge of this Court to certify that the appeal is not frivolous, presents substantial questions, and order that the transcripts of the July 23, 2026, and August 6, 2026 hearings be furnished at government expense. In support of this motion, Appellant states as follows:

## I. PROCEDURAL POSTURE & PENDING DISTRICT COURT MATTERS

**A. Procedural Posture:** Appellant is proceeding pro se and in forma pauperis on appeal from a final judgment of the Northern District of Illinois dismissing her action with prejudice under Fed. R. Civ. P. 41(b) and assessing monetary appearance sanctions.

**B. Current Transcript Deadline:** On October 20, 2026, this Court granted in part Appellant's motion for an extension of time, extending the deadline to file the Transcript Information Sheet to November 13, 2026 (Doc. 9).

**C. District Court Order [Dkt. 176]:** On November 6, 2026, District Judge Martha M. Pacold filed (entered November 8, 2026) an order denying Appellant's motion for transcripts at government expense under 28 U.S.C. § 753(f), concluding that the appeal is frivolous because the court had previously rejected Appellant's requests for remote appearances and time to retain counsel.

**D. Pending Motion for Reconsideration:** On November 9, 2026, Appellant timely submitted to the pro se electronic dropbox for the District Court ***Plaintiff's Motion For Reconsideration Of Order Denying Transcript Fee Waiver [Dkt. 176]***, establishing that the appeal raises substantial constitutional due process and Rule 41(b) issues. (Exhibit A). That motion remains pending before District Judge Pacold.

**II. GROUNDS FOR EXTENSION / STAY PENDING RECONSIDERATION**

Appellant cannot complete the Seventh Circuit Transcript Information Sheet (Form F) while the financial arrangements remain unsettled. Form F requires a certification that financial arrangements with the court reporter have been made, which depends entirely on whether transcript fees are waived at public expense.

Because this Court previously denied Appellant's motion for CM/ECF electronic filing privileges (Doc. 10), Appellant is forced to file by paper mail or hand delivery. Repeatedly filing successive paper motions for extensions every two weeks while awaiting the resolution of transcript motions imposes an unsustainable burden on an indigent litigant.

Good cause exists to stay appellate deadlines or extend the Transcript Information Sheet deadline until fourteen (14) days after the District Court rules on the pending motion for reconsideration.

## III. ALTERNATIVE REQUEST UNDER 28 U.S.C. § 753(f) DIRECTED TO A CIRCUIT JUDGE

In the alternative, should this Court determine not to await the District Court's reconsideration ruling, Appellant moves this Court and an individual Circuit Judge directly under 28 U.S.C. § 753(f) for certification and an order providing the transcripts at government expense.

A) **Statutory Authority:** 28 U.S.C. § 753(f) explicitly provides that fees for transcripts furnished to an indigent appellant shall be paid by the United States "if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)". Where a district judge declines to certify an appeal under § 753(f), a circuit judge has independent authority to issue the certification and order transcripts produced at public expense.

B) ***The Appeal Presents Substantial Questions and Is Not Frivolous:***

1) **Terminal Sanction in a Compressed 14-Day Window:** Between July 23, 2026, and August 6, 2026 *(a span of only 14 days)*, the District Court escalated warnings to a terminal dismissal with prejudice under Rule 41(b). During this precise 14-day period, Appellant was actively attempting to participate: she filed motions seeking accommodations for severe agoraphobia and communication impairments (Dkt. 135, 138), clarification regarding an administrative breakdown in conveying an accommodation ruling (Dkt. 145, 147), limited recruitment of counsel (Dkt. 151), a 90-day stay to retain private counsel (Dkt. 156). Moreover, Appellant was actively engaged in the case as demonstrated by her filing a substantive 12-page response brief opposing a motion to dismiss (Dkt. 160) the day before the imposition of the terminal sanction. Whether imposing the terminal sanction of dismissal under Rule 41(b) under these circumstances constitutes an abuse of discretion presents a substantial question.

2) **Sanctions for a Single Absence Violate Due Process:** Dismissal with prejudice and the assessment of $4,463 in defense appearance costs were imposed after Appellant was physically unable to appear at one single status conference (August 6, 2026). Imposing case-terminating and heavy financial sanctions against an indigent, pro se litigant acting in good faith without considering progressive sanctions (see Schilling v. Walworth Cnty. Park & Plan. Comm'n, 805 F.2d 272, 275 (7th Cir. 1986)) raises substantial constitutional questions under the Due Process Clause of the Fifth Amendment.

