**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | **Appellate Case No. 26-3055** |
| | ) | |
| v. | ) | (On Appeal from Northern District of Illinois, |
| | ) | Eastern Division, Case No. 1:25-cv-12209, |
| CBS BROADCASTING INC., et al., | ) | Hon. Martha M. Pacold, Presiding) |
| | ) | |
| Defendants-Appellees. | ) | |

**APPELLANT'S NOTICE OF DISTRICT COURT DENIAL OF RECONSIDERATION AND RENEWED MOTION FOR CIRCUIT JUDGE CERTIFICATION AND TRANSCRIPTS AT GOVERNMENT EXPENSE UNDER 28 U.S.C. § 753(f) AND EXTENSION OF BRIEFING SCHEDULE**

NOW COMES Appellant Kimberly Jean Brown, proceeding pro se and in forma pauperis, and respectfully notifies this Court that the District Court has denied Appellant's Motion for Reconsideration of the order denying transcript fees [Dkt. 176]. Appellant renews her motion pursuant to 28 U.S.C. § 753(f) for a Circuit Judge to certify that this appeal is not frivolous, order the August 6, 2026 and July 23, 2026 hearing transcripts furnished at government expense, and extend the briefing schedule accordingly. Pursuant to Fed. R. App. P. 27(a)(2)(C)(i), all factual grounds and legal authorities are set forth herein.

## I. PROCEDURAL POSTURE & FACTUAL GROUNDS

**A. Seventh Circuit November 16, 2026 Order (Doc. 28):** On November 16, 2026, this Court noted that Appellant's District Court motion for reconsideration remained pending, set a November 30, 2026 deadline for the Transcript Information Sheet, and set a

December 16, 2026 deadline for Appellant's Opening Brief and Required Short Appendix (Doc. 28, *Exhibit A*). The Court deferred ruling on Appellant's alternative request for transcript certification under 28 U.S.C. § 753(f).

**B. District Court Denial of Reconsideration:** Following entry of Doc. 28, District Judge Martha M. Pacold entered an Order [Dkt. 179] (*Exhibit C*) denying Appellant's Motion for Reconsideration [Dkt. 178] (*Exhibit B*). Consequently, the District Court has now conclusively refused to certify this appeal or authorize transcripts at government expense under 28 U.S.C. § 753(f).

**C. Exclusion of Appellant From August 6, 2026 Dismissal Conference & Undisclosed Oral Rationale (Dkt. 161):** Appellant suffers from severe agoraphobia and mobility limitations preventing physical travel to the courthouse, and she repeatedly requested remote/telephonic access to the August 6, 2026 status conference. However, the District Court prohibited Appellant from attending the August 6, 2026 conference remotely. That was the only status conference Appellant missed, and it was solely because Appellant could not physically attend.

On August 6, 2026, the District Court conducted the status conference and dismissed Appellant's entire action with prejudice pursuant to Fed. R. Civ. P. 41(b), while also imposing $4,463.00 in appearance sanctions. Crucially, the District Court's written Minute Entry dismissing the case with prejudice [Dkt. 161] did not articulate complete written findings for the dismissal, stating instead: "Further reasons for dismissal were stated on the record." However, Appellant cannot inspect those stated reasons without access to the District Court's transcripts.

**D. July 23, 2026 Status Conference & Staff Accommodation Error (Dkt. 147):** The District Court also denied a free transcript of the July 23, 2026 status conference—the conference at which Appellant appeared telephonically (rebutting the District Court's erroneous assertion in Dkt. 161 and Dkt. 167 that Appellant "twice declined" to attend hearings) and after which the District Court apologized on the record for a staff miscommunication regarding Appellant's disability accommodation (Dkt. 147).

**E. Statement Regarding Conferral (Fed. R. App. P. 27(a)):** Given the imminent November 30, 2026 and December 16, 2026 deadlines (Doc. 28) and the presence of multiple appellees, Appellant was unable to poll all counsel prior to filing. At least one Appellee counsel has indicated opposition to this motion, but has indicated that he does not intend to file a response to the motion. All counsel of record will be served contemporaneously via the Court's CM/ECF system upon docketing.