3) **Transcripts Are Essential to Resolve Disputed Factual Findings:**

   a) In terminating the case and denying postjudgment relief, the District Court found that Appellant had "twice declined" or refused to appear (Dkt. 161, 167). The official transcript of the July 23, 2026 hearing is indispensable because it will prove that Appellant did not decline the hearing, but dialed in and participated telephonically.

   b) Furthermore, because Appellant was physically absent on August 6, 2026, and prohibited from attending telephonically, the August 6 transcript is required to ascertain the "further reasons for dismissal ... stated on the record" (Dkt. 161). Without these transcripts, neither Appellant nor this Court can meaningfully review whether the District Court's factual predicates were clearly erroneous or an abuse of discretion.

**WHEREFORE,** Appellant Kimberly Jean Brown respectfully requests that this Court:

- GRANT this Motion and extend the deadline to file the Transcript Information Sheet (or stay appellate deadlines) until fourteen (14) days following the District Court's ruling on Appellant's pending Motion for Reconsideration; **OR, IN THE ALTERNATIVE,**

- CERTIFY pursuant to 28 U.S.C. § 753(f) that this appeal is not frivolous and presents substantial questions, and ORDER that the transcripts of the July 23, 2026, and August 6, 2026 proceedings be prepared and furnished at government expense;
- GRANT such further relief as this Court deems just and proper.

Dated: November 9, 2026

Respectfully submitted,

/s/ Kimberly Jean Brown
Kimberly Jean Brown, J.D.
Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
Phone: (773) 673-0324
Email: Kim@PrivacyGladiators.com

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**SUPPLEMENTAL APPENDIX B — TAB 24**

**APPELLATE DOCUMENT NO. 7**
FILED: OCTOBER 20, 2026

APPELLANT'S EMERGENCY MOTION FOR AN EXTENSION OF TIME TO FILE TRANSCRIPT INFORMATION SHEET

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT
APPELLATE CASE NO. 26-3055

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

Case 26-3055 Document 25 Filed: 10/20/2026 Pages: 46

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | Appellate Case No. 26-3055 |
| v. | ) | |
| | ) | |
| CBS BROADCASTING INC, et al, | ) | (on appeal from: |
| Defendants-Appellees. | ) | District Court Case No. 1:25-cv-12209) |

**APPELLANT'S EMERGENCY MOTION FOR AN EXTENSION OF TIME TO FILE TRANSCRIPT INFORMATION SHEET**

NOW COMES Appellant Kimberly Jean Brown, proceeding pro se, and hereby moves this Court, pursuant to Federal Rules of Appellate Procedure 10 and 26 and Seventh Circuit Rules, for an extension of time to file the Transcript Information Sheet, currently due on October 22, 2026. In support of this motion, Appellant states as follows:

1. On September 26, 2026, Appellant submitted an order for transcripts of July 23, 2026 and August 6, 2026 status hearings in District Court Case No. 25-cv-12209. *Exhibit A.* However, Plaintiff did not submit payment as she is proceeding in forma pauperis.
2. On October 2, 2026, Appellant filed a Motion to Waive Transcript Fees / Motion for Transcripts at Government Expense. *R.168/169.*

3. As of the date of this filing, the District Court has not yet issued a ruling on Appellant's pending motion for fee waiver.
4. Appellant cannot complete or submit the Transcript Information Sheet until the District Court resolves the fee waiver request, as the order will determine whether transcripts will be provided at public expense.
5. The transcript sheet deadline is currently set for October 22, 2026.
6. **Good cause exists for this request:** Appellant is awaiting a judicial determination in the underlying district court proceedings that directly impacts the ordering of and payment for the transcripts.
7. Appellant requests an extension of time to file the Transcript Information Sheet until fourteen (14) days after the District Court rules on the pending Motion to Waive Transcript Fees.
8. Opposing counsel has been provided notice of this motion.

WHEREFORE, Appellant respectfully requests that this Court grant this Emergency Motion for Extension of Time and extend the deadline to file the Transcript Information Sheet to fourteen (14) days following the District Court's ruling on Appellant's motion for fee waiver.