## II. LEGAL AUTHORITIES & ARGUMENT

**A. Independent Authority of a Circuit Judge Under 28 U.S.C. § 753(f):** Under 28 U.S.C. § 753(f), fees for transcripts furnished in civil proceedings to persons permitted to appeal in forma pauperis shall be paid by the United States if "the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." Because Judge Pacold has now denied both Appellant's initial motion [Dkt. 176] and her motion for reconsideration [Dkt. 178], statutory authority vests directly in a Circuit Judge of this Court to issue the § 753(f) certification.

**B. Under Griffin, Mayer, and M.L.B., a trial court cannot dismiss an action based on unrecorded oral reasons from an ex parte hearing and deny the transcript:**

The Due Process and Equal Protection Clauses of the Fifth Amendment prohibit conditioning meaningful appellate review on transcript fees that an in forma pauperis litigant cannot afford. Griffin v. Illinois, 351 U.S. 12, 18–20 (1956); Mayer v. City of Chicago, 404 U.S. 189, 194–95 (1971) (holding that an indigent appellant must be afforded a "record of sufficient completeness" to permit proper appellate review); M.L.B. v. S.L.J., 519 U.S. 102, 110–13 (1996). Here, the District Court barred Appellant from attending the August 6, 2026 conference remotely, held the proceeding with only defense counsel present, expressly relied on "[f]urther reasons for dismissal ... stated on the record" (Dkt. 161) rather than enumerating the reasons in the order, and then refused to provide the transcript under 28 U.S.C. § 753(f). Without the August 6, 2026 transcript, neither Appellant nor this Court can inspect what representations were made ex parte or what substantive findings supposedly justified a terminal Rule 41(b) dismissal without bad faith or contumacious conduct on the part of the litigant. Combined with the July 23, 2026 transcript—which establishes Appellant's telephonic participation (Dkt. 147)—this appeal clearly presents substantial, non-frivolous constitutional and procedural questions regarding Fifth Amendment Due Process, progressive sanctions under Kasalo v. Harris & Harris, Ltd., 656 F.3d 557 (7th Cir. 2011), and inherent-authority fee shifting under Roadway Express, Inc. v. Piper, 447 U.S. 752, 765–67 (1980).

**C. Necessary Adjustment of the Briefing Schedule:** Setting Appellant's Opening Brief due date only 16 days after the November 30, 2026 Transcript Information Sheet deadline (December 16, 2026) leaves insufficient time for the court reporter to transcribe and file the August 6, 2026 and July 23, 2026 proceedings and for Appellant

to address the District Court's on-the-record dismissal rationale. Appellant requests that the briefing schedule be reset so that her Opening Brief and Required Short Appendix are due twenty-one (21) days after the completed transcripts are filed on the docket.

**III. RELIEF REQUESTED**

WHEREFORE, Appellant Kimberly Jean Brown respectfully requests that this Court enter an Order:

- Certifying pursuant to 28 U.S.C. § 753(f) that Appeal No. 26-3055 is not frivolous and presents substantial questions, and ordering that the transcripts of the August 6, 2026 and July 23, 2026 proceedings be furnished at government expense; and
- Extending the due date for Appellant's Opening Brief and Required Short Appendix to twenty-one (21) days following the filing of the completed transcripts on the docket (or, if certification is denied, twenty-one (21) days following the Court's ruling on this Motion).

Dated: November 19, 2026

Respectfully submitted,

/s/ Kimberly Jean Brown
Kimberly Jean Brown, J.D.
Plaintiff-Appellant, Pro Se
1026 E. 46th St., Unit 2E, Chicago, IL 60653
Phone: (773) 673-0324
Kim@PrivacyGladiators.com

**CERTIFICATE OF SERVICE**

I certify that on November 19, 2026, I electronically filed the foregoing Notice and Renewed Motion with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit using the CM/ECF system, service will be accomplished by the appellate CM/ECF system on all counsel of record pursuant to Fed. R. App. P. 25(c)(2).

/s/ Kimberly Jean Brown
Kimberly Jean Brown
Appellant, Pro Se

**APPENDIX**

Exhibit A: Seventh Circuit November 16, 2026 Order, Appellate Doc. 28
Exhibit B: Motion in District Court for Reconsideration [Dkt. 178]
Exhibit C: District Court Order Denying Motion for Reconsideration [Dkt. 179]