Respectfully submitted,
/s/ Kimberly Jean Brown
Kimberly Jean Brown, J.D.
Appellant, Pro Se

1026 E. 46th St, Unit 2E, Chicago, IL 60653
Kim@PrivacyGladiators.com
773) 673-0324
October 20, 2026

**CERTIFICATE OF SERVICE**

I certify that on October 20, 2026, I electronically submitted this *APPELLANT'S EMERGENCY MOTION FOR AN EXTENSION OF TIME TO FILE TRANSCRIPT INFORMATION SHEET* to the Clerk of the Court for the Seventh Circuit Court of Appeals (ca07_cmecf_support@ca7.uscourts.gov) which will submit the filing to CM/ECF. CM/ECF will send the docketed filing to all registered counsel of record.

/s/ Kimberly Jean Brown
Kimberly Jean Brown

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | Appellate Case No. 26-3055 |
| v. | ) | |
| | ) | |
| CBS BROADCASTING INC, et al, | ) | (on appeal from: |
| Defendants-Appellees. | ) | District Court Case No. 1:25-cv-12209) |

APPELLANT'S EMERGENCY MOTION FOR AN EXTENSION OF TIME TO FILE TRANSCRIPT INFORMATION SHEET

# EXHIBIT A

# Transcript Order Form Transmittal

Kimberly Jean Brown, J.D.
Appellant, Pro Se
1026 E. 46th St, Unit 2E, Chicago, IL 60653
Kim@PrivacyGladiators.com
773) 673-0324
October 20, 2026

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**SUPPLEMENTAL APPENDIX B — TAB 25**

**APPELLATE DOCUMENT NO. 8**
FILED: OCTOBER 20, 2026

APPELLANT'S MOTION FOR PERMISSION TO FILE ELECTRONICALLY AND CONSENT TO ELECTRONIC SERVICE

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT
APPELLATE CASE NO. 26-3055

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | Appellate Case No. 26-3055 |
| v. | ) | |
| | ) | |
| CBS BROADCASTING INC, et al, | ) | (on appeal from: |
| Defendants-Appellees. | ) | District Court Case No. 1:25-cv-12209) |

**APPELLANT'S MOTION FOR PERMISSION TO FILE ELECTRONICALLY AND CONSENT TO ELECTRONIC SERVICE**

Pursuant to Circuit Rule 25(c) and Federal Rule of Appellate Procedure 25(a)(2)(B), Appellant Kimberly Jean Brown, proceeding pro se, respectfully moves this Honorable Court for permission to register for and utilize the CM/ECF electronic filing system in this appeal, and states as follows:

1. Appellant is a non-practicing attorney acting pro se in the above-captioned appeal.

2. Pursuant to Seventh Circuit Rule 25(b), unrepresented litigants are not automatically enrolled in the CM/ECF system and must receive authorization by the Court.

3. Appellant requests authorization to file documents electronically in this case for the following good reasons:

a) Appellant has internet access and access to the necessary software (PDF generation and e-reader tools) to file documents and receive court orders electronically;

b) Allowing electronic filing will expedite Appellant's service and ensure timely court filings;

c) Allowing electronic filing will eliminate Appellant's courier and printing costs which are necessary when electronic filing is not permitted;

d) Appellant has reviewed the Seventh Circuit's electronic filing instructions, rules, and guidelines regarding NextGen CM/ECF electronic filing.

4. By filing this motion, Appellant consents to receive electronic service of all court orders, notices, and filings via the CM/ECF system in lieu of paper mail service.

5. Appellant has an active PACER account and a valid email address, Kim@PrivacyGladiators.com.

WHEREFORE, Appellant respectfully requests that the Court grant this Motion and authorize Appellant to register for CM/ECF electronic filing privileges for Appeal No. 26-3055.

Respectfully submitted,

/s/ Kimberly Jean Brown
Kimberly Jean Brown, J.D.
Appellant, Pro Se
1026 E. 46th St, Unit 2E, Chicago, IL 60653
Kim@PrivacyGladiators.com
773) 673-0324
October 20, 2026

**CERTIFICATE OF SERVICE**

I certify that on October 20, 2026, I electronically submitted this *APPELLANT'S MOTION FOR PERMISSION TO FILE ELECTRONICALLY AND CONSENT TO ELECTRONIC SERVICE* to the Clerk of the Court for the Seventh Circuit Court of Appeals (ca07_cmecf_support@ca7.uscourts.gov) which will submit the filing to CM/ECF. CM/ECF will send the docketed filing to all registered counsel of record.

/s/ Kimberly Jean Brown
Kimberly Jean Brown

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**SUPPLEMENTAL APPENDIX B — TAB 26**

**APPELLATE DOCUMENT NO. 9**
ENTERED: OCTOBER 20, 2026

ORDER GRANTING APPELLANT'S EMERGENCY MOTION FOR EXTENSION OF TIME TO FILE TRANSCRIPT INFORMATION SHEET TO NOVEMBER 13, 2026

BY THE COURT
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT
APPELLATE CASE NO. 26-3055

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

Case: 26-3055 Document: 2 Filed: 10/20/2026 Pages: 1

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## ORDER

October 20, 2026

*By the Court:*

| | |
|---|---|
| No. 26-3055 | KIMBERLY JEAN BROWN,<br>Plaintiff - Appellant<br><br>v.<br><br>CBS BROADCASTING, INCORPORATED, et al.,<br>Defendants - Appellees |

| **Originating Case Information:** |
|---|
| District Court No: 1:25-cv-12209<br>Northern District of Illinois, Eastern Division<br>District Judge Martha M. Pacold |

Upon consideration of the **APPELLANT'S EMERGENCY MOTION FOR AN EXTENSION TO FILE TRANSCRIPT INFORMATION SHEET**, filed on October 20, 2026, by the pro se appellant,

**IT IS ORDERED** that the motion is **GRANTED** to the extent that any transcript information sheet is due by November 13, 2026.

form name: **c7_Order_BTC** (form ID: **178**)

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**SUPPLEMENTAL APPENDIX B — TAB 27**

**APPELLATE DOCUMENT NO. 10**
ENTERED: OCTOBER 22, 2026

ORDER DENYING APPELLANT'S MOTION FOR PERMISSION TO FILE ELECTRONICALLY AND CONSENT TO ELECTRONIC SERVICE

HON. REBECCA TAIBLESON, CIRCUIT JUDGE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT
APPELLATE CASE NO. 26-3055

Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
November 10, 2026

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## ORDER

October 22, 2026

*Before*
REBECCA TAIBLESON, *Circuit Judge*

| | |
|---|---|
| No. 26-3055 | KIMBERLY JEAN BROWN,<br>Plaintiff - Appellant<br><br>v.<br><br>CBS BROADCASTING, INCORPORATED, et al.,<br>Defendants - Appellees |
| **Originating Case Information:** | |
| District Court No: 1:25-cv-12209<br>Northern District of Illinois, Eastern Division<br>District Judge Martha M. Pacold | |

Upon consideration of the **APPELLANT'S MOTION FOR PERMISSION TO FILE ELECTRONICALLY AND CONSENT TO ELECTRONIC SERVICE**, filed on October 20, 2026, by the pro se appellant,

**IT IS ORDERED** that the motion is **DENIED**.

form name: **c7_Order_3J** (form ID: **177**)

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appellate Case No. 26-3055 |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**CERTIFICATION PURSUANT TO CIRCUIT RULE 30(d)**

I, Kimberly Jean Brown, Plaintiff-Appellant pro se, hereby certify that this Supplemental Appendix B complies with Circuit Rules 30(a), 30(b), and 30(c), and all appendices combined contain all relevant docket entries, motions, declarations, and orders of the district court and this Court that are necessary to the consideration of the issues presented in this appeal.

Dated: November 10, 2026
/s/ Kimberly Jean Brown
Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on November 11, 2026, I submitted for filing the foregoing APPELLANT'S SUPPLEMENTAL APPENDIX B, VOLUME 1 OF 2 with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by emailing the original document to ca07_pro_se_filings@ca7.uscourts.gov.

I further certify that all counsel of record for Appellees are registered CM/ECF users and that service will be accomplished upon them by the Court's CM/ECF system pursuant to Fed. R. App. P. 25(c)(2) upon docketing by the Clerk. Additionally, counsel of record are copied on the email transmission of this submission to the Clerk.

/s/ Kimberly Jean Brown
Kimberly Jean Brown
Appellant, Pro Se